David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone:  (646) 509-3913
Facsimile:   (877) 501-3346

Attorneys for Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger, individually, and on behalf of a class of similarly situated individuals

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,**<br><br>**Defendants.** | Case No.  5:18-cv-06868-NC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS BUMBLE TRADING, INC. AND BUMBLE HOLDING LTD'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Date:**  June 5, 2019<br>**Time:**  1:00 p.m.<br>**Courtroom:**  5<br>**Judge:**  Nathanael Cousins<br>**Trial Set:**  Not Yet<br>**Complaint Filed:** November 13, 2018 |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

    A.   The Incorporation-By-Reference Doctrine Does Not Apply to The Apple Screenshots and the Apple Confirmation Email ......................................................... 2

    B.   The Court Should Decline to Take Judicial Notice of the Apple Screenshots and the Apple Confirmation Email Because They Are Subject to Reasonable Dispute .................................................................................................................... 6

III. CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brownmark Films, LLC v. Comedy Partners*,
   682 F.3d 687 (7th Cir. 2012) ................................................................................................. 5

*Cohen v. Facebook, Inc.*,
   798 F.Supp.2d 1090 (N.D. Cal. 2011) ..................................................................................... 4

*In re Easysaver Rewards Litig.*,
   737 F. Supp. 2d 1159 (S.D. Cal. 2010) ................................................................................... 4

*Fraley v. Facebook, Inc.*,
   830 F. Supp. 2d 785 (N.D. Cal. 2011) ..................................................................................... 4

*Garcia v. Enter. Holdings, Inc.*,
   78 F. Supp. 3d 1125, 1136–37 (N.D. Cal. 2015) .................................................................... 4

*Goodman v. HTC Am., Inc.*,
   No. C11-1793MJP, 2012 WL 2412070 (W.D. Wash. June 26, 2012) ................................ 3, 4

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ........................................................................................ *passim*

*Price v. Synapse Grp., Inc.*,
   No. 16-CV-01524-BAS-BLM, 2017 WL 3131700 (S.D. Cal. July 24, 2017) ........................ 5

*Zaragoza v. Apple Inc.*,
   No. 18-CV-06139-PJH, 2019 WL 1171161 (N.D. Cal. Mar. 13, 2019) ................................. 5

**Statutes**

Cal. Bus. & Prof. Code § 17602 ................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................................ 5

Fed. R. Civ. P. 9 ............................................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1

Fed. R. Civ. P. 12(d) ..................................................................................................................... 1

Fed. R. Civ. P. 56 .......................................................................................................................... 1

Fed. R. Evid. 201 ........................................................................................................................ 1, 6

Fed. R. Evid. 201(b) ......................................................................................................................... 6

Fed. R. Evid. 201(b)(1)–(2) ............................................................................................................. 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs oppose Defendants' request that this Court take judicial notice of screenshots of disclosures provided by Apple when purchasing Bumble that Defendants' counsel obtained when he signed up for Bumble Boost. These screenshots, intended to counter Plaintiff King's allegations, were never seen by Mr. King for the simple reason that he did not conduct his transaction through a third party like Apple; he purchased Bumble Boost directly from Bumble by providing his debit card information directly to Bumble. It is improper for Defendants to use screenshots of a purchase from a third party that has nothing to do with Mr. King's transaction with Bumble, not to mention on a later date, to try to defeat Plaintiff's allegations in the complaint.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Then, both parties must have the opportunity "to present all the material that is pertinent to the motion." *Id.* However, there are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Id.*

The Ninth Circuit has recently advised district courts to err on the side of caution in considering extrinsic documents at the pleading stage:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

*Khoja*, 899 F.3d at 998.

Here, Bumble invites this Court to consider six extrinsic documents that are immaterial to any of Plaintiffs' claims and improperly present factual disputes. None of the exceptions to the rule against considering material outside the pleadings apply here, and thus, the Court should not

consider Exhibits A through F attached to the Declaration of Max A. Bernstein in support of Bumble's motion to dismiss.

## II. ARGUMENT

### A. The Incorporation-By-Reference Doctrine Does Not Apply to The Apple Screenshots and the Apple Confirmation Email

The "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The Ninth Circuit has acknowledged that the doctrine "is not always easy to apply" and that a "difficult question is whether a document can ever form the basis of the plaintiff's claim if the complaint does not mention the document at all." *Id*. (internal citations and quotations omitted). The Ninth Circuit observed "there are those rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage." *Id.* Such a "rare instance" is when "the claim necessarily depend[s]" on the extrinsic documents. *Id.* "However, if the document merely creates a *defense* to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* (emphasis added).

