David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (646) 509-3913
Facsimile: (877) 501-3346

Attorneys for Plaintiffs Nick King, Jr.,
Deena Fischer, and Elena Weinberger,
individually, and on behalf of a class of
similarly situated individuals

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No. **5:18-cv-06868-NC**<br><br>**DECLARATION OF DAVID C. PARISI IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>**Date:** **July 15, 2020**<br>**Time:** **1:00 p.m.**<br>**Courtroom:** **5**<br>**Judge:** **Nathanael Cousins**<br>**Trial Set:** **Not Yet**<br>**Complaint Filed:** November 13, 2018 |

1

I, David C. Parisi, declare as follows:

1.      I am a partner in the law firm Parisi & Havens LLP and, along with my partner, am responsible for the handling of this litigation at my firm.  I am counsel of record for Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger.  I am a member of the Bar of the State of California and licensed to practice before this Court.  I make this declaration based upon my own personal knowledge.  If called to testify, I could and would testify to the facts contained herein.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement between the Parties in this action.  Exhibit 1 includes the following Exhibits:

**A.**      Email Notice to persons in both the ARL Settlement Class and the DSL Settlement Class;

**B.**      Postcard Notice to persons in both the ARL Settlement Class and the DSL Settlement Class;

**C.**      Email Notice to persons only in the DSL Settlement Class;

**D.**      Postcard Notice to persons only in the DSL Settlement Class;

**E.**      Long Form Website Notice;

**F.**      [Proposed] Final Approval Order;

**G.**      Combined Claim Form for persons in both the ARL Settlement Class and the DSL Settlement Class;

**H.**      Claim form for persons only in the DSL Settlement Class;

**I.**      [Proposed] Judgment;

**J.**      [Proposed] Preliminary Approval Order; and

**K.**      Opt-Out Form.

3.      During the course of the litigation, Bumble challenged Plaintiffs' claims on all fronts and Plaintiffs aggressively pursued discovery from Bumble related to jurisdiction, class certification, and merits.  To that end, Plaintiffs sought and succeed in obtaining an order lifting the stay on discovery at the pleading stage.  Overall, Plaintiffs' counsel served, and Bumble responded to 73 document requests, 14 interrogatories, and 14 requests for admissions.  Plaintiffs also sought third party discovery and subpoenaed Apple and Google for relevant class data and policies relating

2

to Bumble.  Discovery issues were highly contested and resulted in telephonic meet and confers over the course of the litigation, an order setting discovery limits, the filing of two discovery briefs with the Court, and the preparation and negotiation of several others.  Further, Plaintiffs deposed Bumble's current Chief of Staff and former Chief Operations Officer for Bumble Trading, Inc.  We also worked with our clients and Plaintiffs responded to Bumble's document discovery requests.

4.     Overall, these diligent discovery efforts paid off and put Plaintiffs and counsel in the position to fully evaluate the merits of the case and Bumble's potential defenses.  The formal and informal discovery also gave Plaintiffs a comprehensive and thorough understanding of Bumble's in-app subscription and purchase flows, auto-renewal and refund policies and procedures, internal complaint processes related to refunds, as well determine the size of the proposed classes (approximately ███████ persons in the DSL Settlement Class and ███████ in the ARL Settlement Class, respectively), when Bumble Boost was launched (August 2016), and information necessary to ascertain the Settlement Class Members.

**THE SETTLEMENT NEGOTIATIONS WERE NON-COLLUSIVE**

5.     The settlement negotiations were conducted at arm's length and in good faith. The proposed settlement was secured only after substantial litigation which continued up until the day an agreement was reached.  On April 2, 2020, the Parties participated in a mediation before the Hon. Edward Infante, Ret.  The Parties prepared detailed mediation briefs outlining their positions on the strengths and weaknesses of the case.  The Parties went into the mediation with substantial differences in opinion regarding the appropriate terms of settlement and, accordingly, despite Judge Infante's best efforts, did not resolve the lawsuit during the initial mediation session.  Further, even though the Parties were continuing, with Judge Infante's assistance, to explore a resolution, Plaintiffs pushed the litigation forward as they had a deadline to file a motion for class certification.  Indeed, I and my co-counsel operated on dual tracks – one focused on exploring the possibility of settlement and the other centered on fighting through numerous on-going discovery disputes and nailing down the last pieces of evidence necessary for class certification, including the planned deposition of Bumble's Rule 30(b)(6) designee(s).  Plaintiffs provided supplemental briefing to Judge Infante on the more divisive issues in mediation.  Ultimately, on April 23, when negotiations between the Parties stalled out, Judge Infante made a six-point mediator's recommendation to settle

this action on a class-wide basis, which proposal included a total contribution from Bumble of $22.5 million.  All Parties accepted the proposal, in a double-blind process, on April 24, 2020.  Since that date, the Parties have negotiated the fine points of the Settlement Agreement language and the notice plan.

**THE SETTLEMENT IS FAIR, REASONABLE, AND AN EXCELLENT RESULT FOR THE CLASSES**

6.      I believe that the settlement achieved here is fair and reasonable.  While I am fully confident in the merit of Plaintiffs' claims, I nonetheless acknowledge the significant risks in continuing to litigate which had to be carefully evaluated in determining what course (*i.e.*, whether to settle and on what terms, or to continue to litigate through class certification and a trial on the merits) was in the best interests of the Settlement Class Members.  For example, Bumble never wavered in its assertion that the purported class action waiver in its Terms & Conditions is enforceable against Settlement Class Members.  Nor did Bumble ever concede that Plaintiffs' claims were otherwise appropriate for class treatment.  Moreover, Bumble signaled it would likely renew its request to certify the question of personal jurisdiction over absent out-of-state class members to the Ninth Circuit should the DSL class be certified in litigation.  Had Bumble prevailed on any of these arguments in litigation, the result would have been catastrophic for the classes.

7.      Additionally, the Settlement secures an excellent result for the Settlement Class Members.  Based upon the  Settlement Administrators projected claims rate, and depending on the amount of fees, expenses and awards that may be approved by the Court, members of the DSL Settlement Class who submit a valid, timely claim will receive approximately $21 to $44.  Further, Bumble's potential liability for the DSL Settlement Class, based on statutory damages of $50 per subscriber ██████████████████████████████████████████████████████ ████████████████████████████████████████████ We searched for other comparable settlements and were only able to locate a single class settlement which alleged violations of the notice provisions of a state dating service law.  In that case, *Hansen v. Tinder Inc*., 15-CVP-0155 (Sup. Court, San Luis Obispo) (April 11, 2018), plaintiffs alleged that the Tinder dating app failed to notify consumers of their right to cancel.  The case was eventually settled on a class-wide basis but only achieved relief for the classes by way of coupons: either one free month of Tinder or a one-time allotment of "Super Likes."  Here, all members of the DSL Settlement Class will receive

1  substantial monetary relief in addition to the benefits of the negotiated injunctive relief.

2      8.      The Settlement is likewise an excellent result for members of the ARL Settlement

3  Class.  Under the proposed Settlement, members of the ARL Settlement Class who make valid

4  claims are estimated to recover, on average, between $43 to $85 per claim, not including any award

5  they may receive from the DSL portion of the Settlement. The average amount of auto-renewal fees

6  charged per ARL Settlement Class member ███████   These estimated recovery amounts are

7  approximately ███████ of all renewal fees charged per claiming ARL Settlement Class member

8  during the Settlement Period.  This range compares favorably to other ARL settlements that counsel

9  has found where the class recovery ranged between 1.8% and 50% of the amount paid in renewals.

10  Thus, after we carefully evaluated the merits of this case and considered the advantages and

11  disadvantages of continued litigation, Plaintiffs and counsel concluded that the benefits of the

12  settlement to the class weigh in favor of approval.

**EXPERIENCE OF COUNSEL WARRANTS APPOINTMENT AS CLASS COUNSEL**

13      9.      The principals of Parisi & Havens LLP are Suzanne Havens Beckman and I.  I

14  graduated with a law degree from Boston University School of Law and have been practicing law

15  since passing the California State Bar in 1992. My law partner, Ms. Havens Beckman, obtained her

16  law degree from the University of Southern California and was admitted to the California State Bar

17  in 1997. I am admitted to practice law in the States of California and Washington, and before the

18  United States District Courts for the Northern, Central, Eastern and Southern Districts of California,

19  as well as other federal district courts. Together, my partner and I have successfully litigated

20  numerous complex class actions on behalf of plaintiffs. Over the past seventeen or more years of

21  practice, well over ninety-five percent of my firm's work has been devoted to representing

22  consumers in class actions. A copy of my firm's resume is attached as **Exhibit 2**.

23      10.      My firm and I have been appointed lead or co-lead counsel in numerous state and

24  federal class actions.  Clients generally find our firm through other attorneys who know our

25  reputation of obtaining good results for our clients in complex consumer class actions and having a

26  large breadth of knowledge when it comes to the procedural intricacies of class actions.  As my

27  resume indicates, we have litigated numerous complex class actions in both trial court as well as

28  appellate courts.  In addition to the cases identified on the firm resume, my office has been involved

in a significant number of consumer actions which are based on alleged statutory violations such as those that form the basis of the claims here.

11.     While my partner and I have extensive experience in litigation and settlement of consumer class actions, we have never before filed suit alleging violations of the New York Dating Services Law nor the California Automatic Renewal Law and thus, do not have a direct comparison to the distribution of settlement funds proposed here.  To the extent Guidance 11 in the Northern District of California's Procedural Guidance for Class Action Settlements applies, my firm, with Parasmo Lieberman Law, was recently appointed class counsel in another consumer class action based on statutory violations entitled *Slovin v. Sunrun, et al*, Case No. 4:15-cv-05340-YGR.  The *Slovin* action alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq,* and was granted final approval, and judgment was entered by, the Hon. Yvonne Gonzalez Rogers on July 19, 2019.  The summary of post-distribution accounting from the *Slovin* action, which summarizes the information sought by Guidance 11, is attached hereto as **Exhibit 3**.

**SELECTION OF THE CLAIMS ADMINISTRATOR**

12.     As indicated in the Declaration of Jennifer Keough, which is filed concurrently, the proposed settlement administrator, JND Legal Administration ("JND"), is highly experienced and has administrated thousands of settlements.  I, along with my co-counsel and counsel for Bumble, interviewed and discussed best methods of direct notice and electronic payment options with four potential administrators and obtained two rounds of bids from three potential administrators.  The Parties ultimately selected JND and adopted its recommendation on a direct notice plan.  JND's estimated fees and expenses, depending on the claim volume and payment method selected by Settlement Class Members, will be in the range $1 million and $1.3 million, and I believe is reasonable given the amount of the Settlement Fund; it is also in line with the other estimates that we received. My firm has worked with JND as an administrator for the first and only time in 2019 in a consumer class action filed and granted final approval in California state court entitled *Djoric v. Justin Brands,* Case No. BC574927 (Sup. Court, Los Angeles).

**THERE IS NO CLEAR SAILING PROVISION WITH RESPECT TO PAYMENT OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS**

13.     The Parties did not reach any agreement concerning, nor even discuss, the amount of attorneys' fees and expenses which may be awarded in this Action.  Indeed, Bumble has explicitly reserved its right to challenge counsel's application for attorneys' fees.  See Settlement, § 8.1.

14.     The attorneys at Parisi & Havens LLP record their time contemporaneously with the work performed.  Our firm's practice is to keep contemporaneous records for each timekeeper and to regularly record time records in the normal course of business.  The two attorneys in my firm, myself and my partner Suzanne Havens Beckman, have incurred approximately 1,701.1 hours in uncompensated time resulting with a total of approximately $1,015,000 in attorneys' fees.  In addition, my office has incurred approximately $13,000 in unreimbursed third-party expenses.

15.     As required by the District guidelines, Plaintiffs' counsel will submit declarations detailing the various activities undertaken over the course of the litigation, the number of hours expended, and specific hourly billing rate information along with the motion for attorneys' fees and expenses.  Plaintiffs' counsel, my office and Parasmo Lieberman Law, have agreed to split evenly any fees that may be awarded by the Court.

16.     The Parties also have not reached any agreements concerning the amount of the Service Awards to be sought here.  Each Plaintiff brought their claims to us, assisted counsel in identifying the claims and responding to discovery requests, devoted many hours to conferring with myself and my co-counsel on strategic decisions, reviewing pleadings and other documents, and generally keeping informed of developments in the litigation.  The Plaintiffs intend to ask the Court to award them each a Service Award of up to $5,000.00 for the time and effort that they have invested in the Action, and to recognize their initiative and sacrifice in litigating this case, particularly in regard to their privacy.

**THE NATIONAL CONSUMER LAW CENTER SHOULD BE APPOINTED AS THE CY PRES RECIPIENT**

17.     The Parties propose the National Consumer Law Center ("NCLC") as the *cy pres* recipient for any funds that remain after distribution to the two Settlement Classes.  As described more fully in the Declaration of Richard Dubois, filed concurrently herewith, the NCLC has been

7

1  approved to receive *cy pres* awards in over 500 class action settlements since 1997. I believe

2  NCLC's success in being approved as a *cy pres* recipient stems from the organization's long and

3  respected history of consumer advocacy. According to its website, NCLC's work has focused,

4  among other things, on consumer justice, fighting exploitative business practices, and economic

5  fairness. See https://www.nclc.org/about-us/about-us.html. These advocacy efforts are well-

6  aligned with Plaintiffs' goals here. I have communicated with Paul Laurnet, the Director of

7  Leadership Giving and Engagement with the NCLC, and he has confirmed to me that, as explained

8  in the declaration of Richard Dubois, any money which the NCLC receives as a *cy pres* award with

9  respect the California class would be used for California attorneys or advocacy in California, while

10 any money awarded with respect to the national class would be used anywhere in the United States.

11 Neither my firm nor its counsel have any relationship with NCLC, other than having purchased

12 books from the organization relating to class actions and consumer protection laws. To the best of

13 my knowledge, my firm has not been lead counsel or in a leadership position on any cases in which

14 NCLC was a designated *cy pres* recipient. My firm also does not receive any benefit from NCLC

15 being designated the *cy pres* recipient in this case. Similarly, none of the Class Representatives

16 have a relationship with NCLC.

17       I declare under penalty of perjury under the laws of the United States of America that the

18 foregoing is true and correct and that this declaration was executed on June 22, 2020, at Port

19 Hadlock, Washington.

        _____/s/David C. Parisi_____
                    David C. Parisi

Parisi Decl. ISO Mot. for Prelim. App.

# Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT

*King, et al. v. Bumble Trading Inc., et al*, No. 5:18-cv-06868

1.      Defined Terms ....................................................................................3

2.      Settlement Relief ..............................................................................11

3.      Claims Process ..................................................................................18

4.      Notice Plan and Administration ......................................................21

5.      Objections and Exclusions ...............................................................28

6.      Releases ............................................................................................32

7.      Court Approval of the Settlement....................................................33

8.      Class Counsel's Fees and Expenses .................................................37

9.      Service Awards .................................................................................38

10.     Miscellaneous Terms........................................................................38

**PREAMBLE**

This Class Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") is entered into by and among Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger (collectively, "Plaintiffs" or "Named Plaintiffs"), the Settlement Classes (as defined in §§ 1.5, 1.19 and § 1.49), and Defendants Bumble Trading Inc. and Bumble Holding Ltd. ("Bumble" or "Defendants") (together, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released ARL Claims and the Released DSL Claims (as defined in §§ 1.40 and 1.41) on the terms and conditions of this Agreement. It is subject to the final approval of the United States District Court for the Northern District of California (the "Court").

**RECITALS**

The following recitals are incorporated by reference and are considered part of the Settlement Agreement:

A. This putative class action was filed in the United States District Court for the Northern District of California under the caption *Nick King, Jr., et al. v. Bumble Trading Inc., et al.*, No. 5:18-cv-06868-NC.

B. Plaintiffs alleged class claims against Bumble in connection with Bumble's premium service ("Bumble Boost") for violations of the New York Dating Services Law, N.Y. Gen. Bus. Law § 394-c ("DSL"); violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; violations of New York's Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; unjust enrichment; and the common count of money had and received. (Dkt. No. 58.) Plaintiffs also alleged violations of the California Dating Services Contracts Law, Cal. Civ. Code § 1694, *et seq.*, (Dkt. No. 43); this court dismissed this claim, as well as Plaintiffs' claims under the UCL and CLRA to the extent those claims relied on violations of the California Dating Services Contract Law. (Dkt. No. 53.) Plaintiffs alleged that Bumble failed to provide users with a right to cancel Bumble Boost within

three (3) business days and did not make adequate disclosures, did not obtain affirmative consent to, and did not provide an acknowledgement to the automatic renewal offer terms of Bumble Boost subscriptions.  (Dkt. No. 58.) Bumble denied these allegations.  (Dkt. No. 87.)

C.   The Parties engaged in a mediation with the Hon. Edward A. Infante (Ret.) on April 2, 2020.  This mediation was initially unsuccessful, but the parties continued settlement discussions with Judge Infante over the following weeks and ultimately came to an agreement in principle.

D.   Plaintiffs believe that Bumble is liable for the conduct at issue in the Action (defined below) and that Plaintiffs would have ultimately succeeded on summary judgment or at trial.  Nonetheless, Plaintiffs and Class Counsel (defined below) recognize that Bumble raised defenses as to class certification, liability, and damages, which created a material risk that Plaintiffs would not have prevailed.  Plaintiffs and Class Counsel have considered this risk and the uncertain outcomes associated with upcoming events in this litigation, such as class certification, summary judgment, trial, and any post-trial appeal(s).  As a result, Plaintiffs believe that it is desirable that the Released ARL Claims and the Released DSL Claims (defined below) be fully and finally compromised, settled, resolved with prejudice, and barred pursuant to the terms of this Agreement.

E.   Based on their comprehensive examination and evaluation of the law and facts at issue in the Action, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to resolve the claims alleged by the Settlement Classes.  Class Counsel and Plaintiffs believe that it is in the best interests of the Settlement Classes to settle the claims raised in this Action pursuant to the terms of this Agreement.

F.   Bumble has at all times denied—and continues to deny—any and all alleged wrongdoing.  Specifically, Bumble denies that, *inter alia*, it is a "social referral service" subject to N.Y. Gen. Bus. Law § 394-c or that its conduct concerning Bumble Boost violates any law, and it is prepared to continue its vigorous

defense, including at class certification, summary judgment, trial, and during any appeals.  Even so, taking into account the uncertainty and risks inherent in class certification, summary judgment, and trial, Bumble has concluded that continuing to defend this Action would be burdensome and expensive.  Bumble believes that it is desirable and beneficial to fully and finally settle and terminate this Action in the manner specified in and upon the terms of this Agreement.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED** by and among Plaintiffs, the Settlement Classes, and Defendants, by and through their respective counsel, that, subject to final approval of the Court after a hearing as provided for in this Agreement, or as otherwise ordered by the Court, and in consideration of the benefits flowing to the Parties from the Agreement, the Action, the Released ARL Claims, and the Released DSL Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

**AGREEMENT**

## 1.  Defined Terms

As used in this Settlement Agreement, the following terms have the special meanings below:

1.1.  **"ACH Transfer"** means an electronic transfer of funds between banks through the Automated Clearing House ("ACH") network.

*1.2.*  **"Action"** means the case entitled *King, et al. v. Bumble Trading Inc., et al,* No. 5:18-cv-06868, pending in the United States District Court for the Northern District of California.

