David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (646) 509-3913
Facsimile: (877) 501-3346

Attorneys for Plaintiffs Nick King, Jr.,
Deena Fischer, and Elena Weinberger,
individually, and on behalf of a class of
similarly situated individuals

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No.  5:18-cv-06868-NC<br><br>**DECLARATION OF GRACE E. PARASMO IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>**Date:**         July 15, 2020<br>**Time:**         1:00 p.m.<br>**Courtroom:**  5<br>**Judge:**        Hon. Nathanael Cousins<br>**Trial Set:**    Not Yet<br>**Complaint Filed:** November 13, 2018 |

1

Declaration of Grace E. Parasmo in Support of Motion for Preliminary Approval of Class Settlement

I, Grace E. Parasmo, declare as follows:

1. I am a partner at the law firm of Parasmo Lieberman Law. I am counsel of record for Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger. I am a member of good standing of the Bar of the State of California and of the Bar of the State of New York and admitted to practice before this District. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. I recommend approval of the proposed Settlement, which I consider to be an excellent result for the proposed Settlement Classes in light of the significant risks of continued litigation, set out in detail in the Declaration of David C. Parisi, submitted herewith. I believe that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members and will result in prompt financial benefit to participating Settlement Class Members along with robust injunctive relief.

**QUALIFICATIONS TO REPRESENT THE SETTLEMENT CLASSES**

3. Parasmo Lieberman Law (PLL) is a plaintiffs' class action firm based in Los Angeles, California. PLL was recently appointed co-class counsel (along with Parisi & Havens LLP) in *Slovin v. Sunrun, Inc. et al.*, No. 4:15-cv-05340-YGR (N.D. Cal.). In the *Slovin* action, Plaintiffs obtained final approval of a $5,500,000 million settlement for a nationwide class consisting of 346,242 consumers. The class settlement resolved claims against Sunrun and its subsidiary Clean Energy Experts, LLC for telemarketing calls allegedly made in violation of the Telephone Consumer Protection Act's auto-dialer and Do-Not-Call provisions.

4. I, along with my partner, Yitzchak Lieberman, have taken a leading role in all aspects of this litigation from the pre-filing investigation through settlement and the preparation of the instant motion. Attached hereto as **Exhibit 1** is PLL's current resume, which includes our biographical profiles and relevant consumer class action litigation experience at other law firms prior to founding PLL.

**EXPERIENCE AND VIEWS OF COUNSEL IN SUPPORT OF THE SETTLEMENT**

5. Based on PLL's own independent investigation and evaluation, consultation with Plaintiffs, and taking into account the views of experienced mediator Hon. Edward Infante, I am of the opinion that the Settlement is fair, reasonable, and adequate. The Settlement is attached as Exhibit 1 to the Declaration of David C. Parisi, submitted herewith. Based on over a decade of experience as a class action litigator, I believe the proposed Settlement represents an outstanding result for the Settlement Class Members in light of all known facts and circumstances, including the extensive risks of continued litigation, as described more fully in the Parisi declaration.

6. The Settlement provides a significant cash recovery to Plaintiffs and Settlement Class Members. The injunctive relief component of the Settlement provides meaningful relief crafted to address Bumble's alleged violations of the California Automatic Renewal Law, Cal. Bus. & Prof. Code §§17600-17606 and the New York Dating Services Law, N.Y. Gen. Bus. Law § 394-c. This relief arguably extends beyond the requirements of the law. Continued litigation would have been costly, time-consuming, and uncertain. By contrast, the Settlement, with a total settlement fund of $22,500,000 ensures immediate relief and allows Settlement Class Members to recover restitution and statutory damages.