Here, Bumble is using the doctrine to insert its own version of events into the complaint, contrary to Mr. King's allegations, in an improper attempt to defeat Plaintiff King's cognizable claims. Bumble argues that Exhibits A through F are incorporated by reference in the complaint. Exhibits A, B, C, E, and F are screenshots taken by Bumble's counsel which purport to capture what would have been the various stages of Mr. King's purchase of a Bumble Boost subscription through the Apple App store using the Bumble mobile application for iPhone (the "Apple Screenshots"). Exhibit D is a confirmation email Bumble's counsel received from Apple upon completion of counsel's purchase (the "Apple Confirmation Email"). These documents are not, as a matter of law, incorporated by reference for the following three reasons.

*First*, the Second Amended Complaint ("SAC") does not mention these documents, nor do Plaintiffs' claims rely on them—implicitly nor explicitly. Mr. King, who is the only plaintiff asserting claims premised on a violation of the California Automatic Renewal Law ("ARL"),

alleges he purchased Bumble Boost on his Bumble App directly from Bumble by "provid[ing] his debit card information directly to Bumble"—not through a third party like Apple. *See* SAC, ¶¶ 56-57. He also alleges that "Bumble automatically renewed the one-week subscription and continued to charge Plaintiff King's debit card $8.99 on a recurring, weekly basis five additional times." SAC, ¶¶ 63. In contrast, Bumble's counsel made his purchase through the Apple App Store and was charged through counsel's "iTunes account." *See* Bernstein Decl, Exh. A.

Bumble cannot insert its own version of events into the complaint by pointing to disclosures through a mechanism that has no application to Plaintiff King. *See Khoja*, 899 F.3d at 1002. Moreover, Mr. King alleges that after his purchase, he received an acknowledgement email directly from Bumble – not Apple. Mr. King quoted the content of that email and attached a true and accurate copy to the SAC. SAC, ¶¶ 61-62; Exh. B to SAC. He also alleged that he did not receive any other acknowledgement emails. SAC, ¶ 62. Simply put, Mr. King's claims do not depend on the Apple Screenshots and the Apple Email because he did not make his purchase through Apple. Therefore, as a matter of law, these documents cannot be incorporated by reference in the complaint.[1] *See Khoja*, 899 F.3d at 1002.

*Second*, the Court should not consider the Apple Screenshots and Apple Confirmation Email at the pleading stage because they are subject to reasonable dispute and have no relevance to Mr. King's claims. The documents capture mechanisms and content in place months after Mr. King's purchase and after this action was commenced. For example, the Apple Screenshots were taken on November 15, 2018 and on April 5, 2019, and the Apple Email was received on April 5, 2019; however, Mr. King purchased Bumble Boost on September 6, 2018. SAC, ¶ 56. Bumble's counsel

---

[1] Bumble asserts that Plaintiffs' claims rely on the Apple Screenshots and Apple Confirmation because their claims are based on Bumble's failure to disclose the auto-renewal terms and cancellation policy. Dkt. 45 at 6. But even assuming Mr. King had an iPhone (he does not) and purchased through the Apple App store (he did not), the argument would fail because his claims are based on fraudulent omissions, not misrepresentations. *See* Opposition to Motion to Dismiss, at Section V. B.; *see also, Goodman v. HTC Am., Inc.*, No. C11-1793MJP, 2012 WL 2412070, at *4 (W.D. Wash. June 26, 2012) ("while Plaintiffs assert that Defendants provided inadequate disclosures about the privacy and security defects of the phones . . . it is overstatement to suggest that Plaintiffs' claims rely on the contents of the HTC legal terms, the AccuWeather privacy statement, or any other particular document. Plaintiffs do not allege misrepresentation in any specific document; they base their claim on a broader material omissions. . . . Because the documents are in controversy and because they are not necessarily relied upon by the complaint, they are not admissible at this time.") (internal quotations omitted).

does not claim (and lacks personal knowledge of whether) the screens, buttons, and email presented were even operative *at the time of Mr. King's purchase.* Without discovery, we simply cannot know whether the contents and/or mechanisms for Apple's subscription process and Apple's confirmation email were standardized and operative when Plaintiff King made his purchase.

Although Bumble is correct that courts consider extrinsic copies of webpages on a motion to dismiss, courts routinely decline to do so when the parties dispute whether the version of the webpage or screenshots supplied by the defendant was in fact displayed to plaintiff or otherwise operative at the relevant time. *See e.g., Goodman v. HTC Am., Inc.,* No. C11-1793MJP, 2012 WL 2412070, at *4 (W.D. Wash. June 26, 2012) ("Judicial notice is not appropriate here, because the accuracy and the nature of the six documents filed by [d]efendant HTC America are not beyond reasonable controversy. Judges have traditionally erred on the side of caution in taking judicial notice of adjudicative facts . . . . Even if authenticity is assumed, it is not clear that Plaintiffs ever accessed or read these documents. Further, it is not obvious that these contracts were operative at the time Plaintiffs bought and used their phones . . . . For these reasons, these documents are not appropriate subjects for judicial notice."); *Fraley v. Facebook, Inc*., 830 F. Supp. 2d 785, 795 (N.D. Cal. 2011) ("First, Exhibits B through F were all accessed on July 1, 2011. It is thus unclear whether the particular web pages Defendant submits were even in existence at the time Facebook first launched the Sponsored Stories feature or at the time Plaintiffs took the actions that rendered them subject to Sponsored Stories"); *Cohen v. Facebook, Inc*., 798 F.Supp.2d 1090, 1094–95 (N.D. Cal. 2011) (rejecting Facebook's request to take judicial notice of various Terms of Use documents because "substantial questions . . . remain in this instance as to when various versions of the documents may have appeared on the website and the extent to which they necessarily bound all plaintiffs."); *In re Easysaver Rewards Litig.,* 737 F. Supp. 2d 1159, 1169 (S.D. Cal. 2010) (refusing to grant judicial notice of internet screenshots because plaintiffs challenged the authenticity of the screenshots as the content of the webpages could have changed over time).[2]