1.3.  **"ARL Claimant"** means all members of the ARL Settlement Class who have submitted a Claim that the Settlement Administrator has determined is valid and timely in accordance with the claims process described in § 3 and who have not timely and validly excluded themselves from the Settlement.

1.4.  **"ARL Net Settlement Fund"** means fifteen (15) percent of the Net Settlement Fund.

1.5.  **"ARL Settlement Class"** means all persons who purchased, within California, during the Settlement Class Period, Bumble Boost and had their credit card, debit card, and/or a third-party payment account charged as part of Bumble's automatic renewal program or continuous service program.

1.6.  **"CAFA Notice"** means the notice that, not later than 10 days after this Settlement Agreement is filed with the Court, the Settlement Administrator, at Defendant's direction, shall serve with the Settlement and other required documents upon relevant government officials in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S. § 1715.  Prior to the Preliminary Approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court.

1.7.  **"Claim"** means a Settlement Class Member's claim submission that may, if valid, entitle the Settlement Class Member to a Settlement Payment.

1.8.  **"Claims Deadline"** means the date by which Settlement Class Members must submit all Combined Claims Forms and DSL Claims Forms on the Settlement Website or via U.S. mail for the Claim forms to be timely.  The Claims Deadline shall be seventy (70) days after the Notice Date and shall be clearly stated in the Notice and on the Claim forms.

1.9.  **"Claims Period"** means the time period between the Notice Date and the Claims Deadline.

1.10.  **"Class Counsel"** means David C. Parisi and Suzanne Havens Beckman of Parisi & Havens LLP and Grace E. Parasmo and Yitzchak H. Lieberman of Parasmo Lieberman Law.

1.11.  **"Class Representative(s)"** means the Named Plaintiffs currently in this Action: Nick King, Jr., Deena Fischer, and Elena Weinberger.  Nick King, Jr. is the Class Representative for the ARL Settlement Class and Deena Fischer and Elena Weinberger are the Class Representatives for the DSL Settlement Class.

1.12.  **"Combined Claim Form"** means the form persons who are members of both the DSL Settlement Class and the ARL Settlement Class must submit to make a Claim pursuant to this Agreement.   The Combined Claim Form will be

available online at the Settlement Website, and the contents of the Combined Claim Form will be approved by the Court.  The Combined Claim Form will be substantially similar to Exhibit G.

1.13. **"Court"** means the United States District Court for the Northern District Court of California, the Hon. Nathanael Cousins presiding, or any judge who succeeds him as the judge in this Action.

1.14. **"*Cy Pres* Recipient"** means the National Consumer Law Center for both the ARL Net Settlement Fund and the DSL Net Settlement Fund.  National Consumer Law Center will use any funds dispersed from the ARL Net Settlement Fund pursuant to §§ 2.4.3 and 2.6 to benefit consumers in California, and it will use any funds from the DSL Net Settlement Fund pursuant to §§ 2.4.1 and 2.6 to benefit consumers in the United States.

1.15. **"Defendants"** means Bumble Trading Inc. and Bumble Holding Ltd.

1.16. **"Defendants' Counsel"** means Michael G. Rhodes and Kyle C. Wong of the law firm Cooley LLP.

1.17. **"DSL Claimant"** means members of the DSL Settlement Class who have submitted a Claim that the Settlement Administrator has determined is valid and timely in accordance with the claims process described in § 3 and who have not timely and validly excluded themselves from the Settlement.

1.18. **"DSL Claim Form"** means the form persons who are only members of the DSL Settlement Class, and not members of the ARL Settlement Class, must submit to make a Claim pursuant to this Agreement.  The DSL Claim Form will be available online at the Settlement Website, and the contents of the Claim Form will be approved by the Court.  The Combined Claim Form will be substantially similar to Exhibit H.

1.19. **"DSL Settlement Class"** means all persons nationwide who purchased Bumble Boost during the Settlement Class Period.

1.20. **"DSL Net Settlement Fund"** means eighty-five (85) percent of the Net Settlement Fund.

1.21. **"Effective Date"** means the first business day after all of the following conditions have occurred:

    (a)    Class Counsel and Defendants' Counsel have executed this Settlement Agreement.

    (b)    The Court has entered the Final Approval Order.

    (c)    The Final Approval Order has become a final, non-appealable judgment approving the Settlement Agreement in all respects and is no longer subject to review, reconsideration, rehearing, appeal, petition for permission to appeal, petition for a writ of certiorari, or any other appellate review of any kind.

1.22. **"Email Notice"** means the notices of the Settlement that are emailed to Settlement Class Members, providing a link to the Combined Claim Form or DSL Claim Form, a link to the Settlement Website, and contact information for the Settlement Administrator.  The forms of these email notices are attached hereto as Exhibits A and C.

1.23. **"Exclusion List"** means the list of all persons who have timely and validly excluded themselves from the Settlement.

1.24. **"Fee and Expense Award"** means the amount of attorneys' fees and reimbursement of expenses awarded to Class Counsel by the Court from the Settlement Fund.

1.25. **"Final Approval Order"** means the final judgment and order to be entered by the Court, following the Final Fairness Hearing, which approves the Settlement and sets the amounts of the Fee and Expense Award and the Service Awards. A proposed Final Approval Order is attached hereto as Exhibit F and a proposed Judgment is attached hereto as Exhibit I.

1.26. **"Final Fairness Hearing"** means the Court hearing where the Parties will request the Final Approval Order be entered approving this Agreement, and where Class Counsel will request that the Court approve the Fee and Expense Award and the Service Awards. The Final Fairness Hearing must occur at least

thirty (30) days after the Claims Deadline and the Objection and Exclusion Deadline, on such date as set by the Court.

1.27. **"Net Settlement Fund"** means the Settlement Fund, reduced by the sum of the following amounts: Notice and Administrative Costs, any Service Awards, and any Fee and Expense Award.

1.28. **"Notice"** means the notice of this proposed Settlement Agreement and of the Final Fairness Hearing, which will be disseminated to Settlement Class Members in accordance with the terms of this Agreement.  There are five versions of the notice; two emailed versions, two postcard versions, and one long form Website Notice.  The version of the Notice that will be sent to Settlement Class Members who are part of both the ARL Settlement Class and DSL Settlement Class ("Combined Notice") will be substantially similar to Exhibits A (email) and B (postcard) hereto.  The version of the Notice that will be sent to Settlement Class Members who are part of the DSL Settlement Class, but not the ARL Settlement Class ("DSL Notice"), will be substantially similar to Exhibit C (email) and D (postcard) hereto.   The version of the Notice that constitutes the long form Website Notice will be substantially similar to Exhibit E.

1.29. **"Mailed Notice"** means the two forms of postcard notice attached hereto as Exhibits B and D.

1.30. **"Notice and Administrative Costs"** means all costs and expenses actually incurred by the Settlement Administrator in the dissemination of Notice; the establishment of the Settlement Website; the administrative processing, handling, review, and payment of Claims; and all other expenses reasonably necessary for effective Notice and administration of the Settlement pursuant to the Preliminary Approval order.

1.31. **"Notice Date"** means the date on which initial Email Notice is first disseminated to Settlement Class Members.  The Notice Date shall be as soon as reasonably practicable, but no later than sixty (60) days following Preliminary Approval.

1.32. **"Objection"** means the formal written notice that a Settlement Class Member submits to the Court in order to object to the Settlement.

1.33. **"Objection and Exclusion Deadline"** means the date by which a Settlement Class Member must submit an Objection to this Agreement or an Opt-Out Form, or other written request to opt-out of the Settlement, to the Settlement Administrator.  The Objection and Exclusion Deadline shall be sixty (60) days after the Notice Date.

1.34. **"Objector"** means a person who submits an Objection.

1.35. **"Opt-Out Form"** means the form provided by the Settlement Administrator that Settlement Class Member may use to request exclusion from the Settlement either via electronic submission or U.S. mail.  The Opt-Out Form is attached hereto as Exhibit K.

1.36. **"Parties"** means Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger and Defendants Bumble Trading Inc. and Bumble Holding Ltd.

1.37. **"Preliminary Approval"** means the Court's order preliminarily approving the Settlement Agreement, conditionally certifying the Settlement Classes, and authorizing the dissemination of the Notice.  A proposed Preliminary Approval Order is attached hereto as Exhibit J.

1.38. **"PST"** means Pacific Standard Time. If a deadline with a time stated in PST occurs when Daylight Saving Time is in effect, this deadline's time will instead be governed by Pacific Daylight Time ("PDT").

1.39. **"Rejected Claimant"** means a person who submitted a Claim that the Settlement Administrator deemed invalid or untimely.

1.40. **"Released ARL Claims"** means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities brought by a member of the ARL Settlement Class, whether known, unknown, legal, equitable, or otherwise, that arise out of or relate to the allegations in the operative complaint and that occurred during the Settlement Class Period, relating to the "automatic" renewal of any Bumble Boost subscription and the

disclosures, acknowledgments, advertisements, trials, and features of any "automatic" renewal of any Bumble Boost subscription.

1.41. **"Released DSL Claims"** means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities brought by a member of the DSL Settlement Class, whether known, unknown, legal, equitable, or otherwise, that arise out of or relate to the allegations in the operative complaint and that occurred during the Settlement Class Period, relating to the purchase of Bumble Boost or denial of a refund for the purchase of Bumble Boost.

1.42. **"Releasees"** means Defendants Bumble Trading Inc. and Bumble Holding Ltd., as well as all of Bumble Trading Inc.'s and Bumble Holding Ltd.'s current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Bumble Trading Inc.'s and/or Bumble Holding Ltd.'s behalf, including but not limited to Badoo Trading Limited, Social Online Payments Ltd., Social Online Payments Inc., and Worldwide Vision Ltd.

1.43. **"Releasing ARL Settlement Class Members"** means all members of the ARL Settlement Class, except those who appear on the Exclusion List.

1.44. **"Releasing DSL Settlement Class Members"** means all members of the DSL Settlement Class, except those who appear on the Exclusion List.

1.45. **"Releasing Named Plaintiffs"** means the Named Plaintiffs currently in this Action: Nick King, Jr., Deena Fischer, and Elena Weinberger.

1.46. **"Service Award"** means the award sought by each Class Representative in consideration for their service during the course of the Action and subsequently approved by the Court. Any such Service Award is separate and apart from any Settlement Payments the Class Representative may receive as a result of submitting a Claim as a Settlement Class Member.

1.47. **"Settlement Administrator"** means JND Legal Administration, the firm that will provide Notice and Claims administration services in connection with the Settlement Agreement.

1.48. **"Settlement Administration Costs"** means any and all fees and costs incurred in administering the Settlement, including but not limited to, the fees and costs of disseminating all Notice, effectuating CAFA Notice, administering and maintaining the Settlement Website, processing the Claims and delivering payments to Settlement Class Members who did not timely opt out of the Settlement Classes, but specifically excluding the payment of all cash benefits, payment of any Service Awards, and payment of the any amounts awarded pursuant to the Fee and Expense Award.

1.49. **"Settlement Classes"** means both the DSL Settlement Class and the ARL Settlement Class, as those classes are defined in Sections 1.5 and 1.19. Excluded from the Settlement Classes are (1) any Judge, or mediator presiding over this Action and members of their immediate families, (2) Bumble and Bumble's employees; (3) persons who properly and timely request exclusion from the Settlement Classes, (4) Class Counsel, and (5) the legal representatives, successors or assigns of any such excluded persons.

1.50. **"Settlement Class Members"** means all persons who are members of one or both the DSL Settlement Class and the ARL Settlement Class.

1.51. **"Settlement Class Period"** means the period from November 13, 2014 through the date the Court grants Preliminary Approval of this Settlement.

1.52. **"Settlement Fund"** means a cash fund of $22,500,000, to be paid by Defendants in accordance with the terms of this Settlement Agreement.

1.53. **"Settlement Payment"** means the amount it is determined shall be paid to Settlement Class Members who submit Valid Claims.

1.54. **"Settlement Website"** means a website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class Members with Notice of the proposed Settlement. This website will allow

Settlement Class Members to submit Claims, update their contact information and payment method, and opt-out of the Agreement.

1.55. "**Valid Claim**" means a Settlement Class Member's written Claim that the Settlement Administrator has deemed valid and timely and accepted for Settlement Payment.

1.56. **"Website Notice"** means the notice for the ARL Settlement Class and DSL Settlement Class of the proposed Settlement terms that will be hosted on the Settlement Website, as approved by Class Counsel, Defendants' Counsel, and the Court.  The Website Notice will be substantially similar to Exhibit E.

## 2. Settlement Relief

2.1. **Settlement Fund.** Subject to the terms of this Agreement, Defendants shall establish a Settlement Fund of $22,500,000.  Bumble Trading Inc. and Bumble Holding Ltd.'s total combined financial commitment under this Agreement shall be $22,500,000.  Defendants shall have no other financial obligations under this Agreement.

2.2. **Payments from Settlement Fund.**  The total amount distributed to the Settlement Class Members shall be the Settlement Fund and any earnings thereon, less the Settlement Administration Costs and any amount awarded by the Court for any Fee and Expense Award to Class Counsel and any Service Awards.  Payments will be made directly by the Settlement Administrator from the Settlement Fund in this order:

(i)     Notice and Administrative Costs estimate to the Settlement Administrator, pursuant to § 4.8 below (set aside as needed by the Settlement Administrator to effectuate notice)

(ii)    Fee and Expense Award (pursuant to § 8)

(iii)   Service Awards (pursuant to § 9)

(iv)    Settlement Payments to Settlement Class Members (pursuant to §§ 2.4 and 2.5)

(v)     Payments to the *Cy Pres* Recipient, if applicable.

2.3. **Deposits to Settlement Fund.**   Defendants shall deposit funds into the Settlement Fund as necessary to make all payments in accordance with § 2.2 above, not to exceed its total financial commitment of $22,500,000.

2.4. **Settlement Payments to Settlement Class Members.**   The entire Net Settlement Fund will initially be distributed to Settlement Class Members who submit Valid Claims and have not submitted a valid and timely request for exclusion (in accordance with § 5.2 below), as follows.

    2.4.1.   Each DSL Claimant will receive a proportionate and equal share of the DSL Net Settlement Fund, but each DSL Claimant's share will be capped at $100 (one hundred dollars). This sum will be calculated by the Settlement Administrator and will be based upon the number of DSL Claimants and the amount of the DSL Net Settlement Fund.  In the event that the DSL Net Settlement Fund exceeds the total value of Valid Claims by DSL Claimants or there is money remaining in the DSL Net Settlement Fund after the second distribution described in § 2.5, the remaining amount left in the DSL Net Settlement Fund will be paid to the *Cy Pres* Recipient designated for the DSL Net Settlement Fund.

    2.4.2.   Each ARL Claimant will receive a share of the ARL Net Settlement Fund proportionate to the amount the person was charged under an automatic renewal or continuous service program for Bumble Boost during the Settlement Class Period.  The amount payable to any particular ARL Claimant is calculated as a percentage (the same percentage for each ARL Claimant) of the ARL Net Settlement Fund, calculated by:

        (i)   dividing the ARL Net Settlement Fund by the total renewal amount charged to all ARL Claimants under the automatic renewal or continuous service program for Bumble Boost and then

(ii)     multiplying the resulting quotient by the amount charged to the particular ARL Claimant under the automatic renewal or continuous service program for Bumble Boost but

(iii)    in no event shall an ARL Claimant's share exceed the total amount they were charged in renewal payments for Bumble Boost.

2.4.3.   In the event that the ARL Net Settlement fund exceeds the total value of Valid Claims by ARL Claimants or there is money remaining in the ARL Net Settlement Fund after the second distribution described in § 2.5, the remaining amount left in the ARL Net Settlement Fund will be paid to the *Cy Pres* Recipient designated for the ARL Net Settlement Fund.

2.4.4.   **Payment Method.** For each ARL Claimant and each DSL Claimant, the Settlement Administrator shall provide Settlement Payments through the method designated by the ARL Claimant or DSL Claimant, i.e., by check, PayPal, Zelle or Venmo.

2.4.5.   **Unclaimed or Unprocessed Payments.**  All checks will state on their face that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. If a Settlement Class Member fails to negotiate a check within the ninety (90) day time period, they shall forever waive and release their claim for payment under this Agreement.  If any check is returned within fifteen (15) days of mailing, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member within five (10) days of receipt of the returned check; if, after a second mailing the check is again returned or the Settlement Administrator is unable to determine a second mailing address, no further efforts need be taken

by the Settlement Administrator to resend the check.  In the event that an electronic payment via PayPal, Zelle or Venmo to a Settlement Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Settlement Class Member within fifteen (15) days to correct the problem; if the Settlement Class Member does not provide a means of payment, which results in payment to the Settlement Class Member, within fifteen (15) days, no further efforts need be taken by the Settlement Administrator to make the payment and the Settlement Class Member shall forever waive and release their claim for payment under this Agreement.

2.4.6. **Minimum Payment.** Notwithstanding § 2.4 above, no Settlement Payment shall be made to a DSL Claimant or ARL Claimant if the total amount of that payment would not be administratively and economically feasible, as determined by the Settlement Administrator.

2.5. **Distribution of Residual Funds.**  If, after the process outlined in § 2.4 above is completed, and there are unclaimed monies remaining in the DSL Net Settlement Fund, if practicable, these funds (less any additional claims administration expenses) shall be distributed on a pro rata basis to each DSL Claimant who received a Settlement Payment which was electronically processed or a check which was negotiated.  If, after the process outlined in § 2.4 above is completed, and there are unclaimed monies remaining in the ARL Net Settlement Fund, these funds (less any additional claims administration expenses) shall be distributed on a pro rata basis to each ARL Claimant who received a Settlement Payment which was electronically processed or a check which was negotiated.

(a) These second distributions shall be made with the same method of payment made during the first distribution.  However, if it is not administratively and economically feasible, as determined by the Settlement Administrator, to make a second distribution which includes

a non-electronic payment, i.e., a payment by a mailed check, then the second distribution from the DSL Net Settlement Fund and/or ARL Net Settlement Fund will only be made to DSL Claimants and/or ARL Claimants who elected to receive a Settlement Payment through PayPal, Zelle or Venmo and the monies will be distributed only to those persons on a pro rata basis.

(b) In no event shall an ARL Claimant's Settlement Payment from the second distribution from the ARL Net Settlement Fund, when combined with the initial Settlement Payment they received from the ARL Net Settlement Fund, exceed the total amount they were charged in renewal payments for Bumble Boost.

(c) In no event shall a DSL Claimant's Settlement Payment from the second distribution from the DSL Net Settlement Fund, when combined with the initial Settlement Payment they received from the DSL Net Settlement Fund, exceed $100 (one hundred dollars).

(d) The second distribution of monies remaining in the DSL Net Settlement Fund and/or the ARL Net Settlement Fund will only occur if it is administratively and economically feasible, as determined by the Settlement Administrator.

2.6. To the extent that any second distribution is not administratively and economically feasible, as determined by the Settlement Administrator, or funds remain in the DSL Net Settlement Fund and/or ARL Net Settlement Fund for an additional one hundred (100) days after the second distribution, the funds that remain shall be distributed to the *Cy Pres* Recipient.

2.7. **Timing of Payment.** Settlement Payments from the Net Settlement Fund shall be distributed to Settlement Class Members who submit Valid Claims within forty five (45) days following the Effective Date. Distribution of residual funds shall be distributed in accordance with § 2.5 above once the Settlement Administrator has determined the amount of unclaimed or unprocessed

payment remaining in the DSL Net Settlement Fund and/or the ARL Net Settlement Fund.