7. I have assessed the risks and inherent delays that would be faced if the litigation continued. It is my professional opinion, based on my experience, that those risks and delays are potentially substantial. The Settlement was negotiated at arm's-length after hard-fought litigation, and the negotiations carefully considered the risks of continued litigation as well as the benefits of securing immediate relief for Settlement Class Members. In light of the risks posed by Bumble's affirmative defenses and the near certainty that any class certification order and/or any finding on the merits would be appealed, it is my assessment that the Settlement is a fair, reasonable, and adequate resolution of the Settlement Class Members' claims and indeed is an excellent result for Settlement Class Members.

**SELECTION OF SETTLEMENT ADMINISTRATOR AND *CY PRES* RECIPIENT**

8. PLL has not proposed the National Consumer Law Center as a *cy pres* recipient before and has no relationship with this organization. PLL also has no history of engagements with JND Legal Administration, LLC, the proposed Settlement Administrator.

**PLL LODESTAR AND UNREIMBURSED CASE EXPENSES**

9. The attorneys at PLL have incurred approximately 2,519 hours in uncompensated time resulting in a total of approximately $1,226,425 in attorneys' fees to date. These hours reflect time reasonably spent litigating this case. In addition, to date, my office has incurred approximately $2,104 in unreimbursed expenses. PLL will provide updated lodestar and unreimbursed expense information in the motion for attorneys' fees and expenses. As required by this District's guidelines, that motion will be supported by declarations detailing the various activities undertaken over the course of the litigation, the number of hours expended, and specific hourly billing rate information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 22, 2020, in Los Angeles, California.


<u>/s/Grace E. Parasmo</u>
Grace E. Parasmo

# EXHIBIT 1

# PARASMO LIEBERMAN LAW
# FIRM RESUME

Parasmo Lieberman Law represents plaintiffs in class actions in federal and state courts across the nation. The Firm focuses on cases involving consumer fraud, privacy and data security, and wage and hour law. The Firm prides itself on the aggressive pursuit of the interests of plaintiffs and class members and on the excellence of our work. The Firm takes on cases that require extensive pre-suit research and investigation that are often passed up by other class action firms. The attorneys at Parasmo Lieberman Law are persistent and will endeavor to achieve the best possible outcome no matter how difficult the obstacles or well-financed the opposition. The Firm's attorneys share a common goal of the pursuit of justice by telling courts and large corporations the unheard stories of classes of aggrieved individuals.

## Selected Cases

***Slovin v. Sunrun, Inc. et al.,*** No. 4:15-cv-05340-YGR (N.D. Cal.)(appointed class counsel; court approved $5.5 million settlement in consumer class action for violations of the TCPA's auto-dialer and Do-Not-Call provisions).

***Vancleave v. Abbott Laboratories,*** No. 19-cv-345045 (Santa Clara Cnty. Super. Ct) (class action alleging the mis-labeling and false advertising of pediatric nutrition shakes as healthy and balanced when they contain excessive amounts of added sugar).

***Katz v. Liberty Power Corp., LLC,*** No. 18-cv-10506 (D. Mass.) (class action alleging telemarketing robocalls promoting retail electricity violated the TCPA's auto-dialer and Do-Not-Call provisions).

***Guerra v. SCC Transport, Inc.,*** No. BC645449 (Los Angeles Cnty. Super. Ct.) (PAGA representative and class action for misclassification of owner-operator truck drivers as independent contractors and violations of the California Labor Code and the California Bus. & Prof. Code).

***In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litigation.*** No. 16-01442 (C.D. Cal) (food mislabeling class action alleging violations of the California UCL, CLRA, and Sherman Law).

## Attorney Biographies

### Grace E. Parasmo

Ms. Parasmo has over ten years of experience in class action and complex litigation. She has served as counsel in dozens of class actions across the country resulting in hundreds of millions of dollars in relief for class members. She has unique experience working on class action trials in state and federal courts, which resulted in significant jury verdicts. She has substantial experience on a wide range of class actions and group litigation, including wage and hour, deceptive and false

advertising, antitrust, privacy and data security, securities fraud, and shareholder derivative litigation.