*Third*, the California ARL requires *Bumble,* as the seller who made the automatic renewal

---

[2] *Garcia v. Enter. Holdings, Inc.,* 78 F. Supp. 3d 1125, 1136–37 (N.D. Cal. 2015), cited by Bumble, is unavailing because plaintiffs in that case did not dispute the accuracy or authenticity of the copies of the company's privacy policy or terms of service and their claims depended on those documents. *Id*. at 1136-37.

offer to Mr. King, and the business which charged his debit card, to make the required disclosures in a clear and conspicuous manner, to obtain affirmative consent to the auto-renewal terms, and to provide an acknowledgment email with the auto-renewal terms, cancellation policy and mechanism and other information. *See* Cal. Bus. & Prof. Code § 17602 ("It shall be unlawful for any business that makes an automatic renewal offer or continuous service offer to a consumer in this state to . . . [c]harge the consumer's credit or debit card . . . for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent . . . ."). Bumble never provided such notice. That *Apple* may have, at some point during the class period, provided some disclosures and purportedly obtained affirmative consent to charge a consumer's iTunes account, would, at best, be a potential defense to the claims of absent class members. Because the Apple Screenshots and Apple Confirmation Email merely create a potential *defense*, these documents cannot, as a matter of law, form the basis of the complaint:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Khoja,* 899 F.3d at 1003; *see also, Zaragoza v. Apple Inc.,* No. 18-CV-06139-PJH, 2019 WL 1171161, at *10 (N.D. Cal. Mar. 13, 2019) ("Although some of Apple's *defenses* rely on the contract, none of plaintiffs' claims relies at all on its existence.") (emphasis added).[3] Plaintiffs' opposition to the motion to dismiss explains how Plaintiff's King's well-pleaded allegations satisfy Rule 8, and how his claims sounding in fraud satisfy Rule 9(b)'s heightened standards; Bumble should not be permitted to use the incorporation doctrine as a tool to short-circuit the resolution of his well-pleaded claims.

---

[3] Accordingly, "[d]efendants cannot defeat a claim by referencing an affirmative defense not clearly established by the complaint, and on which Defendants bear the burden to demonstrate." *Price v. Synapse Grp., Inc.,* No. 16-CV-01524-BAS-BLM, 2017 WL 3131700, at *7 (S.D. Cal. July 24, 2017) (*citing See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[A] plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid.").

### B. The Court Should Decline to Take Judicial Notice of the Apple Screenshots and the Apple Confirmation Email Because They Are Subject to Reasonable Dispute

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute . . . ." Fed. R. Evid. 201(b). Bumble is essentially asking the Court to take judicial notice of facts that are subject to reasonable dispute, *i.e.*, (1) whether Apple's disclosures and mechanisms for purportedly obtaining consent to the auto-renewal terms were displayed to Mr. King (they were not) and operative at the time of his purchase (this is unknown); and (2) whether a consumer who purchases directly from Bumble, provides his or her debit card information directly to Bumble is ever presented with disclosures and other consent mechanisms from a third party, such as Apple (they are not).

For the many reasons discussed above, these facts are subject to reasonable dispute as they are neither generally known nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(1)–(2) (A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Thus, the Court cannot take judicial notice of the Apple Screenshots and Apple Confirmation Email, nor can it take judicial notice of the disputed fact that the content and mechanisms contained in those documents were ever displayed to Mr. King. *See Khoja*, 899 F.3d at 999 ("a court cannot take judicial notice of disputed facts contained in such public records" and "must also consider—and identify—which fact or facts it is noticing).

## III. CONCLUSION

For these reasons, Plaintiffs' request that the Court decline Bumble's request to consider Exhibits A through F inclusive, attached to the Declaration of Max A. Bernstein, at the pleading stage.

Dated: May 9, 2019                                  Respectfully submitted,


By:   /s/David C. Parisi
        David C. Parisi

David C. Parisi (SBN 162248)
dparisi@parisihavens.com

Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
Santa Monica, CA  90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone:  (646) 509-3913
Facsimile:   (877) 501-3346

*Attorneys for Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger, individually and on behalf of a class of similarly situated individuals*