2.8. **Injunctive Relief**.  As consideration for the Settlement Agreement, Bumble Trading Inc. and Bumble Holding Ltd. agree that they shall consent to the entry of an injunction imposing certain requirements, as limited to and described in this section, that will remain in effect for a period of eighteen (18) months starting on the Effective Date.  Bumble Trading Inc. and Bumble Holding Ltd. do not admit that they are required by law to take any measure herein described and instead deny that they are obligated by law to do so.

    (a)    For as long as New York law governs Bumble's relationship with its United States users, Bumble's Terms and Conditions shall also include in its Terms and Conditions a hyperlink to the New York Dating Services Bill of Rights, using text substantially similar to the following language:  "You may review your Dating Service Consumer Bill of Rights here;" and the following language: **Your Right to Cancel—You may cancel your subscription, without penalty or obligation, at any time prior to midnight of the third business day following the date of purchase.**  If you subscribed using your Apple ID, your refund requests are handled by Apple, not Bumble. To request a refund, please contact Apple directly; for example, [description of process then in effect for filing an Apple refund request].  You can also request a refund at https://getsupport.apple.com. For any other purchase, please contact Bumble Customer Service with your order number (see your confirmation email) by mailing a signed and dated notice which states that you, the buyer, are canceling this agreement, or words of similar effect. Please also include the email address or telephone number associated with your account along with your order number. This notice shall be sent to: Bumble, Attn: Cancellations, [mailing address in effect].**"**

    (b)    Bumble reserves the right to change the choice-of-law provision in Bumble's Terms and Conditions to select for the law of a different state. In

the event Bumble changes the choice-of-law provision, Bumble's Terms and Conditions will state that subscribers residing in Arizona, California, Connecticut, Illinois, Iowa, Minnesota, New York, North Carolina, Ohio, Rhode Island, and Wisconsin will have a right to cancel within three business days in a manner substantially similar to the manner set out in Section 2.8(a).

(c)    Bumble's mobile app purchase flow for users that purchase Bumble Boost directly from Bumble (i.e., by providing a credit or debit card or PayPal account to be charged by Bumble) shall include at least one screen that has the following properties:

- Text that states the price and period of the subscription and language substantially similar to the following: "Recurring billing. Cancel recurring billing anytime. Unless canceled, subscription will automatically renew for the same period and price and charge your payment method. To prevent renewal, cancel subscription at least 24 hours before end of period. Cancel by [a simple statement of the cancellation process then in effect]."

- The text described in this section will be in font as big or bigger than any other font on the screen, will be set out in boxes to make it clear and conspicuous, and will be in visual proximity to the button a user must click to confirm a purchase of Bumble Boost.

(d)    Bumble shall send all users that purchase Bumble Boost directly from Bumble (i.e., by providing a credit or debit card or PayPal account to be charged by Bumble), a confirmation email following their purchase that includes the following:

- The price and period of the plan a user purchased.

- A statement that the plan will auto-renew unless canceled at least 24 hours before the end of the period.

- Instructions on the cancellation method then available.

(e) Nothing in this section shall require Bumble to continue an imposed requirement if that requirement would conflict with or violate an amendment to the auto renewal or dating service laws at issue in this Action.

**3. Claims Process**

3.1. **Claim Forms.** Each Settlement Class Member shall be entitled to submit one Combined Claim Form or one DSL Claim Form, for each account they had with Bumble, for Settlement Payment as described in this section.

3.1.1. The Combined Claim Form or the DSL Claim Form will be hyperlinked in the Email Notice and reminder Email Notice and the URL will be provided in the Mailed Notice.  Both the Combined Claim Form and DSL Claim Form will be available on the Settlement Website and may be completed and submitted online.

3.1.2. A claimant may be both an ARL Claimant and a DSL Claimant.

3.1.3. For a claimant to qualify as a member of the ARL Settlement Class, the claimant must complete the Combined Claim Form.

3.1.4. For a claimant to qualify as a member of the DSL Settlement Class, the Claimant must complete the Combined Claim Form or the DSL Claim Form.

3.1.5. The Combined Claim Form and the DSL Claim Form will notify the Settlement Class Members that their personal information will be processed the purposes of effectuating the Settlement.

3.1.6. The claims forms may be completed electronically on the Settlement Website or timely sent by U.S. mail to the Settlement Administrator.

    (i)        If submitted electronically, the claims form must be submitted no later than 11:59 p.m. PST on or before the Claims Deadline.

    (ii)      If submitted by U.S. mail, the claims form must be postmarked no later than the Claims Deadline.  The date of the postmark on the envelope containing the claims form shall be the exclusive means used to determine whether a claims form has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the claims form. The Settlement Class Member must pay for postage.

3.2.   **Deadline to File Claims.** The Claims Deadline shall be seventy (70) days after the Notice Date.

3.3.   **Claims Review.** The Settlement Administrator shall review all Claims to determine their validity and to which class (DSL Settlement Class or both DSL Settlement Class and ARL Settlement Class) each claimant belongs.  The Settlement Administrator shall reject any Claim that does not comply in any material respect with the instructions on the form; is not submitted by a Settlement Class Member; is a duplicate of another Claim; is a fraudulent Claim; or is submitted after the Claims Deadline.   The Settlement Administrator's determination as to the validity of a claim shall be final, subject to § 3.6 below.

3.4.   **Curable Deficiencies.** Prior to the rejection of a claim form, the Settlement Administrator shall communicate with the person who submitted the Claim in an effort to remedy any curable deficiencies in the claim form.  The Settlement Administrator shall have the authority to review any claimant's attempts to

remedy deficiencies and to subsequently determine the validity of such claims under Section 3.3.

3.5.  **Notification of Rejected Claims.** Following any effort to resolve any curable deficiencies under § 3.4, the Settlement Administrator shall promptly notify by email (or U.S. mail if an email address is unknown) all Rejected Claimants whose claim forms the Settlement Administrator proposes to reject, in whole or in part, and provide its reasons.

3.6.  **Claims Disputes and Inquiries.** The Settlement Administrator shall notify Class Counsel and Defendants' Counsel of any disputes regarding the rejection of a Claim. Class Counsel and Defendants' Counsel may review any Claims rejected by the Settlement Administrator. If Class Counsel and Defendants' Counsel agree that a Claim was improperly rejected, the Claim shall be deemed valid and paid.  If Class Counsel and Defendants' Counsel do not agree as to whether a Claim was improperly rejected, the decision of the Settlement Administrator shall be final.

3.7.  **Claims Processing.** As soon as reasonably possible after the Claims Deadline, and after all Claims have been processed to determine their validity, the Settlement Administrator will provide Class Counsel and Defendants' Counsel with a list of claimants with Valid Claims and a list of all Claims it deems invalid or untimely.  Within fifteen (15) business days of receiving the list of claimants with Valid Claims from the Settlement Administrator, Defendants shall provide to the Settlement Administrator all other data reasonably necessary to administer the Claims process, including but not limited to, the total amount each member of the ARL Settlement Class was charged under an automatic renewal or continuous service program for Bumble Boost during the Settlement Class Period.   The Settlement Administrator will use this data, as well as data from the claims forms, to determine whether a claimant is a DSL Claimant or a DSL Claimant and an ARL

Claimant, and the sum of money the claimant will be paid from the DSL Net Settlement Fund and/or ARL Net Settlement Fund.

3.8. **Claims Database.** As soon as reasonably possible, the Settlement Administrator will provide Class Counsel and Defendants' Counsel the total number of DSL Claimants and the total number of ARL Claimants. The Settlement Administrator will maintain a secured database of Claims, which will include all relevant information captured from claimants' claim forms.

3.9. **Data Privacy and Security**. The Settlement Administrator shall make all necessary efforts to ensure the security and privacy of Settlement Class Member information; shall not use the information provided by Defendants or Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and will not share Settlement Class Member information with any third parties without advance consent from the Parties.

**4. Notice Plan and Administration**

4.1. **Notice to the Settlement Classes.** Direct Notice of the Settlement will be made to Settlement Class Members as set forth below.

4.1.1. No later than sixty (60) days following entry of the Preliminary Approval order, the Settlement Administrator shall send Notice to the Settlement Class Members.

4.1.2. Notice shall be conducted in accordance with this Notice Plan. The content of all forms of Notice, as specified in §§ 4.2, 4.3, 4.4 and 4.5 below, will be jointly agreed to by the Parties and approved by the Court.

4.1.3. Those Settlement Class Members determined to be members of both the ARL Settlement Class and DSL Settlement Class will receive a Combined Notice. Those Settlement Class Members determined to be

members of DSL Settlement Class, but not the ARL Settlement Class, will receive a DSL Notice. The Combined Notice will hyperlink to, and/or provide a URL for, the Combined Claim Form. The DSL Notice will hyperlink to, and/or provide a URL for, the DSL Claim Form. Each Settlement Class Member will receive either Combined Notice or DSL Notice, but not both.

4.1.4. Within ten (10) business days following entry of the Preliminary Approval Order, Bumble shall provide to the Settlement Administrator and Class Counsel a list of all Settlement Class Members, as well as their contact information, as reflected in Bumble's current records. This list will also indicate whether each Settlement Class Member is a member of the DSL Settlement Class or both the DSL Settlement Class and the ARL Settlement Class.

4.1.5. This contact information will include (1) email addresses, for those Settlement Class Members for which Bumble has an email address; (2) phone numbers, for those Settlement Class Members for which Bumble has a phone number; and (3) Zip code, for those Settlement Class Members for which Bumble has a Zip code.

4.1.6. All Notice and Administrative Costs shall be paid from the Settlement Fund.

4.2. **Direct Email Notice.** By the Notice Date, the Settlement Administrator shall commence Direct Email Notice to all Settlement Class Members for which it has email addresses, in the following manner:

4.2.1. The Email Notices (Exhibits A and C) will provide a hyperlink to a Combined Claim Form or the DSL Claim Form where the Settlement Class Member can submit a Claim; will provide a hyperlink to the Settlement Website; will list contact information for the Settlement Administrator and Class Counsel; and will provide information about the

terms of the Settlement, Settlement Class Members' options, a list of important deadlines, and any other pertinent information.

4.2.2.   The initial Email Notice shall be sent by the Settlement Administrator to all Settlement Class Members for whom an email address is available.

4.2.3.   Two reminder Email Notices will be sent during the Claims Period to Settlement Class Members who the Settlement Administrator has reasonably determined have not yet opted out, filed a claim, or unsubscribed from the email campaign. The first reminder Email Notice will be sent approximately halfway through the Claims Period and the second will be sent with approximately two weeks left in the Claims Period.  The specific timing of the reminder Email Notices may be adjusted by the Settlement Administrator as needed to avoid logistical difficulties, and ensure proper deliverability and effectiveness. The content of the reminder Email Notices will use materially the same language as the Email Notice, but the subject line will be designed by the Settlement Administrator to remind Settlement Class Members that they have not yet made a claim.

4.2.4.   The Settlement Administrator will monitor the Email Notice program and optimize the delivery of Email Notices and reminder Email Notices to maximize distribution.  To ensure the Email Notices are seen by as many Settlement Class Members as practicable, the Settlement Administrator will take steps to avoid its communications being flagged in spam filters.  Such measures include using a reputable email service provider, avoiding spam trigger words in subject lines, avoiding embedding forms and video, and staggering email batches.   The Settlement Administrator will also use reasonable efforts to obtain updated email addresses for those Settlement Class Members whose

emails "bounce back" and to resend notices to the updated email addresses.

4.3    **Mailed Notice.** By the Notice Date, the Settlement Administrator shall commence the Mailed Notice program in the following manner:

4.3.1.    The Mailed Notices (Exhibits B and D) will provide a URL to a Combined Claim Form or the DSL Claim Form where the Settlement Class Member can submit a Claim; will provide a URL to the Settlement Website; will list contact information for the Settlement Administrator and Class Counsel; and will provide information about the terms of the Settlement, Settlement Class Members' options, a list of important deadlines, and any other pertinent information.

4.3.2.    The Settlement Administrator shall use reasonable measures to attempt to identify a mailing address for the Settlement Class Members for whom Bumble did not provide an email address.  These measures will include, where available, using name, phone number, a date associated with acquisition of the phone number and/or zip code, to reference databases that maintain address information.  The Settlement Administrator will send Notice to these Settlement Class Members via the U.S. mail with a folded postcard, which does not reveal that the Settlement Class Member is a past or present Bumble user without being opened, in the form attached hereto as Exhibits B and D (either the Combined Notice or DSL Notice, depending on the Settlement Class Member).

4.4    **Mailed Notice to Settlement Class Members on the Unsuccessful Email Notice List.** Within seven (7) days after the dissemination of the initial Email Notices in § 4.2  above, the Settlement Administrator will create a list of all Settlement Class Members whose Email Notice bounced or were otherwise undeliverable (as reasonably determined by the Settlement Administrator) (the "Unsuccessful Email Notice List").   The Settlement Administrator will then use reasonable measures to attempt to identify a mailing address for the

Settlement Class Members on the Unsuccessful Email Notice List.  These measures will include, where available, using name, phone number, and/or zip code, to reference databases that maintain address information.  The Settlement Administrator will send Notice to these Settlement Class Members via the U.S. mail with a folded postcard, which does not reveal that the Settlement Class Member is a past or present Bumble User without being opened, in the form attached hereto as Exhibits B and D (either the Combined Notice or DSL Notice, depending on the Settlement Class Member).

4.5 **Website Notice.** Within five (5) business days of entry of the Preliminary Approval order, the Settlement Administrator will post the Website Notice in a user-accessible format on the Settlement Website.

 4.4.1. Class Counsel, Defendants' Counsel, and the Settlement Administrator will jointly select the domain name for the Settlement Website.

 4.4.2. The Settlement Website will include the claims forms and Opt-Out Form; answers to frequently asked questions; a list of important deadlines; case documents; and the contact information for the Settlement Administrator and Class Counsel. Defendants' Counsel and Class Counsel must agree to any additions or revisions to the Settlement Website design or content.

 4.4.3. The Settlement Website will remain active for at least one hundred eighty (180) days following the Effective Date of the Settlement, or until ninety (90) days after the second distribution in § 2.5. However, the Settlement Administrator will disable online submissions through the claim form and the Opt-Out Form immediately following the Claims Deadline and the Objection and Exclusion Deadline.

4.5 **Press Release.** Within two (2) business days of entry of the Preliminary Approval order, the Settlement Administrator will issue a Press Release, mutually agreed upon by Class Counsel and Defendants' Counsel, providing Notice of the

Settlement, a link to the Settlement Website, and contact information for the Settlement Administrator.

    4.5.1.   The Press Release will be issued through Globe Newswire's US commercial newswire service and will also be posted on the Settlement Website.

4.6   **CAFA Notice.** Not later than 10 days after this Settlement Agreement is filed with the Court, the Settlement Administrator, at Bumble's direction, shall serve notice of the Settlement and other required documents upon relevant government officials in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S. § 1715.  Prior to the Preliminary Approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court.

4.7   **Settlement Administrator.** The Settlement Administrator shall help implement the terms of the Settlement Agreement. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices.  The Settlement Administrator shall be responsible for:

(a)   Establishing, designing, and maintaining the Settlement Website;

(b)   Disseminating Notice, including Email Notice, Mailed Notice, and Website Notice, in accordance with this Agreement, the Notice Plan, and the Court's orders;

(c)   Monitoring and responding to inquiries from Settlement Class Members in a timely fashion and, where necessary, forwarding such written inquiries to Class Counsel;

(d)   Accurately and objectively describing the terms of the Agreement in communications with Settlement Class Members, including training its employees and agents accordingly;

(e)     Receiving and compiling Opt-Out Forms and any other correspondence requesting exclusion from the Settlement Classes;

(f)     Receiving and processing Claims, determining the validity of Claims, maintaining a database of Claims, and distributing Settlement Payments to Settlement Class Members;

(g)     Providing periodic reports and accountings on Claims, Objections, Opt-Out Forms and any other requests for exclusion from the Settlement, and any other such information that may be reasonably requested by Class Counsel and Defendants' Counsel;

(h)     Preparing declaration(s) attesting to compliance with the Notice requirements in this Agreement and providing such declaration(s) to Class Counsel and Defendants' Counsel;

(i)     Seeking further clarification or authorization from Class Counsel and Defendants' Counsel when necessary for performance of its duties and the expenditure of cash from the Settlement Fund;

(j)     Ensuring the privacy and security of data associated with Settlement Class Members; and

(k)     Otherwise assisting with implementation and administration of the terms of this Settlement Agreement.

4.8     **Notice and Administrative Costs Estimate and Payments.** The Parties will obtain from the Settlement Administrator its best estimate of such anticipated administrative costs, which shall then be set aside from the Settlement Fund.  All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to written approval of Bumble (by their counsel) and Class Counsel.

**5. Objections and Exclusions**

5.1. **Objections.** Any Settlement Class Member who has not submitted a timely completed Opt-Out Form or otherwise requested in writing to opt-out of the Settlement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Fee and Expense Award, or the Service Awards must comply with the following requirements:

5.1.1. **Content of Objections.** All Objections and supporting papers must be in writing and must:

(a) Clearly identify the case name and number;

(b) Include the Objector's full name, address, telephone number, email address; and the email address and telephone number associated with the Bumble account through which the Settlement Class Member purchased Bumble Boost, and their signature;

(c) Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and

(d) State whether it applies only to the Objector, to a specific subset of the Settlement Classes, or to the entire ARL Settlement Class or DSL Settlement Class, and also state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the Objection.

**Submission of Objections.** Any comments or Objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing, to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, or by filing them in person at any location of the United States District Court for the Northern District of California, and be filed or postmarked on or before the Objection and Exclusion Deadline.  If a

Settlement Class Member does not submit a timely written Objection, or if the Settlement Class Member does not request participation in the Final Fairness Hearing, the Settlement Class Member will not be able to participate in the Final Fairness Hearing.

5.1.2. **Deadline for Objections.** Objections must be submitted by the Objection and Exclusion Deadline.

(a)    If filed in person, Objections must be filed by the Objection and Exclusion Deadline.

(b)    If submitted by U.S. mail, Objections must be postmarked by the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Class Action Clerk received the Objection.  The Settlement Class Member must pay for Postage.

(c)    Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Fairness Hearing, appeal, collateral attack, or otherwise.

5.1.3. **Attendance at Final Fairness Hearing.** Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Fairness Hearing, either in person or through the Objector's counsel.  Any Objector wishing to appear and be heard at the Final Fairness Hearing must include a Notice of Intention to Appear in the

body of the Objector's Objection.  Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

5.1.4. **Objectors' Attorneys' Fees and Expenses.** If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and expenses.

5.1.5. **Court Approval for Payments to Objectors.** Unless approved by the Court after a hearing, no payment or other consideration may be provided to an Objector or an Objector's counsel in connection with foregoing or withdrawing an Objection or foregoing, dismissing, or abandoning an appeal from a judgment approving the Settlement, Service Awards, or the Fee and Expense Award.

5.1.6. **No Solicitation of Settlement Objections.** At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

5.2. **Requests for Exclusion.** The Notice shall advise all Settlement Class Members of their right to exclude themselves from the Settlement. This Settlement Agreement will not bind Settlement Class Members who opt-out of the Settlement.