Prior to co-founding the Firm, Ms. Parasmo was a partner at KamberLaw, LLC. At KamberLaw, she was counsel on cutting-edge digital advertising, technology, and privacy class actions that resulted in substantial class settlements. She was also an active member of the International Association of Privacy Professionals and trained as a Certified Information Privacy Professional. She has given lectures on the subject of online privacy and technology law.

Ms. Parasmo graduated from New York Law School in 2006. During law school, she served as Executive Articles Editor for the New York Law School Law Review. Ms. Parasmo was a Judicial Extern for the Honorable Burton R. Lifland, former Chief Bankruptcy Judge of the Southern District of New York. She received her B.A., cum laude, with Departmental Honors, from Fordham University.

Early on, before obtaining her legal degree, Ms. Parasmo was a consumer advocate. Throughout most of college, she worked in the Bureau of Internet and Technology of the New York State Attorney General's Office cataloging and mediating consumer complaints and identifying patterns of Internet fraud and illegality for potential enforcement actions. And throughout law school, she continued to work on behalf of consumers as a legal intern in the Bureau of Consumer Fraud and Protection.

Ms. Parasmo is admitted to practice law in the States of New York and California, the United States District Courts for the Northern and Central Districts of California and the Southern and Eastern Districts of New York.

Ms. Parasmo had a substantial role in the following class actions:

## Consumer Protection, Privacy, Security, and Information Technology

***Guido v. L'Oréal U.S.A., Inc.,*** No. 11-CV-01067 (C.D. Cal.)(class action that resulted in class settlement that required L'Oréal USA to comply with the Federal Hazardous Substances Act and its corresponding regulations for classifying products as flammable pursuant to 16 C.F.R. 1500.3 for all Garnier Fructis Hair-Styling products in the Sleek & Shine product line).

***In Re: iPhone/iPad Application Consumer Privacy Litigation***, MDL No. 2250 (N.D. Cal.) (class action involving the interaction of Apple mobile devices and mobile apps to transmit consumers' personal information and geolocation data to third-party advertisers and analytics networks without consent)

***In Re Hulu Privacy Litigation***, No. 3:11-CV-03764-LB (N.D. Cal.)(class action alleging violations of the federal Video Privacy Protection Act arising from company's unauthorized disclosure of consumers' video viewing information to third-party advertisers, metrics companies, and social networks)

***In Re Clearspring Flash Cookie Litig.,*** No. 10-cv-05948-GW; ***In Re Quantcast Advertising Cookie Litig.,*** 10-cv-05484-GW-JCG (C.D. Cal.)(class action that resulted in landmark settlements including cy pres funds and injunctive relief that enjoined third-party ad and analytics companies' repurposing of consumers' Adobe Flash software to override browser privacy and security settings to track consumers).

***Kim v. Space Pencil d/b/a Kissmetrics***, No. 3:11-cv-03796-LB (N.D. Cal. 2011)(class action arising out of third-party analytics company's repurposing of consumers' computer resources to override their browser privacy and security settings to track consumers; settlement resulted in injunctive relief for class that stopped the complained-of tracking activities).

***Valentine v. NebuAd,*** No. C 08-05113 TEH (N.D. Cal. 2011)(class action alleging violation of the Electronic Communications Privacy Act arising out of online ad-serving company's use of deep packet inspection for behavioral targeting of online ads; obtained a cy pres fund for ECPA violations.)

***Bose v. Interclick, Inc.,*** (S.D.N.Y. 2011)(class action alleging violations of the Computer Fraud and Abuse Act and New York General Business Law, Section 349 against online ad network that used flash cookies and history sniffing code to track consumer's browsing habits, invade their privacy, and collect their personal information).