5.2.1. **How to Opt-Out.** To request to be excluded from the Settlement, Settlement Class Members must timely submit a completed Opt-Out Form or other written request for exclusion from the Settlement.  This Opt-Out Form may be completed electronically on the Settlement Website or timely sent by U.S. mail to the Settlement Administrator.  If the Settlement Class Member chooses to request exclusion from the Settlement without an Opt-Out Form, such request must be timely sent by

U.S. mail to the Settlement Administrator, request exclusion, providing their name, address, a signature, the name and number of the Action, and a clear and explicit statement that they wish to be excluded from the Settlement.

5.2.2.  **Deadline to Opt-Out.** To be excluded from the Settlement, the Opt-Out Form or any written request to opt-out must be completed by the Objection and Exclusion Deadline.

(i)  If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted no later than 11:59 p.m. PST on or before the Objection and Exclusion Deadline.

(ii)  If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written request to opt-out shall be the exclusive means used to determine whether an request to opt-out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt-out of the Settlement.  The Settlement Class Member must pay for Postage.

5.2.3.  **Effect of Opt-Out.** Any person who falls within the definition of the DSL Settlement Class or ARL Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

5.2.4.  **Exclusion List.** No later than seven (7) days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class

Counsel and Defendants' Counsel with a list of all persons who have timely and validly excluded themselves from the Settlement.  The Exclusion List shall be filed with the Court as part of the Motion for Final Approval.

## 6. Releases

6.1. **No Admission of Liability.** This Settlement Agreement is made in compromise of a dispute.  Neither the Agreement nor anything that the Parties stated or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of either party's fault, liability, or wrongdoing.  Bumble expressly denies any liability or wrongdoing whatsoever.

6.2. **Named Plaintiffs' and Settlement Class Members' Release.** Upon the Effective Date of this Agreement, Nick King, Jr. and the Releasing ARL Settlement Class Members shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released ARL Claims, as defined in § 1.40 of this Agreement.  Upon the Effective Date of this Agreement, Deena Fischer, Elana Weinberger and the Releasing DSL Settlement Class Members shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released DSL Claims, as defined in § 1.41 of this Agreement.

6.3. **Release of Unknown Claims.** Releasing Named Plaintiffs, Releasing ARL Settlement Class Members, and Releasing DSL Settlement Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Releasing Named Plaintiffs, Releasing ARL Settlement Class Members, and Releasing DSL Settlement Class Members, and their Counsel to be true. Releasing Named Plaintiffs, Releasing ARL Settlement Class Members, and Releasing DSL Settlement Class Members expressly accept and assume the risk of this possible difference in

understandings of facts and agree that this Settlement Agreement remains effective despite any difference in such understandings of facts. Releasing Named Plaintiffs, Releasing ARL Settlement Class Members, and Releasing DSL Settlement Class Members further agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been agreed to.

6.4.   **Waiver of California Civil Code § 1542.** Releasing Named Plaintiffs, Releasing ARL Settlement Class Members, and Releasing DSL Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law. Releasing Named Plaintiffs, Releasing ARL Settlement Class Members, and Releasing DSL Settlement Class Members understand that California Civil Code § 1542 states:

> A general release does not extend to claims that the creditor or release party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

6.5.   **Enforcement.** The Named Plaintiffs' and Settlement Class Members' Release shall not bar a claim, complaint, action, or proceeding for breach of this Settlement Agreement, for which the Court shall retain jurisdiction to resolve and enforce.

## 7.  Court Approval of the Settlement

7.1.   **Cooperation to Obtain Court Approval.** The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement.   Class Counsel will draft and file the motions for Preliminary Approval and Final Approval.   Defendants' Counsel will be provided with advance copies of these papers prior to filing, and may join the motions or file separate briefs in support of Preliminary and Final Approval of the Settlement.

7.2.   **Settlement Classes.** The Parties agree that, solely for purposes of this Settlement, this Action should be certified and proceed as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only.   Class Counsel shall serve as counsel for the Settlement Classes.  Should Preliminary or Final Approval be denied, or the Settlement otherwise be invalidated or terminated, Bumble reserves all rights to challenge class certification and Plaintiffs agree not to use the fact of the Settlement or any aspect of the negotiation of the Settlement to argue in favor of class certification.

7.3.   **Preliminary Approval.** Within thirty (30) days after the execution of this Agreement, Plaintiffs, in consultation with Defendants, shall move the Court for an order seeking:

(a)   Certification of the Settlement Classes and appointment of the Class Representatives (Nick King, Jr. for the ARL Settlement Class and Deena Fischer and Elena Weinberger for the DSL Settlement Class);

(b)   Appoint David C. Parisi and Suzanne Havens Beckman of Parisi & Havens LLP and Grace E. Parasmo and Yitzchak H. Lieberman of Parasmo Lieberman Law as Class Counsel.

(c)   Preliminary Approval of the Settlement, approving the terms of this Agreement as fair, reasonable, and adequate and in the best interest of Settlement Class Members;

(d)   Approval of the Notice, including the form, manner, and content of the Email Notices, Mailed Notices, Website Notice, and the Press Release; and

(e)   Placement of the Final Fairness Hearing on the Court's calendar, with the hearing being set approximately one hundred and fifty (150) days after entry of Preliminary Approval, subject to the Court's availability.

7.4. **Final Approval.** At least fourteen (14) days prior to the Final Fairness Hearing, Plaintiffs, in consultation with Defendants, shall move the Court for the Final Approval Order seeking:

(a) Final Approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of Settlement Class Members;

(b) A finding that the Notice complied with the Settlement Agreement, all applicable law, and due process;

(c) Distribution of the Settlement Fund and approval of the Settlement Payments; and

(d) Dismissal of the Action and entry of a Final Approval Order.

7.5. **Effect If Settlement Not Approved.** The Settlement Agreement is being entered into for settlement purposes only.  If the Court does not grant Preliminary Approval, does not grant Final Approval, or if the Effective Date does not occur, this Settlement Agreement will be deemed null and void *ab initio.*  In that event:

(a) The Preliminary Approval Order and the Final Approval Order, to the extent they have been entered by the Court, will be vacated by operation of law;

(b) The Parties will be restored to their respective positions immediately preceding execution of the Agreement, and any intervening Court rulings or decisions shall be vacated;

(c) No term or condition of the Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect; nor shall any such matter be admissible as evidence for any purpose in the Action or any

other proceeding; nor shall any such matter be used in the Action for any purpose whatsoever;

(d)     Bumble will retain all of its rights to object to any attempt by Plaintiffs to reference, cite to, or rely upon, in any way, the Agreement or any factual or legal statement or conclusion within it, including as to the feasibility of the maintenance of the Action as a class action.

7.6.    **Modifications Suggested by the Court.** If the Court suggests any modifications to the Agreement or conditions either Preliminary Approval or Final Approval on modifications to the Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.  However, the Parties shall not be obligated to make any additions or modifications to the Agreement that would affect the benefits provided to Settlement Class Members, or the cost to or burden on Defendants, including additional or modified changes in practices, the content or extent of Notices required to Settlement Class Members, or the scope of any of the releases contemplated in this Agreement.  If the Court orders or proposes such additions or modifications, the Parties will each have the right to terminate the Settlement Agreement within seven (7) days from the date of the Court's order or proposal.  If any Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void *ab initio* and the provisions of § 7.5 will apply.

7.7.    Notwithstanding the foregoing, the Parties will not be entitled to terminate this Settlement Agreement based on any order relating to Class Counsel's anticipated motion for a Fee and Expense Award or to Plaintiffs' anticipated motion for Service Awards to the Plaintiffs, nor any appeal from such order or reversal or modification thereof.

8. **Class Counsel's Fees and Expenses**

8.1. **Fee and Expense Award.**  Class Counsel will file a motion with the Court seeking a portion of the Settlement Fund as payment of their reasonable attorneys' fees, as well as reimbursement of actual expenses, including experts and consultants, incurred in connection with prosecuting this Action. Bumble expressly reserves the right to oppose the motion seeking a Fee and Expense Award for any reason, at its discretion.

8.2. **Disclosure of Amounts Sought.**  In its Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the total amount of expenses (or best estimates for expenses not yet charged) for which they will seek reimbursement.  These amounts will also be disclosed in the Settlement Notice and posted on the Settlement Website.

8.3. **Motion for Attorneys' Fees and Expenses.** At least thirty-five (35) days prior to the Objection and Exclusion Deadline, Class Counsel will file a motion for award of attorneys' fees and expenses.  Class Counsel's motion for attorneys' fees and expenses will also be posted on the Settlement Website.

8.4. **Payment of Attorneys' Fees and Expenses.**  Class Counsel will be entitled to payment of Attorneys' Fees and Expenses awarded by the Court from the Settlement Fund and these sums shall be paid within fourteen (14) days after the Effective Date.

## 9. Service Awards

9.1. **Generally.** Class Counsel will seek Service Awards for each Class Representative in consideration for their service during the course of the Action and commensurate with their participation in the Action.

9.2. **Amount of Service Awards.** Any Service Awards are separate and apart from any Settlement Payments the Class Representatives may receive as a result of submitting Claims as Settlement Class Members.  Bumble expressly reserves the right to oppose the motion seeking a Service Award for any reason, at its discretion.

9.3. **Motion for Service Awards.** Class Counsel will provide the specific amounts they will seek in Service Awards for the Class Representatives at the same time they file a motion for attorneys' fees and expenses.  This request for Service Awards will be filed at least thirty-five (35) days prior to the Objection and Exclusion Deadline.  It will also be posted on the Settlement Website.

9.4. **No Condition of Support.** Each Class Representative shall receive any Service Award they are awarded by the Court, irrespective of whether they support the terms of the Settlement.

9.5. **Payment of Service Awards.** If awarded by the Court, the Service Awards shall be payable from the Settlement Fund within fourteen (14) days after the Effective Date**.** The Service Awards shall be sent to the Named Plaintiffs through an ACH Transfer or check.

## 10. Miscellaneous Terms

10.1. **Taxes.**  Settlement Class Members, Class Representatives and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments to them pursuant to the Settlement Agreement.

10.2. **Construction and Interpretation.** The following additional terms shall govern the construction and interpretation of this Agreement.

10.1.1. **Knowledge and Advice of Counsel.** Each party enters into the Settlement Agreement with the opportunity to seek the advice of counsel, and executes and delivers the Settlement Agreement being fully informed as to its terms, content, and effect.

10.1.2. **Entire Agreement.** The Agreement and attached exhibits set forth all terms agreed to by the Parties and supersede all previous or contemporaneous agreements between the Parties relating to the Agreement's subject matter.   In entering into the Settlement Agreement, no Party has relied on, and no Party will have any right or remedy based on, any statement, representation, or warranty, whether made negligently or innocently, except those expressly set forth in the Agreement.

10.1.3. **No Construction Against Any Party.** The terms of the Settlement Agreement have been negotiated at arm's-length among knowledgeable parties represented by experienced counsel.   The Parties agree that the normal rule of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of the Settlement Agreement, as the Parties each participated in the drafting of the Settlement Agreement.

10.1.4. **Headings and Captions.** The headings and captions of sections in the Settlement Agreement are inserted for convenience, reference, and identification purposes only, and shall not control, define, limit, or affect any provisions of the Agreement.

10.1.5. **Severability.** If any term or part of a term of the Settlement Agreement is found to be invalid, illegal, or unenforceable, the rest of the Agreement will remain in effect.

10.3. **Specific Prohibitions.** The following specific prohibitions shall apply to the Settlement Agreement as follows:

10.2.1. **No Assignment.** The Settlement Agreement, including any of the rights and duties of each party under the Agreement, may not be assigned without prior written approval by the other parties.

10.2.2. **No Waiver.** Neither party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of the Settlement Agreement.  Additionally, a waiver of any breach of the Settlement Agreement by any party shall not be deemed to be a waiver by any party of any other breach of the Agreement.

10.2.3. **No Third-Party Beneficiaries.** The Settlement Agreement does not confer any benefits on any third party unless expressly stated herein.

10.4. **Execution in Counterparts.** The Parties may execute the Settlement Agreement in counterparts, including PDF, facsimile, and any other electronic means, which, taken together, will constitute one instrument.

10.5. **Amendments.** Any amendment must be in writing, signed by Class Counsel and Defendants' Counsel, and expressly state that it is amending the Settlement Agreement.

10.6. **Governing Law.** All claims arising out of or relating to the Settlement Agreement will be governed by the laws of the State of California, without regard to, or application of, California's conflict of law rules.

10.7. **Enforcement and Jurisdiction.** The Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any alleged violations, any disputes, and the terms of any order entered pursuant to this Agreement.

**SIGNATORIES**

**IN WITNESS WHEREOF**, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

| | |
|---|---|
| **DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING LTD.** | **PLAINTIFFS NICK KING, JR., DEENA FISCHER, AND ELENA WEINBERGER** |
| AGREED TO: _____<br>COOLEY LLP<br>BY KYLE C. WONG<br><br>DATE: 6/22/2020<br><br>*Attorneys for Defendants Bumble Trading Inc. and Bumble Holding Ltd. as authorized and on behalf of Defendants Bumble Trading Inc. and Bumble Holding Ltd.* | AGREED TO: _____<br>PARISI & HAVENS LLP<br>BY DAVID C. PARISI<br>ATTORNEYS FOR PLAINTIFFS,<br>INDIVIDUALLY AND ON BEHALF OF THE<br>PROPOSED CLASSES<br><br>AGREED TO: _____<br>PARASMO LIEBERMAN LAW<br>BY GRACE E. PARASMO<br>ATTORNEYS FOR PLAINTIFFS,<br>INDIVIDUALLY AND ON BEHALF OF THE<br>PROPOSED CLASSES<br><br>AGREED TO: _____<br>NICK KING, JR.<br><br>AGREED TO: _____<br>DEENA FISCHER<br><br>AGREED TO: _____<br>ELENA WEINBERGER<br><br>DATE: _____ |

## SIGNATORIES

**IN WITNESS WHEREOF**, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

| **DEFENDANTS BUMBLE TRADING INC. AND** | **PLAINTIFFS NICK KING, JR., DEENA FISCHER, AND** |
|---|---|
| **BUMBLE HOLDING LTD.** | **ELENA WEINBERGER** |
| | |
| AGREED TO: _____ | AGREED TO: _____ |
|      COOLEY LLP |      PARISI & HAVENS LLP |
|      BY KYLE C. WONG |      BY DAVID C. PARISI |
| |      ATTORNEYS FOR PLAINTIFFS, |
| DATE: _____ |      INDIVIDUALLY AND ON BEHALF OF THE |
| |      PROPOSED CLASSES |
| *Attorneys for Defendants Bumble Trading Inc. and Bumble Holding Ltd. as authorized and on behalf of Defendants Bumble Trading Inc. and Bumble Holding Ltd.* | |
| | AGREED TO: _____ |
| |      PARASMO LIEBERMAN LAW |
| |      BY GRACE E. PARASMO |
| |      ATTORNEYS FOR PLAINTIFFS, |
| |      INDIVIDUALLY AND ON BEHALF OF THE |
| |      PROPOSED CLASSES |
| | |
| | AGREED TO: _____ |
| |      NICK KING, JR. |
| | |
| | AGREED TO: _____ |
| |      DEENA FISCHER |
| | |
| | AGREED TO: _____ |
| |      ELENA WEINBERGER |
| | DATE: 6/22/2020 |

**SIGNATORIES**

**IN WITNESS WHEREOF**, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

| | |
|---|---|
| **DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING LTD.** | **PLAINTIFFS NICK KING, JR., DEENA FISCHER, AND ELENA WEINBERGER** |
| AGREED TO: _____ <br>      COOLEY LLP <br>      BY KYLE C. WONG <br><br> DATE: _____ <br><br> *Attorneys for Defendants Bumble Trading Inc. and Bumble Holding Ltd. as authorized and on behalf of Defendants Bumble Trading Inc. and Bumble Holding Ltd.* | AGREED TO: _____ <br>      PARISI & HAVENS LLP <br>      BY DAVID C. PARISI <br>      ATTORNEYS FOR PLAINTIFFS, <br>      INDIVIDUALLY AND ON BEHALF OF THE <br>      PROPOSED CLASSES <br><br> AGREED TO: *Grace Parasmo* <br>      PARASMO LIEBERMAN LAW <br>      BY GRACE E. PARASMO <br>      ATTORNEYS FOR PLAINTIFFS, <br>      INDIVIDUALLY AND ON BEHALF OF THE <br>      PROPOSED CLASSES <br><br> AGREED TO: _____ <br>      NICK KING, JR. <br><br> AGREED TO: _____ <br>      DEENA FISCHER <br><br> AGREED TO: _____ <br>      ELENA WEINBERGER <br><br> DATE: _____ |

**SIGNATORIES**

**IN WITNESS WHEREOF**, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

| | |
|---|---|
| DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING LTD. | PLAINTIFFS NICK KING, JR., DEENA FISCHER, AND ELENA WEINBERGER |
| AGREED TO: _____<br>COOLEY LLP<br>BY KYLE C. WONG<br><br>DATE: _____<br>*Attorneys for Defendants Bumble Trading Inc. and Bumble Holding Ltd. as authorized and on behalf of Defendants Bumble Trading Inc. and Bumble Holding Ltd.* | AGREED TO: _____<br>PARISI & HAVENS LLP<br>BY DAVID C. PARISI<br>ATTORNEYS FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF THE PROPOSED CLASSES<br><br>AGREED TO: _____<br>PARASMO LIEBERMAN LAW<br>BY GRACE E. PARASMO<br>ATTORNEYS FOR PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF THE PROPOSED CLASSES<br><br>AGREED TO: *Nick King, Jr.* 6/22/2020<br>NICK KING, JR.<br><br>AGREED TO: _____ 6/22/2020<br>DEENA FISCHER<br><br>AGREED TO: *ELENA WEINBERGER* 6/22/2020<br>ELENA WEINBERGER<br><br>DATE: _____ |

- 41 -

# Exhibit A

**[Proposed Email Notice for DSL Settlement Class & ARL Settlement Class]**

### If you purchased a Bumble Boost subscription, you may be entitled to money
### Your Claim Number:_____

A class action settlement has been preliminarily approved by the U.S. District Court for the Northern District of California in a case called *King, et al. v. Bumble Trading, Inc., et al.*, No. 5:18-cv-06868.  Your rights may be affected and you may be entitled to a cash payment if you make a claim.

**What is the case about?**  The case alleges that Bumble's Terms & Conditions fail to notify subscribers of their legal right to cancel their Boost subscription and obtain a refund within three business days in violation of certain consumer protection laws that may apply to all of Bumble's Boost users nationwide.  The case also alleges that certain of Bumble's auto-renewal practices violate California law.  Bumble vigorously denies these allegations and has not admitted fault.

**What are the settlement benefits?**  Bumble has agreed to establish a settlement fund and to make certain changes to its Terms & Conditions and auto-renewal practices.

**Who is included in the settlement?** The Court certified two settlement classes.  You are in the nationwide class if you purchased a Bumble Boost subscription in the United States any time between November 13, 2014 and [Date Preliminary Approval Granted].  You are also in the California class if you purchased Boost in California and your subscription was auto-renewed during this time period.  You received this email because records indicate **you may be in both classes**.