### Wage and Hour Litigation

***Braun and Hummel v. Wal-Mart Stores, Inc***., Nos. 3127 and 3757 (Court of Common Pleas, Philadelphia County) (Plaintiffs obtained a $78 million jury verdict against Wal-Mart and an express finding that Wal-Mart acted in bad faith in failing to pay class members for missed rest breaks and off-the-clock work. The verdict was hailed as the largest jury verdict in the Commonwealth of Pennsylvania in 2006. On October 3, 2007, the Court of Common Pleas ordered Wal-Mart to pay an additional $62.3 million in statutory damages to class members. On November 14, 2007, a judgment for in excess of $187 million was entered by the trial judge against Wal-Mart. On June 1, 2011, the Superior Court of Pennsylvania affirmed the $150 million judgment against Wal-Mart, and the three-judge panel held that there was sufficient evidence in the record to conclude that Wal-Mart breached its contract with its hourly employees and violated the state's labor laws. Thereafter, Wal-Mart sought leave to appeal to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court affirmed the decisions of two lower courts and the unanimous class action jury verdict).

***Iliadis, et al. v. Wal-Mart Stores, Inc.,*** No. MID-L-5498-02 (N.J. Sup. Ct., Middlesex Co.) (after class certification and further proceedings, a settlement was reached providing for injunctive relief and the payment by Wal-Mart of up to $28 million to hourly employees for unpaid rest and meal breaks and off-the-clock work).

## Yitzchak H. Lieberman

Mr. Lieberman has served as counsel in numerous class actions, including class actions involving violations of the federal privacy statutes, such as the Telephone Consumer Protection Act and the federal Video Privacy Protection Act.  As a former partner of KamberLaw, LLP, he was counsel on a number of consumer class actions in addition to heading the firm's insurance law practice.

Mr. Lieberman obtained his law degree from Boston University School of Law.  During law school, Mr. Lieberman was a Judicial Intern for the Hon. David I. Schmidt, New York State Supreme Court, Kings County.  Mr. Lieberman studied at Talmudical academies and received his Bachelor of Talmudic Law (BTL) from Mikdash Melech. A BTL is a law degree comprising the study, analysis and critical thinking methodology of Talmud, and focuses on textual analysis, principles of logic, and game theory.  Mr. Lieberman also studied ancient Hebrew and Aramaic texts.

Mr. Lieberman was admitted to practice law in the State of California in 2011 and was admitted to practice law in the State of New York in 2014.  He is also admitted to practice in the United States District Courts for the Northern and Central Districts of California.

Mr. Lieberman served as counsel in the following selected class actions:

***In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation,*** Master No. 1:14-md-2513-RGS (D. Mass)(TCPA class action alleging that third party debt collector placed calls to collect debts to cellular telephone numbers without an agreement with the creditor for whom it sought to collect the debt).

***Lofton v. Verizon,*** No. 13-cv-05665 (N.D. Cal.) (class action alleging violations of the TCPA against third party debt collectors who employed predictive dialers and recorded calls without consent).

***Wang v. Bank of America,*** No. CGC 12-526452 (Sup. Ct. San Fran. Cty.) (class action which resulted in 12,225 persons throughout California receiving compensation as a result of a dispute over the proper interpretation of a bank deposit agreement).

***Holmes v. NCO, Inc.,*** No. 3:10-cv-2543 (S.D. Cal.) (Fair Debt Collection Practices Act class action which resulted in over 1,000 persons whose credit reports were impacted to receive nearly the entire amount of possible damages recoverable, even after trial).

***Guido v. L'Oréal U.S.A., Inc.,*** No. 11-CV-01067 (C.D. Cal.) (class action that resulted in class settlement that required L'Oréal USA to comply with the Federal Hazardous Substances Act and its corresponding regulations for classifying products as flammable pursuant to 16 C.F.R. 1500.3 for all Garnier Fructis Hair-Styling products in the Sleek & Shine product line).

***In Re Hulu Privacy Litigation,*** No. 3:11-CV-03764-LB (N.D. Cal.)(class action alleging violations of the federal Video Privacy Protection Act arising from company's unauthorized disclosure of consumers' video viewing information to third-party advertisers, metrics companies, and social networks)