**How much will I get paid?** Your total payment amount will depend on the number of valid claims submitted, which class or classes you are a member of, how much you paid for Boost, and how much the Court may approve for attorneys' fees and expenses (which may be up to $_____ which would be ____% of the settlement fund), and any service awards (which may be up to $_____) to the three class representatives, which amounts will be deducted from the settlement fund.  **Class Counsel estimate that as a member of both classes, you will likely receive on average of between ____ and _____, depending on the number of valid claims submitted and the amount of the fees, expenses and awards approved by the Court.**

**How do I receive payment?** To receive a cash payment, go to www.xxxx.com, enter your Claim Number listed above, and the information requested, including how you'd like to be paid (PayPal, Venmo, Zelle, or check).  You may also call xxx-xxx-xxxx to obtain a claim form.  **All claim forms must be postmarked or submitted online by _____.**

**Released Claims**. If you submit a claim, do nothing, or do not exclude yourself from the settlement, you will be releasing Bumble from certain claims relating to the automatic renewal of a Boost subscription as well as certain claims relating to your purchase of Boost or the denial of a refund.  This means you will not be able to sue for those claims in the future.  For more information on the released claims and who you are releasing, view the full class notice at the website below.

**Exclude yourself:**  If you do not want to be legally bound by the settlement, you must either exclude yourself online at www.xxx.com, or mail the opt-out form available at www.xxxx.com to [Settlement Administrator address].  **All exclusion requests must be postmarked or submitted online by _____.**

**Do nothing.**  If you do nothing, you will not receive a cash payment and you will release any claims you may have that relate to the factual and legal issues in the case.

**Object to the settlement:**  If you wish to object to the settlement, you must send a written objection to the Court, following the instructions in the notice found at www.xxxx.com.. Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.  You can also file your objection in person at any location of the United States District Court for the Northern District of California.  **Your objection must filed with the Court, or if mailed, postmarked by _____.**  Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.

**Final Approval:**  The Court will hold a hearing on **XXXXXXXXXX**X, at ___.m., at the United States District Court for the Northern District of California, Courtroom 5, 280 1st Street, San Jose, California 94551, to consider whether to approve the Settlement.  The Court may reschedule the hearing, and the hearing may be held by video or telephonic conference, without further notice to class members.  Be sure to check the settlement website for updates.  You may appear at the hearing, either in person or through an attorney hired by you, but you are not required to do so.

This notice is only a summary.  For more information and to view the full class notice, call **1-XXX-XXX-XXXX**, or visit **www.XXXXXXXXXXXXXXX.com**.  Please do not call the Court or clerk's office with questions about the settlement.

**Use of Data:**  To contact you and process your claim, Bumble Trading Inc., Bumble Holding Ltd. (Bumble) and the Settlement Administrator may process certain personal information, including your name, email, phone number, Boost purchase details, and any information that you submit in your claim. This information will or has been used by Bumble and the Settlement Administrator to notify you about the settlement and to

process your claim. It is in Bumble's legitimate interests to use your data to enable settlement of claims. Bumble will share your data with the Settlement Administrator solely for use in this settlement and may transfer your data from the UK to the US for these purposes only under model clauses that have been put in place between Bumble Holding Ltd and the Settlement Administrator, found here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915. To review Bumble's Privacy Policy, visit https://bumble.com/privacy.

# Exhibit B

COURT AUTHORIZED
NOTICE OF CLASS ACTION
AND PROPOSED SETTLEMENT

**Claims Administrator**
P.O. Box _____
_____, ___, _____

First-Class
Mail
US Postage
Paid
Permit #___

**You May be a Member of a
Class Action and Could Get
Money from a Settlement
if You Make a Claim.**

«Barcode»

Postal Service: Please do not mark barcode

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «ST»  «Zip»
«Country»

# If you purchased a Bumble Boost subscription, you may be entitled to money
## Your Claim Number:_____

A class action settlement has been preliminarily approved by the U.S. District Court for the Northern District of California in a case called *King, et al. v. Bumble Trading, Inc., et al.*, No. 5:18-cv-06868. Your rights may be affected and you may be entitled to a cash payment if you make a claim.

**What is the case about?** The case alleges that Bumble's Terms & Conditions fail to notify subscribers of their legal right to cancel their Boost subscription and obtain a refund within three business days in violation of certain consumer protection laws that may apply to all of Bumble's Boost users nationwide. The case also alleges that certain of Bumble's auto-renewal practices violate California law. Bumble vigorously denies these allegations and has not admitted fault.

**What are the settlement benefits?** Bumble has agreed to establish a settlement fund and to make certain changes to its Terms & Conditions and auto-renewal practices.

**Who is included in the settlement?** The Court certified two settlement classes. You are in the nationwide class if you purchased a Bumble Boost subscription in the United States any time between November 13, 2014 and [Date Preliminary Approval Granted]. You are also in the California class if you purchased Boost in California and your subscription was auto-renewed during this time period. You received this postcard because records indicate **you may be in both classes**.

**How much will I get paid?** Your total payment amount will depend on the number of valid claims submitted, which class or classes you are a member of, how much you paid for Boost, and how much the Court may approve for attorneys' fees and expenses (which may be up to $_____ which would be ___% of the settlement fund), and any service awards (which may be up to $_____) to the three class representatives, which amounts will be deducted from the settlement fund. **Class Counsel estimate that as a member of both classes, you will likely receive on average of between ___ and ____, depending on the number of valid claims submitted and the amount of the fees, expenses and awards approved by the Court.**

**How do I receive payment?** To receive a cash payment, go to www.xxxx.com, enter your Claim Number listed above, and the information requested, including how you'd like to be paid (PayPal, Venmo, Zelle, or check). You may also call xxx-xxx-xxxx to obtain a claim form. **All claim forms must be postmarked or submitted online by _____.**

**Released Claims**. If you submit a claim, do nothing, or do not exclude yourself from the settlement, you will be releasing Bumble from certain claims relating to the automatic renewal of a Boost subscription as well as certain claims relating to your purchase of Boost or the denial of a refund. This means you will not be able to sue for those claims in the future. For more information on the released claims and who you are releasing, view the full class notice at the website below.

**Exclude yourself:** If you do not want to be legally bound by the settlement, you must either exclude yourself online at www.xxx.com, or mail the opt-out form available at www.xxxx.com to [Settlement Administrator address]. **All exclusion requests must be postmarked or submitted online by _____.**

**Do nothing.** If you do nothing, you will not receive a cash payment and you will release any claims you may have that relate to the factual and legal issues in the case.

**Object to the settlement:** If you wish to object to the settlement, you must send a written objection to the Court, following the instructions in the notice found at www.xxxx.com.. Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113. You can also file your objection in person at any location of the United States District Court for the Northern District of California. **Your objection must filed with the Court, or if mailed, postmarked by _____.** Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.

**Final Approval:** The Court will hold a hearing on XXXXXXXXXXX, at ___.m., at the United States District Court for the Northern District of California, Courtroom 5, 280 1st Street, San Jose, California 94551, to consider whether to approve the Settlement. The Court may reschedule the hearing, and the hearing may be held by video or telephonic conference, without further notice to class members. Be sure to check the settlement website for updates. You may appear at the hearing, either in person or through an attorney hired by you, but you are not required to do so.

This notice is only a summary. For more information and to view the full class notice, call **1-XXX-XXX-XXXX**, or visit **www.XXXXXXXXXXXXXXX.com**. Please do not call the Court or clerk's office with questions about the settlement.

**Use of Data:** To contact you and process your claim, Bumble Trading Inc., Bumble Holding Ltd. (Bumble) and the Settlement Administrator may process certain personal information, including your name, email, phone number, Boost purchase details, and any information that you submit in your claim. This information will or has been used by Bumble and the Settlement Administrator to notify you about the settlement and to process your claim. It is in Bumble's legitimate interests to use your data to enable settlement of claims. Bumble will share your data with the Settlement Administrator solely for use in this settlement and may transfer your data from the UK to the US for these purposes only under model clauses that have been put in place between Bumble Holding Ltd and the Settlement Administrator, found

here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915. To review Bumble's Privacy Policy, visit https://bumble.com/privacy.

# Exhibit C

**[Proposed Email Notice for DSL Settlement Class]**

**If you purchased a Bumble Boost subscription, you may be entitled to money**
**Your Claim Number:_____**

A class action settlement has been preliminarily approved by the U.S. District Court for the Northern District of California in a case called *King, et al. v. Bumble Trading, Inc., et al.*, No. 5:18-cv-06868.  Your rights may be affected and you may be entitled to a cash payment if you make a claim.

**What is the case about?**  Plaintiffs allege that Bumble's Terms & Conditions fail to notify subscribers of their legal right to cancel their Boost subscription and obtain a refund within three business days in violation of certain consumer protection laws that may apply to all of Bumble's Boost users nationwide  Plaintiffs also allege that for certain California subscribers, Bumble violated California Business and Professions Code sections 17600 to 17606.  Bumble vigorously denies these allegations and has not admitted fault.

**What are the settlement benefits?**  Bumble has agreed to establish a  settlement fund and to make certain changes to its Terms & Conditions and practices.

**Who is included in the settlement?** The Court certified two settlement classes.  You are in the nationwide class if you purchased a Bumble Boost subscription in the United States any time between November 13, 2014 and <mark>[Date Preliminary Approval Granted]</mark>.  The California class applies only to certain people with California Business and Professions Code sections 17600 to 17606 claims.  You received this email because records indicate **you are in the nationwide class only**.

**How much will I get paid?**  Your total payment amount will depend on the number of valid claims submitted, which class or classes you are a member of, how much you paid for Boost, and how much the Court may approve for attorneys' fees and expenses (which may be up to $_____ which would be ____% of the settlement fund), and any service awards (which may be up to $_____) to the three class representatives, which amounts will be deducted from the settlement fund. Nationwide class members will receive a pro-rata portion of the amount of the fund allocated to the nationwide class.  **Class Counsel estimate that as a member of the nationwide class, you will likely receive between <mark>$____</mark> and <mark>$____</mark>, depending on the number of valid claims submitted and the amount of fees, expenses and awards approved by the Court.**

**How do I receive payment?** To receive a cash payment, go to www.xxxxx.com, enter your Claim Number listed above, and  the information requested, including how you'd like to be paid (PayPal, Venmo, Zelle, or check).  You may also call xxx-xxx-xxxx to obtain a claim form.  **All claim forms must be postmarked or submitted online by _____.**

**Released Claims**. If you submit a claim, do nothing, or do not exclude yourself from the settlement, you will be releasing Bumble from certain claims relating to your purchase of Boost or the denial of a refund. This means that you will not be able to sue for those claims in the future. For more information on the released claims and who you are releasing, view the full class notice at the settlement website below.

**Exclude yourself:**  If you do not want to be legally bound by the settlement, you must either exclude yourself online at www.xxxx.com, or mail the opt-out form available at www.xxxx.com to <mark>[Settlement Administrator address]</mark>.  **All exclusion requests must be postmarked or submitted online by _____.**

**Do nothing.**  If you do nothing, you will not receive a cash payment and you will release any claims you may have that relate to the factual and legal issues in the case.

**Object to the settlement:**  If you wish to object to the settlement, you must send a written objection to the Court, following the instructions in the notice found at www.xxxxx.com. Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.  You can also file your objection in person at any location of the United States District Court for the Northern District of California.  **Your objection must be filed with the Court, or if mailed, postmarked by _____.**  Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.

**Final Approval:**  The Court will hold a hearing on **XXXXXXXXXX**X, at ____.m., at the United States District Court for the Northern District of California, Courtroom 5, 280 1st Street, San Jose, California 94551, to consider whether to approve the Settlement.  The Court may reschedule the hearing, and the hearing may be held by video or telephonic conference, without further notice to class members.  Be sure to check the settlement website for updates.  You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so.

This notice is only a summary.  For more information and to view the full class notice, call **1-XXX-XXX-XXXX**, or visit **www.XXXXXXXXXXXXXXX.com**.  Please do not call the Court or clerk's office with questions about the settlement.

**Use of Data:**  To contact you and process your claim, Bumble Trading Inc., Bumble Holding Ltd. (Bumble) and the Settlement Administrator may process certain personal information, including your name, email, phone number, Boost purchase details, and any information that you submit in your claim. This information will or has been used by Bumble and the Settlement Administrator to notify you about the settlement and to process your claim. It is in Bumble's legitimate interests to use your data to enable settlement of claims. Bumble will share your data with the Settlement Administrator solely for use in this settlement and may transfer your data from the UK to the US for these purposes only under model clauses that have been put in place between Bumble Holding Ltd and the Settlement Administrator, found here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915. To review Bumble's Privacy Policy, visit https://bumble.com/privacy.

# Exhibit D

COURT AUTHORIZED
NOTICE OF CLASS ACTION
AND PROPOSED SETTLEMENT

**Claims Administrator**
P.O. Box _____
_____, ___, _____

First-Class
Mail
US Postage
Paid
Permit #__

**You May be a Member of a
Class Action and Could Get
Money from a Settlement
if You Make a Claim.**

«Barcode»

Postal Service: Please do not mark barcode

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «ST»  «Zip»
«Country»

# If you purchased a Bumble Boost subscription, you may be entitled to money
## Your Claim Number:_____

A class action settlement has been preliminarily approved by the U.S. District Court for the Northern District of California in a case called *King, et al. v. Bumble Trading, Inc., et al.*, No. 5:18-cv-06868.  Your rights may be affected and you may be entitled to a cash payment if you make a claim.

**What is the case about?**  Plaintiffs allege that Bumble's Terms & Conditions fail to notify subscribers of their legal right to cancel their Boost subscription and obtain a refund within three business days in violation of certain consumer protection laws that may apply to all of Bumble's Boost users nationwide.  Plaintiffs also allege that for certain California subscribers, Bumble violated California Business and Professions Code sections 17600 to 17606.  Bumble vigorously denies these allegations and has not admitted fault.

**What are the settlement benefits?**  Bumble has agreed to establish a  settlement fund and to make certain changes to its Terms & Conditions and practices.

**Who is included in the settlement?** The Court certified two settlement classes.  You are in the nationwide class if you purchased a Bumble Boost subscription in the United States any time between November 13, 2014 and [Date Preliminary Approval Granted].  The California class applies only to certain people with California Business and Professions Code sections 17600 to 17606 claims.  You received this postcard because records indicate **you are in the nationwide class only**.

**How much will I get paid?**  Your total payment amount will depend on the number of valid claims submitted, which class or classes you are a member of, how much you paid for Boost, and how much the Court may approve for attorneys' fees and expenses (which may be up to $_____ which would be ___% of the settlement fund), and any service awards (which may be up to $_____) to the three class representatives, which amounts will be deducted from the settlement fund. Nationwide class members will receive a pro-rata portion of the amount of the fund allocated to the nationwide class. **Class Counsel estimate that as a member of the nationwide class, you will likely receive between $___ and $___, depending on the number of valid claims submitted and the amount of fees, expenses and awards approved by the Court.**

**How do I receive payment?** To receive a cash payment, go to www.xxxxx.com, enter your Claim Number listed above, and the information requested, including how you'd like to be paid (PayPal, Venmo, Zelle, or check).  You may also call xxx-xxx-xxxx to obtain a claim form.  **All claim forms must be postmarked or submitted online by _____.**

**Released Claims**. If you submit a claim, do nothing, or do not exclude yourself from the settlement, you will be releasing Bumble from certain claims relating to your purchase of Boost or the denial of a refund. This means that you will not be able to sue for those claims in the future.  For more information on the released claims and who you are releasing, view the full class notice at the settlement website below.

**Exclude yourself:**  If you do not want to be legally bound by the settlement, you must either exclude yourself online at www.xxxx.com, or mail the opt-out form available at www.xxxx.com to [Settlement Administrator address].  **All exclusion requests must be postmarked or submitted online by _____.**

**Do nothing.**  If you do nothing, you will not receive a cash payment and you will release any claims you may have that relate to the factual and legal issues in the case.

**Object to the settlement:**  If you wish to object to the settlement, you must send a written objection to the Court, following the instructions in the notice found at  www.xxxxx.com.  Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113. You can also file your objection in person at any location of the United States District Court for the Northern District of California. **Your objection must be filed with the Court, or if mailed, postmarked by _____.**  Objections which are mailed must be sent to Class Action Clerk, United States Courthouse, Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113.

**Final Approval:**  The Court will hold a hearing on XXXXXXXXXXX, at ___.m., at the United States District Court for the Northern District of California, Courtroom 5, 280 1st Street, San Jose, California 94551, to consider whether to approve the Settlement.  The Court may reschedule the hearing, and the hearing may be held by video or telephonic conference, without further notice to class members.  Be sure to check the settlement website for updates.  You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so.

This notice is only a summary.  For more information and to view the full class notice, call **1-XXX-XXX-XXXX**, or visit **www.XXXXXXXXXXXXXXX.com**. Please do not call the Court or clerk's office with questions about the settlement.

**Use of Data:** To contact you and process your claim, Bumble Trading Inc., Bumble Holding Ltd. (Bumble), and the Settlement Administrator may process certain personal information, including your name, email, phone number, Boost purchase details, and any information that you submit in your claim. This information will or has been used by Bumble and the Settlement Administrator to notify you about the settlement and to process your claim. It is in Bumble's legitimate interests to use your data to enable settlement of claims. Bumble will share your data with the Settlement Administrator

solely for use in this settlement and may transfer your data from the UK to the US for these purposes only under model clauses that have been put in place between Bumble Holding Ltd and the Settlement Administrator, found here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915. To review Bumble's Privacy Policy, visit https://bumble.com/privacy.

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you purchased Bumble Boost any time between November 13, 2014 and ____, you could get a payment from a class action settlement.

**A federal court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The **only** way to get a payment. You will be bound by the terms of the Settlement and will give up your rights to sue Bumble about the issues in this case. | |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Bumble about the issues in this case. | |
| **OBJECT** | Write to the Court and explain why you do not like the Settlement. | |
| **GO TO HEARING** | Ask to speak in Court about the fairness of the Settlement. | |
| **DO NOTHING** | You **will not** get a payment and will give up your rights to sue Bumble about the issues in this case. | No Deadline |

- A settlement has been reached in a class action against Bumble Trading Inc. and Bumble Holding Ltd. (Bumble).  The case alleges that Bumble's Terms & Conditions fail to notify subscribers of their legal right to cancel their Boost subscription and obtain a refund within three business days in violation of certain consumer protection laws that may apply to all of Bumble's Boost users nationwide.  The case also alleges that for certain users in California, Bumble's auto-renewal practices violate California law. Bumble vigorously denies these allegations and does not admit fault.

- There are two classes in this case—a Nationwide and a California class. You are a Nationwide Class Member if you purchased Bumble Boost in the United States at any time between November 13, 2014 and [Date Preliminary Approval Granted].  You are in both the Nationwide and California Classes if you purchased Bumble Boost in California and your subscription was auto-renewed during this time period.

QUESTIONS? CALL [NUMBER] TOLL FREE, OR [WEBSITE]

1

- The Settlement establishes a $22.5 million fund which will be used to pay Settlement Class Members after deductions for amounts that the Court may approve for notice and administration of the Settlement, attorneys' fees and expenses, and service awards for the Class Representatives.

- **Class Counsel estimate that the average payment for persons who are only members of the Nationwide Class will be between $_____ and $_____.  These estimates depend on the number of valid claims submitted and the amount of fees, expenses and awards that may be approved by the Court.**

- **Class Counsel estimate that a person who is a member of both the Nationwide Class and the California Class will receive an average payment of between $_____ and $_____ when the payments for the two classes are combined.  These estimates depend on how much you were charged in auto-renewal fees for Bumble Boost, the number of valid claims submitted and the amount of fees, expenses and awards that may be approved by the Court.**

- To get a payment, you must select your payment method (Venmo, Zelle, PayPal, or check) by submitting a claim form no later than _____.

- **Please read this notice carefully.** Your legal rights may be affected whether you act or do not act.  These rights and options—and **the deadlines to exercise them—**are explained in this Notice.

The Court in charge of this case has not yet decided whether to approve the Settlement. Payments will be provided only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## Table of Contents

| | | |
|---|---|---|
| 1. | Why was this Notice issued? | 4 |
| 2. | What is a class action lawsuit? | 4 |
| 3. | What is this lawsuit about? | 4 |
| 4. | Why is there a Settlement? | 5 |
| 5. | How do I know if I am part of the Settlement? | 5 |
| 6. | Are there any exceptions to being included in the Settlement? | 5 |
| 7. | I'm not sure if I'm included. | 6 |
| 8. | What does the Settlement provide? | 6 |
| 9. | How much will my payment be? | 6 |
| 10. | How will my payment be calculated? | 7 |
| 11. | How can I get a payment? | 7 |
| 12. | How will my claims be processed? | 8 |
| 13. | When will I get my payment? | 8 |
| 14. | What rights am I giving up to receive a settlement payment or stay in the Settlement Class? | 8 |
| 15. | How do I get out of the Settlement? | 10 |
| 16. | If I don't exclude myself, can I sue Bumble for the same thing later? | 10 |
| 17. | If I exclude myself, can I get money from this Settlement? | 10 |
| 18. | Do I have a lawyer in this case? | 10 |
| 19. | How will the lawyers be paid? | 11 |
| 20. | How do I tell the Court I do not like the Settlement? | 11 |
| 21. | What is the difference between objecting and asking to be excluded? | 12 |
| 22. | When and where will the Court decide whether to approve the Settlement? | 12 |
| 23. | Do I have to come to the hearing? | 13 |
| 24. | May I speak at the hearing? | 13 |
| 25. | What happens if I do nothing at all? | 13 |
| 26. | Are there more details about the Settlement? | 13 |
| 27. | How do I get more information? | 13 |

## BASIC INFORMATION

| 1.   Why was this Notice issued? |
| --- |

A Court authorized this Notice to let you know about a proposed Settlement of a class action lawsuit with Bumble.  You have legal rights and options that you may exercise before the Court decides whether to approve the proposed Settlement.  This Notice explains the Lawsuit, the Settlement, and your legal rights.

Magistrate Judge Nathanael Cousins of the U.S. District Court for the Northern District of California is overseeing this class action.  The case is known as *King et al. v. Bumble Trading, Inc. et al.,* No. 5:18-cv-06868-NC.  The individuals who sued are called the Class Representatives.  The companies they sued, Bumble Trading Inc. and Bumble Holding Ltd., are called the Defendants.

| 2.   What is a class action lawsuit? |
| --- |

In a class action, one or more Class Representatives sue on behalf of a group of people who have similar claims.  In this case and under this Settlement, these people are together called a "Settlement Class" or "Settlement Class Members," except for those who exclude themselves from the Settlement Class.  In a class action, the court resolves the issues for all Settlement Class Members.  After the parties reached an agreement to settle this case, the Court recognized it as a case that may be treated as a class action for settlement purposes only.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3.   What is this lawsuit about? |
| --- |

The lawsuit claims that Bumble's Terms & Conditions, which stated that New York law applies to all Bumble users nationwide, violated New York law because they did not notify Boost purchasers of their legal right to cancel Bumble Boost and obtain a refund within three business days.  The lawsuit claims that Bumble violated the New York Dating Services Law, N.Y. G.B.L. § 394-c and New York's consumer protection law, N.Y. GBL § 349.  If these laws are violated, a person is entitled to receive actual damages or up to $50 statutory damages, whichever is greater.  Plaintiffs also allege claims for unjust enrichment.

The lawsuit also alleges claims under California law for consumers who purchased Bumble Boost subscriptions in California.  The Court decided that Plaintiffs could proceed with claims based on violations of California's Automatic Renewal Law, Cal. Bus. Prof. Code § 17600, *et. seq.,* because the law represents a fundamental policy in California. The lawsuit alleges that Bumble violated California's Automatic Renewal Law in certain ways, including not adequately disclosing the automatic renewal offer terms of the Bumble Boost subscription in a clear and conspicuous manner. The lawsuit alleges these practices violate California's Unfair Competition

Law, California Business & Professions Code § 17200, *et seq.*, California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(14), and give rise to a common count for money had and received.

Bumble vigorously denies all allegations of wrongdoing and denies liability as to all claims. The Settlement is not an admission of, and does not establish any, wrongdoing by Bumble.

More information about the complaint in the lawsuit and Bumble's answer can be found in the "Court Documents" section of this Settlement website at [URL to Documents section of website].

| **4.  Why is there a Settlement?** |
| --- |

The Court has not decided whether the Class Representatives or Bumble should win this case. Instead, both sides agreed to a Settlement.  The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| **5.  How do I know if I am part of the Settlement?** |
| --- |

You are included in the Settlement if you fit one or both of the following descriptions:

- The **Nationwide Class** includes all persons in the United States who purchased Bumble Boost at any time between November 13, 2014 and [Date Preliminary Approval Granted]. (This is called the DSL Settlement Class in the Settlement Agreement.)

- The **California Class** includes all persons who purchased Bumble Boost, within California, any time between November 13, 2014 and [Date Preliminary Approval Granted], and had their credit card, debit card, and/or a third-party payment account charged as part of Bumble's automatic renewal program or a continuous service program. (This is called the ARL Settlement Class in the Settlement Agreement.)

If you are in the California Class and you are also in the Nationwide Class, you will receive payments from each class if you timely make a valid claim.

If you received an email or postcard about this class action, Bumble's records show that you may be part of the Settlement.

| **6.  Are there any exceptions to being included in the Settlement?** |
| --- |

You are not a Settlement Class Member if you are (1) a Judge or mediator presiding over this Action, or a member of their immediate families; (2) Bumble or a Bumble employee; (3) a person who properly and timely requested to be excluded from the Settlement; (4) Class Counsel; or (5) the legal representatives, successors, or assigns of any of these excluded persons.

| 7.  I'm not sure if I'm included. |
|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-000-0000 or visit www XYZsettlement com for more information. Or you can fill out and return the claim form described in Question __, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.  What does the Settlement provide? |
|---|

Bumble has agreed to create a settlement fund to be divided among all Settlement Class Members who send in a valid claim form, after deducting amounts the Court may approve for notice and administration costs, attorneys' fees and expenses, and Class Representatives' service awards.

Bumble also agrees to change certain of its practices and enter into an injunction that requires Bumble to adopt certain business practices for a period of 18 months.  As long as New York Law is designated as the law governing Bumble's relationship with Bumble users, Bumble's Terms & Conditions will inform consumers nationwide of their rights to cancel their Bumble Boost subscription and obtain a full refund within three business days of their initial purchase. Moreover, in the event that Bumble changes the governing law, it agrees to provide consumers who reside in eleven states with notice of their right to cancel within three business days and obtain a full refund under their state's dating service law.

Bumble will also change certain of its subscription purchase flows in the Bumble App for users that purchase directly from Bumble, and not through a separate platform, to clearly and conspicuously disclose that Boost subscriptions purchased directly from Bumble will automatically renew for the same period and price unless the subscriber cancels at least 24 hours before the end of the period and these disclosures will describe the cancellation process.  Bumble will also send a confirmation email containing this information to these users following a Boost purchase.

Bumble denies that it is legally obligated to make any of these changes but is doing so as part of the Settlement.  The full terms of the injunctive relief can be found in the Settlement Agreement.

| 9.  How much will my payment be? |
|---|

Your total payment amount will depend on the number of valid claims submitted, which class or classes you are a member of, and for California Class members, the total amount you were charged to renew Boost.  Your total payment amount will also depend on how much the Court may approve for attorneys' fees and expenses (which may be up to $_____), and any service awards (which may be up to $_____) to the three Class Representatives, which will be deducted from the settlement fund.

- Class Counsel estimate that the average payment for persons who are only members of the Nationwide Class will be between $_____ and $_____. These estimates depend on the number of valid claims submitted and the amount of fees, expenses and awards that may be approved by the Court.

- Class Counsel estimate that a person who is a member of both the Nationwide and California Class will receive an average payment of between $_____ and $_____ when the payments for the two classes are combined. These estimates depend on how much you were charged in auto-renewal fees for Bumble Boost, the number of valid claims submitted and the amount of fees, expenses and awards that may be approved by the Court.

| 10.  How will my payment be calculated? |

**Payment to Nationwide Class.**  Nationwide Class members will receive a proportionate and equal share of the Nationwide fund, up to $100.  If, after payments are made, there is money remaining in the Nationwide fund, then Nationwide Class members may be paid an additional amount.  This additional amount, when combined with the first payment received from the Nationwide fund, may be up to $100.

**Payment to California Class.**  California Class members will receive a share of the California fund proportionate to the amount the person was charged in renewal fees (after the initial subscription charge) for Boost.  If, after payments are made, there is money remaining in the California fund, the California Class members may be paid an additional amount.  This additional amount, when combined with the first payment received from the California fund, may be up to the total amount that California Class members were charged in auto-renewal fees for Boost.

If you are in both classes, your total payment will include a payment as a Nationwide Class member and a payment as a California Class member.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

| 11. How can I get a payment? |

To get a payment, you must submit a valid, timely claim form. The claim form will allow you select a payment method (Venmo, Zelle, PayPal, or check).

If you are a member of the Nationwide Class only, you should submit a Nationwide claims form.

If you are a member of both the Nationwide Class and the California Class, you should submit a combined claim form.

QUESTIONS? CALL [NUMBER] TOLL FREE, OR [WEBSITE]

The claim forms are available on this website or by calling [Settlement Administrator number], toll-free.

A claim form may be submitted online or by U.S. Mail sent to [address]. When submitting a claim form online, go to www.xxxx.com , and enter your Claim Number, which can be found on the postcard or email you received, to be directed to the proper claim form.  If you do not have a Claim ID, you will be asked to enter other information.

If you timely file a valid Claim Form and your claim is approved, you will receive a payment.

Please read the claim forms carefully and provide all the information required.

***All Claim Forms must be submitted online or <u>postmarked</u> if mailed and properly completed by [claims deadline].***

| **12. How will my claims be processed?** |
| --- |

To contact you and process claims, Bumble Trading Inc., Bumble Holding Ltd (Bumble), and the Settlement Administrator may process certain personal information, including your name, contact details (including email and phone number), your Boost transactions details, and information that you submit in the claims process. This information will or has been used by Bumble and the Settlement Administrator to notify you about your entitlement to payment and to administer claims. It is in Bumble's legitimate interests to use your data for these purposes to enable settlement of claims. Your data will be shared with the Settlement Administrator solely for use in this settlement. Your personal information may be transferred from the UK to the US for these purposes, pursuant to clauses that have been put in place between Bumble Holding Ltd. and the Settlement Administrator, modelled after the clauses found here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915. The Bumble Privacy Policy is here: https://bumble.com/privacy.

| **13.  When will I get my payment?** |
| --- |

The hearing to consider the final fairness of the Settlement is scheduled for [insert Final Approval Hearing date].  If the Court approves the Settlement, and after any appeals process is completed, Settlement Class Members whose claims were approved will be sent a check in the mail or receive funds electronically.  If Final Approval is granted, payments will be issued no sooner than _____, but it could be longer.  Please be patient.  All checks will expire and become void 90 days after they are issued.

| **14.  What rights am I giving up to receive a settlement payment or stay in the Settlement Class?** |
| --- |

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you

cannot sue, continue to sue, or be part of any other lawsuit against Bumble about the legal issues in this case. It also means that all of the Court's orders in this case will apply to you and legally bind you.

**If you are a member of the Nationwide Class, you will be releasing and giving up:**

> any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities brought by a member of the Nationwide  Class, whether known, unknown, legal, equitable, or otherwise, that arise out of or relate to the allegations in the operative complaint and that occurred between November 13, 2014 and [Date Preliminary Approval Granted], relating to the purchase of Bumble Boost or denial of a refund for the purchase of Bumble Boost.

**If you are a member of the California Class, you will be releasing and giving up:**

> any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities brought by a member of the California Class, whether known, unknown, legal, equitable, or otherwise, that arise out of or relate to the allegations in the operative complaint and that occurred between November 13, 2014 and [Date Preliminary Approval Granted], relating to the "automatic" renewal of any Bumble Boost subscription and the disclosures, acknowledgments, advertisements, trials, and features of any "automatic" renewal of any Bumble Boost subscription.

**This includes a release of unknown claims and a waiver under California Civil Code § 1542.**

**All Settlement Class Members will be releasing the following entities or persons:**

> Defendants Bumble Trading Inc. and Bumble Holding Ltd., as well as all of Bumble Trading Inc.'s and Bumble Holding Ltd.'s current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Bumble Trading Inc.'s and/or Bumble Holding Ltd.'s behalf, including but not limited to Badoo Trading Limited, Social Online Payments Ltd., Social Online Payments LLC, and Worldwide Vision Ltd.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue Bumble, on your own, about the legal issues in this case, then you must take steps to remove yourself from this case. This is called excluding yourself—or is sometimes referred to as opting out of the settlement class.

QUESTIONS? CALL [NUMBER] TOLL FREE, OR [WEBSITE]

### 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must submit a completed Opt-Out Form online or send a letter by mail, stating that you want to be excluded from the Settlement in *King et al. v. Bumble Trading, Inc. et al.,* No. 5:18-cv-06868-NC.  You must include your name, your current address and telephone number, the email address and telephone number associated with the Bumble account through which you purchased Bumble Boost, and your signature.  You **cannot** exclude yourself by phone or email. You must either submit the Opt-Out Form online through this website or mail your exclusion request (postmarked) no later than **[objection / exclusion deadline]** to:

[Settlement Administrator]
Address
Address

Your Opt-Out Form or exclusion request may be submitted online or, if mailed, postmarked no later than _____.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Bumble in the future.

### 16. If I don't exclude myself, can I sue Bumble for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Bumble for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Settlement to continue your own lawsuit. Remember, the exclusion deadline is _____.

### 17.  If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, you cannot submit a claim form to ask for any money. However, you may sue, continue to sue, or be part of a different lawsuit against Bumble.

**THE LAWYERS REPRESENTING YOU**

### 18. Do I have a lawyer in this case?

The Court appointed the law firms Parasmo Lieberman Law (424-241-2776) and Parisi & Havens LLP (818-990-1299) to represent you and other Settlement Class Members. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

QUESTIONS? CALL [NUMBER] TOLL FREE, OR [WEBSITE]
10

| 19.  How will the lawyers be paid? |
| --- |

Class Counsel have not received any payment for their services in pursuing claims against Bumble on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Class counsel will ask the Court to approve payment of up to $_____ to them for attorneys' fees and expenses, and payment of $_____each to Nick King Jr., Deena Fischer, and Elena Weinberger for their services as Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement. The Court may award less than these amounts. Any money not awarded from these requests will stay in the Settlement Fund to pay Settlement Class Members.

Bumble has not made any agreement with Class Counsel or the Class Representatives as to the amounts that either will receive for attorneys' fees and expenses or for service awards, respectively.

Class Counsel will file with the Court and post on this Settlement website their request for attorneys' fees and expenses and service awards by [date].

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 20. How do I tell the Court I do not like the Settlement? |
| --- |

If you are a member of the Settlement Class and you do not exclude yourself, you can ask the Court to deny approval by filing an objection.  You must give reasons why you think the Court should not approve the Settlement. The Court will consider your views.  But you cannot ask the Court to order a different settlement - the Court can only approve or reject this Settlement. If the Court denies approval, no settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing, and include the following:

1.  A caption or title that identifies it as "Objection to Class Settlement in *King et al. v. Bumble Trading, Inc. et al.,* No. 5:18-cv-06868-NC;"

2.  Your full name, mailing address, telephone number; email address; and the email address and telephone number associated with the Bumble account through which you purchased Boost;

3.  The full name, address, telephone number, and email address of any attorney representing you with respect to the objection;

4.  A statement of whether the objection applies only to you, to a specific subset of the

Settlement, or to the entire Nationwide Class and/or California Class; and

5. The specific grounds for the objection, including any legal and factual support and any evidence in support of the objection.

Your written objection must be signed and dated and postmarked no later than ▭. Mail your objection to the Court at:

Class Action Clerk
United States Courthouse
Northern District of California
280 South 1st Street, Room 2112
San Jose, California 95113

You may also file your objection in person at any location of the United States District Court for the Northern District of California no later than _____.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. You must file a notice of intention to appear with the Court and list the name, address, and telephone number of the attorney, if any, who will appear on your behalf.

| **21. What is the difference between objecting and asking to be excluded?** |
| --- |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

| **22. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Fairness Hearing at ____AM on_____, at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California in Courtroom 5, 4th Floor. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, and will consider the request for attorneys' fees and expenses for Class Counsel and the service awards to the Class Representatives. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to

approve the Settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing may change and the hearing may be held by telephone or video conference, but any changes will be posted at the Settlement website here [link to page with info] [website], and through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

| 23. Do I have to come to the hearing? |
| --- |

No. Class Counsel will answer questions Judge Cousins may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. If you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 24.  May I speak at the hearing? |
| --- |

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *King et al. v. Bumble Trading, Inc. et al.,* No. 5:18-cv-06868-NC." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court at the address in Question ___ You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If you do nothing, you will **not** receive money from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Bumble about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 26. Are there more details about the Settlement? |
| --- |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to _____, or by clicking here [URL Link to agreement].

| 27. How do I get more information? |
| --- |

You can call 1-800-000-0000 toll free; write to XYZ Settlement, P.O. Box 0000, City ST 00000-0000; or explore this website, where you will find  a claim form, key documents in the case, and

QUESTIONS? CALL [NUMBER] TOLL FREE, OR [WEBSITE]

other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment. You can also contact Class Counsel.

You may access the docket in this case through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays or other court closures:

1.     Robert F. Peckham Federal Building and United States Courthouse
       280 South 1st Street, San Jose, CA  95113

2.     Phillip Burton Federal Building and United States Courthouse
       450 Golden Gate Avenue, San Francisco, CA  94102

3.     Ronald V. Dellums Federal Building and United States Courthouse
       1301 Clay Street, Oakland, CA  94612

4.     United States Courthouse
       3140 Boeing Avenue, McKinleyville, CA  95519

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

# Exhibit F

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

13
14
15
16
17
18
19
20

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No.  5:18-cv-06868-NC<br><br>**[Proposed] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Courtroom:**    5<br>**Judge:**    Nathanael Cousins<br>**Trial Set:**    Not Yet<br>**Complaint Filed:** November 13, 2018 |

21
22
23
24
25
26
27
28

1

WHEREAS, the Court has reviewed and considered the Class Action Settlement Agreement (the "Settlement Agreement") entered into by and among plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger ("Plaintiffs") and defendants Bumble Trading Inc. and Bumble Holding Ltd. ("Bumble" or "Defendants"), together will all exhibits thereto (Dkt No. _____), the record in this consolidated putative class action, and the submissions of counsel;

This matter coming before the Court upon Plaintiffs' Motion for Final Approval of Class Action Settlement, and GOOD CAUSE being shown, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Capitalized terms not defined herein shall have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and has personal jurisdiction over the Parties and all members of the "Settlement Classes" (defined below). Venue is proper in this District.

3. The "Settlement Classes" for purposes of this Order (and as set forth in the Settlement Agreement, §§ 1.5, 1.19 and 1.49) shall mean the ARL Settlement Class and the DSL Settlement Class.

4. The ARL Settlement Class means "all persons who purchased, within California, during the Settlement Class Period, Bumble Boost and had their credit card, debit card, and/or a third-party payment account charged as part of Bumble's automatic renewal program or  continuous service program."

5. The DSL Settlement Class means "all persons nationwide who purchased Bumble Boost during the Settlement Class Period."

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies, for settlement purposes only, the Settlement Classes, which it provisionally certified in connection with the settlement approval process (Dkt. No. _____). With respect to the Settlement Classes – and for purposes of approving this Settlement Agreement only – the Court finds and concludes that: (a) the Settlement Classes are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the Class Representatives' claims

2

are typical of the claims of Settlement Class Members; (d) the Class Representatives and Class Counsel have adequately represented (and will continue to adequately represent) and protect the interests of the Settlement Classes and are free of conflicts of interest with Settlement Class Members; (e) common questions of law and fact in this Action predominate over any questions affecting individual Settlement Class Members; and (f) class-wide treatment of the disputes and issues raised in this Action is superior to other available methods for adjudicating the controversies before the Court.

7.      The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were satisfied in this Action.

8.      The forms of notice to the Settlement Classes and the methods of dissemination to Settlement Class Members (i.e., the "Notice Plan") fully and accurately informed Settlement Class Members of all material elements of the proposed Settlement and of their opportunity to submit Claims, object thereto, or exclude themselves from the Settlement Classes. The Court further finds that the Notice Plan constituted the best notice practicable under the circumstances and was valid, due, and sufficient notice to all Settlement Class Members. The Notice Plan complied fully with the laws of the State of California, the Federal Rules of Civil Procedure, the U.S. Constitution, due process, and other applicable laws.

9.      A full opportunity has been afforded to Settlement Class Members to participate in the settlement approval process and hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members – except those who properly requested to be excluded from the Settlement Agreement (attached as Exhibit A to the accompanying Judgment) – are bound by this Order and the Judgment.

10.     The Court has reviewed the Settlement Agreement and expressly finds it to be fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability, and damages under the framework set forth in Rule 23(e)(2) and the factors discussed in *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) and other relevant precedent. The Court further finds that extensive investigation, formal discovery, motion practice, and research have been conducted such that counsel for all Parties were able to reasonably

evaluate their respective positions. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

11.    The Court finds that the Settlement Agreement – reached with the assistance of a well-respected mediator – is the result of informed, serious, and non-collusive, arm's-length negotiations.

12.    The Court is further satisfied that the Settlement Agreement exhibits none of the "subtle signs of collusion" cautioned by the Ninth Circuit under *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), such as: (i) "when counsel receive a disproportionate distribution of the settlement," (ii) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds," and (iii) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." 654 F.3d at 947. The fees awarded to Class Counsel set forth in the Court's separate Order Granting Plaintiffs' Motion for (1) Award of Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Service Awards are reasonable and proportionate in relation to the relief obtained by the Settlement Class Members. Further, the Settlement Agreement does not include any "clear sailing" provision whereby Bumble agreed not to challenge Class Counsel's fee request up to a specified amount, and Class Counsel did not seek fees separate and apart from class funds. Finally, any amounts sought by Class Counsel not awarded by the Court were to be redistributed to class members and/or *cy pres* recipient, rather than reverting to Bumble.

13.    Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval to the Settlement Agreement and finds it fair, reasonable, adequate, and in the best interest of the Settlement Classes. Accordingly, the Court hereby directs that the settlement be effected in accordance with the terms of the Settlement Agreement.

14.    The terms of the Settlement Agreement and of this Order shall be forever binding on all members of the ARL Settlement Class (except those listed on Exhibit A to the Judgment who have opted out). The members of the ARL Settlement Class have released and forever discharged

the Releasees, including Bumble, from the Released ARL Claims, as that term is defined in the Settlement Agreement, § 1.40.

15. The terms of the Settlement Agreement and of this Order shall be forever binding on all members of the DSL Settlement Class (except those listed on Exhibit A to the Judgment who have opted out). The members of the DSL Settlement Class have released and forever discharged the Releasees, including Bumble, from the Released DSL Claims, as that term is defined in the Settlement Agreement, § 1.41.

16. The Settlement Agreement is not an admission by Bumble or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Bumble or any other released party. Neither this Order, the Settlement Agreement, nor any action take to carry out the Settlement may be construed as an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Bumble or any other released party.

17. Except as set forth in the separate Order with respect to Plaintiffs' Motion for (1) Award of Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Service Awards, each Party shall bear its own costs and fees.

18. The Parties and Settlement Administrator are hereby directed to implement this Order and the Settlement Agreement in accordance with the terms and provisions thereof, including the processing and payment of Claims.

19. Without affecting the finality of this Order in any way, the Court hereby retains continuing jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED, DECREED, AND ADJUDGED.

DATED:_____         _____
                                Nathanael Cousins
                                United States District Court Magistrate Judge

# Exhibit G

*King, et al. v. Bumble Trading, Inc., et al., No. 5:18-cv-06868-NC*

# COMBINED CLAIM FORM
**(For persons who are in <u>both</u> the California Class and the Nationwide Class)**

**Instructions**: You may be eligible for a payment as a member of two settlement classes.  You are a Nationwide Class Member if you purchased a subscription to Bumble Boost in the United States at any time between November 13, 2014 and [Date Preliminary Approval Granted].  You are in both the Nationwide and California Classes if you purchased Bumble Boost in California and your subscription was auto-renewed during this time period.  To submit a claim for payment, please complete and sign this form.

You may either mail your completed Claim Form to: [settlement mailing address] OR file a claim online at www.xxxxxxxxx.com.

**Your completed claim form must be postmarked or submitted online by [<u>70 days after the Notice Date, 2020</u>].**

## YOUR CONTACT INFORMATION

**FIRST NAME:**

**LAST NAME:**

**BEST EMAIL TO REACH YOU:**

**BEST PHONE NUMBER TO REACH YOU:**

**CURRENT MAILING ADDRESS:**

## YOUR CLAIM INFORMATION

**Claim Number (Provided in the notice email or postcard sent to you):**

**Email Address Associated With Your Bumble Account (If Any):**

**Phone Number Associated With Your Bumble Account (If Any):**

| WHERE TO SEND MY PAYMENT | | |
|---|---|---|

| ☐ **PayPal** | PayPal account Email Address: | |
|---|---|---|

| ☐ **Zelle** | Zelle account Email Address: | |
|---|---|---|
| | Zelle account Phone Number: | |

| ☐ **Venmo** | Venmo User Name: | |
|---|---|---|
| | Venmo account Email Address: | |
| | Venmo account Phone Number: | |

| ☐ **Check** | Street Address: | |
|---|---|---|
| | City | |
| | State and Zip code | |

Date:_____    Signature:_____

If any of your information changes, you must promptly notify us by emailing info@XXXYYYY.com.

*If you have any questions about this claim form or the settlement, please read the full notice which is available at XXXXX.XXXXX.com or call _____.* <mark>*[On the electronic version of this, this will be a link to the Long Form Notice]*</mark>

**YOUR COMPLETED CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE BY [70 DAYS AFTER NOTICE DATE]**

To contact you and process your claim, Bumble Trading Inc., Bumble Holding Ltd. (Bumble) and the Settlement Administrator may process certain personal information, including your name, email, phone number, Boost purchase details, and any information that you submit in your claim. This information will or has been used by Bumble and the Settlement Administrator to notify you about the settlement and to process your claim.  It is in Bumble's legitimate interests to use your data to enable settlement of claims. Bumble will share your data with the Settlement Administrator solely for use in this settlement and may transfer your data from the UK to the US for these purposes only under model clauses that have been put in place between Bumble Holding Ltd and the Settlement Administrator, found here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915.  To review Bumble's Privacy Policy, visit https://bumble.com/privacy.

# Exhibit H

*King, et al. v. Bumble Trading, Inc., et al., No. 5:18-cv-06868-NC*

# NATIONWIDE CLAIM FORM
## (For persons who are in the Nationwide Class)

**Instructions**: You may be eligible for a payment as part of the nationwide class action settlement if you purchased a subscription to Bumble Boost in the United States between November 13, 2014 and [Date Preliminary Approval].  To submit a claim for payment, please complete and sign this form.

You may either mail your completed Claim Form to:  [settlement mailing address] OR file a claim online at www.xxxxxxxxx.com.

**Your completed claim form must be postmarked or submitted online by [70 days after the Notice Date, 2020].**

## YOUR CONTACT INFORMATION

**FIRST NAME:**

**LAST NAME:**

**BEST EMAIL TO REACH YOU:**

**BEST PHONE NUMBER TO REACH YOU:**

**CURRENT MAILING ADDRESS:**

## YOUR CLAIM INFORMATION

**Claim Number (Provided in the notice email or postcard sent to you):**

**Email Address Associated With Your Bumble Account (If Any):**

**Phone Number Associated With Your Bumble Account (If Any):**

| WHERE TO SEND MY PAYMENT |
|---|

| ☐ **PayPal** | **PayPal account Email Address:** | |
|---|---|---|

| ☐ **Zelle** | **Zelle account Email Address:** | |
|---|---|---|
| | **Zelle account Phone Number:** | |

| ☐ **Venmo** | **Venmo User Name:** | |
|---|---|---|
| | **Venmo account Email Address:** | |
| | **Venmo account Phone Number:** | |

| ☐ **Check** | **Street Address:** | |
|---|---|---|
| | **City** | |
| | **State and Zip code** | |

Date:_____     Signature:_____

If any of your information changes, you must promptly notify us by emailing info@XXXYYYY.com.

*If you have any questions about this claim form or the settlement, please read the full notice which is available at XXXXX.XXXXX.com or call _____. ==[On the electronic version of this, this will be a link to the Long Form Notice]==*

**YOUR COMPLETED CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE BY [70 DAYS AFTER NOTICE DATE]**

To contact you and process your claim, Bumble Trading Inc., Bumble Holding Ltd. (Bumble) and the Settlement Administrator may process certain personal information, including your name, email, phone number, Boost purchase details, and any information that you submit in your claim. This information will or has been used by Bumble and the Settlement Administrator to notify you about the settlement and to process your claim.  It is in Bumble's legitimate interests to use your data to enable settlement of claims. Bumble will share your data with the Settlement Administrator solely for use in this settlement and may transfer your data from the UK to the US for these purposes only under model clauses that have been put in place between Bumble Holding Ltd and the Settlement Administrator, found here: https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32004D0915. To review Bumble's Privacy Policy, visit https://bumble.com/privacy.

# Exhibit I

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

13  NICK KING, JR., DEENA FISCHER, and
    ELENA WEINBERGER, Individually and on
14  Behalf of All Others Similarly Situated,

15              Plaintiffs,

16         v.

17  BUMBLE TRADING, INC., and BUMBLE
    HOLDING LTD.,
18

19              Defendants.

**Case No.  5:18-cv-06868-NC**

**[Proposed] JUDGMENT**

**Courtroom:**      5
**Judge:**          Nathanael Cousins
**Trial Set:**      Not Yet
**Complaint Filed:** November 13, 2018

20
21
22
23
24
25
26
27
28

1

1    Pursuant to the Order Granting Final Approval of Class Action Settlement ("Final Approval

2    Order") and Order Granting Plaintiffs' Motion for (1) Award of Attorneys' Fees, (2)

3    Reimbursement of Expenses, and (3) Service Awards ("Fees Order"), it is hereby ORDERED,

4    ADJUDGED, AND DECREED as follows:

5    1.    Judgment in this matter is entered in accordance with, and incorporates by reference

6    the findings and holdings of, the Final Approval Order, Fees and Service Award Order, and the

7    Parties' Class Action Settlement Agreement ("Settlement Agreement") (Dkt. No. ___).

8    2.    Capitalized terms not defined herein shall have the meanings set forth in the

9    Settlement Agreement.

10   3.    The Court adjudges that upon the Effective Date, Plaintiffs and members of the ARL

11   Settlement Class – except those listed on Exhibit A hereto – have released, forever discharged, and

12   will not in any manner pursue this Action, and will be forever barred from asserting, instituting, or

13   maintaining against the Releasees, any and all ARL Released Claims (as defined by the Settlement

14   Agreement, § 1.40).

15   4.    The Court adjudges that upon the Effective Date, Plaintiffs and members of the DSL

16   Settlement Class —except those listed on Exhibit A hereto—have released, forever discharged, and

17   will not in any manner pursue this Action, and will be forever barred from asserting, instituting, or

18   maintaining against the Releasees, any and all DSL Released Claims (as defined by the Settlement

19   Agreement, § 1.41).

20   5.    Without affecting the finality of this Judgment in any way, the Court shall retain

21   continuing jurisdiction of all matters relating to the interpretation, administration, implementation,

22   and enforcement of the Settlement Agreement.

23

24   IT IS SO ORDERED, ADJUDGED, AND DECREED.

25

26   DATED:_____    _____

27                           Nathanael Cousins
                             United States District Court Magistrate Judge

28

[Proposed] Judgment

# Exhibit J

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | **Case No.  5:18-cv-06868-NC**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER**<br><br>**Courtroom:** 5<br>**Judge:** Nathanael Cousins<br>**Trial Set:** Not Yet<br>**Complaint Filed:** November 13, 2018 |

**INTRODUCTION**

Pending is the Motion for Preliminary Approval of the Class Action Settlement (the "Motion") of Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger.  For the reasons stated herein, the Court grants Plaintiffs' Motion, conditionally certifies the Settlement Classes for settlement purposes only, preliminarily approves the Class Action Settlement Agreement, and enters the schedule set forth below for notice to Settlement Class Members, objection and opt-out deadlines, and for a final approval hearing.

**WHEREAS**, on June 22, 2020, the parties filed a Class Action Settlement Agreement ("Settlement Agreement," or "Settlement," or "Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims against Bumble Trading Inc. and Bumble Holding Ltd. (collectively, "Bumble" or "Defendants").  The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable Edward A. Infante (Ret.);

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable, and adequate, and that a hearing should and will be held after Notice to the Settlement Classes to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**I.    THE SETTLEMENT CLASSES, CLASS REPRESENTATIVES, AND CLASS COUNSEL**

1.    For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Classes described below.

2.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Classes are preliminarily certified.  The Settlement Classes are defined as follows:

The ARL Settlement Class consists of:

> All persons who purchased, within California, during the Settlement Class Period, Bumble Boost and had their credit card, debit card, and/or a third-party payment account charged as part of Bumble's automatic renewal program or continuous service program.

The DSL Settlement Class consists of:

> All persons nationwide who purchased Bumble Boost during the Settlement Class Period.

Excluded from the ARL Settlement Class and the DSL Settlement Class are (1) any Judge, or mediator presiding over this Action and members of their immediate families, (2) Bumble and Bumble's employees; (3) persons who properly and timely request exclusion from the Settlement Classes, (4) Class Counsel, and (5) the legal representatives, successors or assigns of any such excluded persons.

3.      Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiff Nick King, Jr. is hereby appointed as the Class Representative for the ARL Settlement Class and Deena Fischer and Elena Weinberger are hereby appointed as the Class Representatives for the DSL Settlement Class.  The following are hereby appointed as Class Counsel for the Settlement Classes:

David C. Parisi, Esq.
Suzanne Havens Beckman, Esq.
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111

Yitzchak Lieberman, Esq.
Grace E. Parasmo, Esq.
PARASMO LIEBERMAN LAW
7400 Hollywood Boulevard, #505
Los Angeles, CA 90046

4.      The Court preliminarily finds that the proposed Settlement Classes meet all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Classes for settlement purposes only.  The Court hereby preliminarily finds, in the specific context of the Settlement Agreement, that:

1         (a)     <u>Numerosity</u>:  The Settlement Classes satisfy the numerosity requirement of

2   Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into

3   one suit would be impracticable.

4         (b)     <u>Commonality</u>:  There are questions of law and fact, with regard to the alleged

5   activities of Defendants, common to the Settlement Classes.

6         (c)     <u>Typicality</u>:  The claims of the Class Representatives are typical of the claims

7   of the Settlement Classes they seek to represent.  Therefore, in the context of this settlement the

8   element of typicality is satisfied.

9         (d)     <u>Adequate Representation</u>:  The Class Representatives' interests do not

10  conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Class

11  Representatives will fairly and adequately represent the interests of the Settlement Classes.

12  Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ.

13  P. 23(g) that the requirement of adequate representation of the Settlement Classes has been fully

14  met.

15        (e)     <u>Predominance of Common Issues</u>:  The questions of law and fact common to

16  the Settlement Class Members predominate over any questions affecting only individual Settlement

17  Class Members.  In the context of this Settlement, these issues predominate over any individual

18  questions, favoring class treatment.

19        (f)     <u>Superiority of the Class Action Mechanism</u>:  The class action mechanism is

20  ideally suited for treatment of the settlement of these matters.  Class certification promotes

21  efficiency and uniformity of judgment, among other reasons, because the many Settlement Class

22  Members will not be forced to separately pursue claims or execute settlements in various courts

23  around the country.  Therefore, the class action mechanism is superior to other available methods

24  for the fair and efficient adjudication of the controversy.

25      5.     The Court further finds that: (i) the Settlement Class Members have a limited interest

26  in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's

27  representation that they are unaware of any other litigation commenced regarding the claims at issue

28

by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6.    The Class Representative for the ARL Settlement Class is Nick King, Jr. and the Class Representatives for the DSL Settlement Class are Deena Fischer and Elena Weinberger. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Edward A. Infante (Ret.), the Court preliminarily finds that these designated Class Representatives are appropriate for settlement purposes.  The Court finds that Nick King, Jr. is a member of the ARL Settlement Class and Deena Fischer and Elena Weinberger are members of the DSL Settlement Class.

7.    If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Classes shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## II.    THE SETTLEMENT FUND

8.    Bumble shall establish a Settlement Fund  totaling twenty-two million, five hundred thousand dollars ($22,500,000.00), as per the terms of the Settlement Agreement.  The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Classes. Bumble shall make deposits into the Settlement Fund in accordance with the following schedule:

a.    Within thirty (30) days of the entry of the Preliminary Approval Order, Bumble will disburse to the Settlement Administrator the Notice and Administrative Cost Estimate portion of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Notice, establish and maintain the Settlement Website, establish and maintain a toll-free telephone number for questions by Settlement Class Members, as well as any other initial administration costs to the Parties.  To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before deposit money into the Settlement Fund, the Settlement Administrator will bill, and Bumble shall pay, such additional costs.  For any additional costs of settlement administration that are paid

by Bumble, Bumble shall receive a credit against the amounts required to be paid into the Settlement Fund.

              b.      All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Bumble (via its counsel) and Class Counsel.

              c.      Upon the Effective Date, Bumble will disburse to the Settlement Administrator the remainder of the Settlement Fund  necessary to make all payments in accordance with Sections 2.2, 2.3, 2.4, 2.5, 8.4 and 9.4 of the Settlement Agreement.

        9.      The Settlement Fund will constitute Bumble's exclusive payment obligation under the Settlement Agreement and will be used to satisfy: (a) Settlement Payments to Settlement Class Members, as prescribed by the Settlement Agreement; (b) any Fee and Expense Award ordered by the Court; (c) any Service Award to Nick King, Jr., Deena Fischer, and Elena Weinberger; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment(s) pursuant to the procedures described in sections 2.4 and 2.6 of the Settlement Agreement.  No portion of the Settlement Fund will be returned to Bumble, except as provided in section 7.5 of the Settlement Agreement, Effect if Settlement Not Approved.

        10.     Any distribution of the Settlement Fund to the Settlement Class Members or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date.

        11.

        12.     If the Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

## III.    <u>NOTICE TO SETTLEMENT CLASS MEMBERS</u>

        13.     The Court has considered the proposed Exhibits A through F attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e),

are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the notices in all respects, including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith.  The costs of disseminating the Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

14.      All costs of providing the Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or disseminating the Notice, shall be paid for out of the Settlement Fund, subject to the terms hereof.  In the event that the Settlement Agreement is terminated pursuant to its terms, Bumble shall bear any costs of providing Notice already incurred.

15.      The Court hereby approves the form, content and requirements of the Notices annexed to the Settlement Agreement as Exhibits A through F and the procedure for notice set forth under section 4 in the Settlement Agreement.

16.      The Court hereby finds that compliance with the procedures in Section 4 of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to members of the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

17.      The Court finds that it will be necessary for Bumble to provide the Settlement Administrator with contact information for members of the ARL Settlement Class and DSL Settlement Class so as to effectuate Notice and the Settlement and orders Bumble to do so.

## IV.    **CONFIDENTIALITY**

18.      Any information received by the Settlement Administrator in connection with the Settlement Classes that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the person requesting

exclusion), shall not be disclosed to any other person other than Class Counsel, Defendants' Counsel, and the Court, or as otherwise provided in the Settlement Agreement.

## V.   REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASSES

19.    Settlement Class Members who wish to be excluded from Settlement Classes must timely submit a completed Opt-Out Form or other written request for exclusion from the Settlement. This Opt-Out Form, which will be available on the Settlement Website, may be completed electronically on the Settlement Website or timely sent by U.S. mail to the Settlement Administrator. If the Settlement Class Member chooses to request exclusion from the Settlement without an Opt-Out Form, such request must be timely sent by U.S. mail to the Settlement Administrator, request exclusion, providing their name, address, a signature, the name and number of the Action, and a clear and explicit statement that they wish to be excluded from the Settlement.  All requests for exclusion whether using the Opt-Out Form or not must be submitted to the Settlement Administrator or postmarked no later than sixty (60) days after the entry of the Notice Date (the "Objection and Exclusion Deadline").  If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted no later than 11:59 p.m. PST on or before the Objection and Exclusion Deadline.  If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written request to opt-out shall be the exclusive means used to determine whether a request to opt-out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt-out of the Settlement.  The Settlement Class Member must pay for Postage.

20.

## VI.   OBJECTIONS TO THE SETTLEMENT CLASSES

21.    Settlement Class Members who intend to be object to the Settlement Agreement and/or the request for a Fee and Expense Award, and/or Service Awards, must present the objection in

writing only to the Court, which must be personally signed by the objector, and (a) clearly identify the case name and number; (b) include the objector's full name, address, telephone number, and email address; and the email address and telephone number associated with the Bumble account through which the objector purchased Bumble Boost; (c) include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel); and (d) state whether it applies only to the Objector, to a specific subset of the Settlement Classes, or to the entire Settlement, and also state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the objection.  Any comments or objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing, to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, or by filing them in person at any location of the United States District Court for the Northern District of California, and be filed or postmarked on or before the Objection and Exclusion Deadline.  If a Settlement Class Member does not submit a timely written Objection, or if the Settlement Class Member does not request participation in the Final Fairness Hearing, the Settlement Class Member will not be able to participate in the Final Fairness Hearing. If submitted through the Settlement Website, objections must be submitted on this date by 11:59 p.m. PST.  If submitted by U.S. mail, objections must be postmarked by the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Class Action Clerk Settlement Administrator received a copy of the Objection.  The Settlement Class Member must pay for Postage.

## VII.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR

22.    The Court appoints JND Legal Administration as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Notice to the Settlement Classes as provided in Section 4 of the Settlement Agreement; (b) where applicable pursuant to the Settlement Agreement, obtaining complete address information for

Settlement Class Members (where possible) and new addresses for returned mail or email;
(c) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Notices, the Website Notices, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Settlement Class Members and the Parties; (g) directing the mailing and/or otherwise processing of payments to Settlement Class Members; (h) providing copies of any objections and/or requests for exclusion that are received to Defendants' and Class Counsel as they are received; (i) preparing and providing a declaration to Defendants' and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of the Settlement Agreement related to Notice and list each Settlement Class Member who timely and validly opted out of the Settlement; and (j) performing any other tasks reasonably required to effectuate the Settlement.

## VIII.   <u>FINAL APPROVAL HEARING AND SCHEDULE</u>

23.     A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court no earlier than one hundred fifty (150) days from the date of entry of the Preliminary Approval Order.

24.     The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court for the following purposes:

(a)        to determine whether the applicable prerequisites for settlement of a class action under Fed. R. Civ. P. 23(a) and (b) are met;

(b)        to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)        to determine whether any objections to the Settlement should be overruled;

(d)        to determine whether the fee Cost and Expense Award requested by Class Counsel and Service Awards to the Class Representatives should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e)        to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(f)        to rule upon such other matters as the Court may deem appropriate.

25.     Class Counsel shall respond to any objections to the Settlement no later than fourteen (14) days before the Final Approval Hearing.  Class Counsel shall file a Motion for Final Approval no later than fourteen days (14) before the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Classes.  After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

26.     No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve both Class Counsel and Defendants' Counsel a declaration stating that the Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

27.     On or before thirty-five (35) days prior to the Claim Deadline, Class Counsel shall file and serve: (i) a motion for Attorneys' Fees and Expenses; and (ii) any application for any Service Awards to the Class Representatives.  For clarity, the deadlines the parties shall adhere to are as follows:

Class Notice mailed and emailed by: _____, 2020 (the "Notice Date") (*within 60 days after entry of Preliminary Approval Order*)

Class Counsels' Fee and Expense Application by _____, 2020 (*at least 35 days prior to the Claims Deadline*)

Objection and Exclusion Deadline: _____, 2020 (*60 days after the Notice Date*)

Final Approval Submissions: _____, 2020 (*14 days prior to Final Approval Hearing*)

Final Approval Hearing: _____, 2020 (*at least 150 days after Preliminary Approval*)

28.     Pending final determination of whether the Settlement should be approved, the Plaintiffs and/or Defendants shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts Released ARL Claims and/or Released DSL Claims against the Defendants or other Releasees.

## IX.     OTHER PROVISIONS

29.     If the Settlement does not become effective, the order certifying the Settlement Classes and all preliminary and/or final findings or stipulations regarding certification of the Settlement Classes shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

30.     The Court finds that Defendants have made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the operative Complaint.  Defendants have made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein will constitute an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  The Court further finds that the Settlement of the Action, the negotiation and execution of this Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum,

administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not

be used as an admission of the appropriateness of these or similar claims for class certification.

31.     The Court retains jurisdiction to consider all further matters arising out of or

connected with the Settlement.


DATED:_____          _____
                                 Nathanael Cousins
                                 United States District Court Magistrate Judge

Order Granting Preliminary Approval of Class Action Settlement

# Exhibit K

# OPT OUT FORM

*King, et al. v. Bumble Trading, Inc., et al., No. 5:18-cv-06868-NC.*

## This is NOT a Claim Form.  It EXCLUDES you from this Class Action.

## DO NOT use this Form if you wish to remain IN this Class Action.

If you do not wish to participate in this case, you must return this form by one of the methods listed below by [Objection and Exclusion Deadline].

Mail to:          Mailing Address for Claims Admin

Email to:        Email Address for Claims Admin

I do not wish to participate as a member of the *King, et al. v. Bumble Trading, Inc., et al.* lawsuit.  I understand that by opting out of this class action, I am giving up any right to receive any payments under the settlement of this class action.

Name:          _____

Address:       _____

Claim Id        _____(if you received an email notice or postcard notice)

I understand that by signing this from, I will not be represented by class counsel, but must proceed on my own regarding any claim I may have against the defendants in this lawsuit, if I choose.

_____          _____
Signature                                          Date

# Exhibit 2

(June 2020)

# The Law Firm

**Parisi & Havens LLP** prides itself in meeting the varying needs of our clients.  Our firm is committed to providing each of our clients with the highest quality legal representation and achieving the most successful resolution of their cases possible.  We primarily represent individuals and businesses in class actions as well as complex insurance coverage disputes.  The firm counts as its clients several banks, a Fortune 500 Company and numerous consumers.  In each area in which we practice, the firm and its partners have built a reputation in the community for representing clients with strength and integrity.

The attorneys at Parisi & Havens have served in leadership roles or were co-lead counsel in the following complex lawsuits and class actions:

> *Slovin, et al. v. Sunrun, Inc., et al.,* 4:15-cv-05340-YGR, a nationwide consumer class action which sought compensation for consumers called in violation of the TCPA, which resulted in a $5.5 million settlement.

> *Djoric v. Justin Brands, Inc.*, Los Angeles Superior Court Case No. BC574927, a California class action which sought compensation for consumers for boots sold as "handcrafted in the USA" when in fact the boots or their components were manufactured outside the United States, and which resulted in injunctive relief and cash benefits or promotional codes for anyone who timely submitted a qualifying claim.

> *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, 1:14-md-2513-RGS, a nationwide consumer class action which sought compensation for consumers for violations of the TCPA and resulted in a $3.2 million settlement.

> *Meyer v. PYOD, LLC, et al.*, San Diego Superior Court Case No. 37-2014-00008110-CU-BT-NC, a California class action which sought compensation for consumers harmed in violation of the California Rosenthal Act and which resulted in class members receiving the near maximum benefit allowed by law.

> *Lofton v. Verizon Wireless (VAW) LLC*, 4:13-cv-05665-YGR, a nationwide consumer class action which sought compensation for consumers called in violation of the TCPA and the California's Invasion of Privacy Act, which resulted in a $4 million settlement.

(June 2020)

*In re Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, a nationwide consumer class action which sought compensation for consumers called in violation of the TCPA and which resulted in an $18 million settlement.

*Williams, et al. v. Motricity, Inc. et al*, Case No. 09 CH 19089 (Cook County, Illinois), a class action alleging the imposition of unauthorized mobile content charges which settled for $9 million.

*Valdez-Marquez, et al. v. Netflix, Inc.*, Case No. 5:09-cv-05903 (N.D. Calif.), a class action involving the privacy consequences of the release of allegedly anonymized records from a customer database which resolved with changes in Netflix's practices.

*Walker, et al. v. Openmarket, Inc., et al.*, Case No. 08 CH 40592 (Cook County, Illinois, a class action alleging the wrongful imposition of unauthorized mobile content charges.

*Slater v. Tagged, Inc*., Case No. 3:09-cv-3697 (N.D. Cal.), a data privacy class action involving a social network's website and the acquisition of consumer's email address books.

*Holmes v. NCO, Inc*., Case No. 3:10-cv-2543 (S.D. Cal.), a Fair Debt Collection Practices Act class action which resulted in over 1,000 persons whose credit reports were impacted to receive nearly the entire amount of possible damages recoverable, even after trial.

*DuFour v. Be, LLC, et al.*, Case No. 3:09-cv-3770-CRB (N.D. Cal.), a class action against a talent agency and its finance company which resulted in a $1.25 million settlement fund and $700,000 in debt relief to families based in part on allegations that defendants violated the Advance Fee Talent Services Act and related California law.

*In re ATI HDCP Litigation*, a consumer class action which sought compensation for persons who purchased video graphics cards which were advertised as being able to process video pursuant to the HDCP protocol.  The case settled with a value of $11.5 million and all persons who made claims were given the opportunity to receive a new, more functional, graphics cards.

(June 2020)

*In re Farmers Northridge Earthquake Commercial Litigation* and *In re Farmers Northridge Earthquake Commercial Litigation No. II*, two groups of consolidated and related complex lawsuits.  The firm's clients' had over 169 claims in this litigation and resolved their disputes for in excess of $191 million.

*Wang v. Asset Acceptance LLC and Trans Union LLC*, a class action which resulted in a settlement valued at in excess of $11 million on behalf of consumers whose credit reports failed to report disputed debt.

*Wang v. Bank of America*, a class action which resulted in over 12,000 persons throughout California receiving compensation as a result of a dispute over the proper interpretation of a bank deposit agreement.

*Mendel v. Sirius Satellite Radio, Inc., et al.*, a consumer class action valued at just over $1 million in which every consumer was awarded 100 percent reimbursement.

*August v. Sony Pictures Home Entertainment, Inc., et al.*, a consumer action which resulted in both Sony Pictures and Netflix, Inc. changing their practices with respect to all consumers nationwide.

*Eren v. Topa Insurance Company, Inc., et al.*, an insurance action which resulted in Topa changing its practices with respect to denying particular types of insurance claims and reimbursing affected insureds in State of California.

*Simonian v. Farmers Group, Inc., et al.*, an insurance class action which resolved with insureds receiving 100 percent reimbursement of approximately $9 million withheld by the insurer, and which resulted in a change in the claims practice of the insurer.

*McGuire v. Farmers Group, Inc., et al.*, an insurance class action which challenged Farmers' practice of overinsuring property, thereby artificially inflating policy limits and artificially inflating policy premiums.  The case was settled with Farmers agreeing to change its practices.

*Marootian v. New York Life Ins. Co., et al.*, a class action which involved claims stemming from the Armenian Genocide of 1915 which involved complex issues of International Jurisdiction.

(June 2020)

# The Attorneys

## David C. Parisi

Mr. Parisi represents consumers in class action lawsuits.  He also represents consumers and businesses in conflicts with their insurance carriers.  His consumer class actions range from lawsuits against companies which fail to honor rebates to insurance and privacy class actions.  Most of his consumer class action lawsuits arise from companies which are untruthful in their advertising.  In his career, Mr. Parisi has also addressed and resolved numerous insurance issues for businesses and homeowners, such as the application of complex exclusions in directors and officers liability insurance policies, the scope of business liability insurance policies, the degree to which insurance carriers may dictate the defense strategy of their insureds, whether insurance carriers can force insureds to participate in a costly appraisal process, as well as various automobile and homeowners policy interpretation issues.

Mr. Parisi's published appellate opinions include *Fireman's Fund Ins. Companies v. Younesi* (1996) 48 Cal.App.4th 451; *Doheny West Homeowners' Ass'n v. American Guarantee & Liability Ins. Co.* (1997) 60 Cal.App.4th 400; *Truck Insurance Exchange v. Superior Court* (1998) 67 Cal.App.4th 142; *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112; *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870; *21st Century Ins. Co. v. Superior Court (Schwartz)* (2005) 127 Cal.App.4th 1351; *Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076; *Meyer v. Portfolio Recovery Associates, LLC* (2012) 707 F.3d 1036; *Holmes v. NCO Financial Services, Inc.* (2013) 538 Fed.Appx. 765; *Thomas v. Taco Bell Corp.*, 582 Fed.Appx. 678 (9th 2014); *Thomas v. Dun &Y Bradstreet Credibility Corp.,* 100 F.Supp.3d 937 (2015); *Lofton v. Verizon Wireless (VAW) LLC*, 586 Fed.Appx. 420 (9th 2014); *Schmukler v. Farmers Group, Inc.*, 553 F.Appx. 702 (9th Cir. 2014); *Valentine v. Nebudad, Inc.*, 804 F.Supp.2d 1022 (2011); and *Gomez v. Campbell-Ewald Company*, 768 F.3d 871 (9th Cir. 2014).

Mr. Parisi has taught attorneys about consumer class actions and insurance bad faith and is often called upon by insurance professionals for advice on complex insurance coverage issues.  Mr. Parisi is admitted to the State Bar of California, the Washington State Bar Association, as well as the U.S. District Court for the Northern, Southern, Eastern and Central Districts of California.

(June 2020)

As a consumer advocate, Mr. Parisi gives a great deal of his time to assist various consumer-related insurance organizations.  Mr. Parisi is a 1992 graduate of the Boston University School of Law.

**Suzanne Havens Beckman**

Ms. Havens Beckman's practice is primarily focused on the prosecution of consumer class actions ranging from false advertising and misleading labeling to warranty and privacy issues.  Ms. Havens Beckman has represented injured individuals and consumers in cases in California and throughout the country and has recovered millions of dollars for those who would otherwise have no recourse.  Ms. Havens Beckman also has extensive experience in representing California policyholders in insurance bad faith.  Ms. Havens Beckman has represented insureds and resolved hundreds of lawsuits dealing with a wide variety of complex insurance bad faith issues with clients ranging from individuals to small businesses and large corporations.

Ms. Havens Beckman has been successful at the appellate level. In recognition of her efforts to confirm the constitutionality of Code of Civil Procedure section 340.9, Ms. Havens Beckman received the Consumer Attorneys of California 2001 Presidential Award of Merit. Ms. Havens Beckman's published opinions include *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112; *20th Century Ins. Co. v. Superior Court* (*Ahles*) (2001) 90 Cal.App.4th 1237; *Bialo v. Western Mutual Insurance Company* (2002) 95 Cal.App.4th 68; *Migliore v. Mid-Century Insurance Company* (2002) 97 Cal.App.4th 592; *E.M.M.I. Inc. v. Zurich American Insurance Company* (2004) 32 Cal.4th 465; *21st Century Ins. Co. v. Superior Court* (Schwartz) (2005) 127 Cal.App.4th 1351; and *Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076.

Ms. Havens Beckman is often called upon by other attorneys and insurance professionals for her advice in the litigation of class actions and responding to insurance company denials of claims and has spoken frequently on these topics.

Ms. Havens Beckman received her J.D. from the University of Southern California Law School in 1996.  Ms. Havens Beckman is admitted to the State Bar of California, the U.S. District Courts for California, as well as several other districts across the country, and the 9th Circuit Court.

# Exhibit 3

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

*Attorneys for Plaintiffs Lynn Slovin, Samuel Katz,
Jeffery Price, and Justin Birkhofer, on their own
behalf, and on behalf of all others similarly situated*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SUNRUN, INC., a California corporation, CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and DOES 1-5, inclusive, <br><br> Defendants. | **Case No. 4:15-cv-05340-YGR** <br><br> **SUPPLEMENTAL SUMMARY OF POST-DISTRIBUTION ACCOUNTING** <br><br> Hon. Yvonne Gonzalez Rogers |

In response to this Court's Order Setting Deadline for Further Post-Distribution Accounting and Compliance Hearing (Dkt. 219), the following chart summarizes the Post-Distribution Accounting after distribution of the settlement funds.

| | |
|---|---|
| Total settlement fund | $5,500,000.00 |
| Total number of class members | 346,242[1] |
| Total number of class members to whom notice was sent and not returned as undeliverable | 302,885[2] |
| Number and Percentage of Claims Forms Submitted | 39,733 valid claims (11.5%) |
| Number and Percentage of Opt-Outs | 8 (.002%) |
| Number and Percentage of Objections | 0 |
| Average and median recovery per claimant | Average ($61.53) and median ($61.21) |
| Largest amount paid to class member | $183.63 |
| Smallest amount paid to class member | $61.21 |
| Method(s) of notice | U.S. Mail and email[3] |
| Method(s) of payment to class members | Check and PayPal |
| Number and value of checks not cashed | 1,719 valued at $105,587.25 |
| Amounts distributed *cy pres* recipient | $100,272.95 |
| Administrative costs | $526,060.89 |
| Attorneys' fees and costs | $2,370,610.87 |
| Attorneys' fees in terms of percentage of settlement fund (and multiplier if any) | 34.5% |

---

[1]     This is the number of phone numbers identified.  Mailing addresses were located for 330,291 of the phone numbers.
[2]     This is the number of phone numbers for which mailing was completed and not returned as undeliverable.
[3]     The mailed notice was supplemented by notice via email for approximately 1/3 of the class.