# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No.  5:18-cv-06868-NC<br><br>**[Proposed]**<br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER**<br><br>**Courtroom:** 5<br>**Judge:** Nathanael Cousins<br>**Trial Set:** Not Yet<br>**Complaint Filed:** November 13, 2018 |

# INTRODUCTION

Pending is the Motion for Preliminary Approval of the Class Action Settlement (the "Motion") of Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger. For the reasons stated herein, the Court grants Plaintiffs' Motion, conditionally certifies the Settlement Classes for settlement purposes only, preliminarily approves the Class Action Settlement Agreement, and enters the schedule set forth below for notice to Settlement Class Members, objection and opt-out deadlines, and for a final approval hearing.

**WHEREAS**, on June 22, 2020, the parties filed a Class Action Settlement Agreement ("Settlement Agreement," or "Settlement," or "Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims against Bumble Trading Inc. and Bumble Holding Ltd. (collectively, "Bumble" or "Defendants"). The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable Edward A. Infante (Ret.);

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable, and adequate, and that a hearing should and will be held after Notice to the Settlement Classes to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

## I. THE SETTLEMENT CLASSES, CLASS REPRESENTATIVES, AND CLASS COUNSEL

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Classes described below.

2.   Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Classes are preliminarily certified. The Settlement Classes are defined as follows:

> The ARL Settlement Class consists of:
>
>> All persons who purchased, within California, during the Settlement Class Period, Bumble Boost and had their credit card, debit card, and/or a third-party payment account charged as part of Bumble's automatic renewal program or continuous service program.
>
> The DSL Settlement Class consists of:
>
>> All persons nationwide who purchased Bumble Boost during the Settlement Class Period.
>
> Excluded from the ARL Settlement Class and the DSL Settlement Class are (1) any Judge, or mediator presiding over this Action and members of their immediate families, (2) Bumble and Bumble's employees; (3) persons who properly and timely request exclusion from the Settlement Classes, (4) Class Counsel, and (5) the legal representatives, successors or assigns of any such excluded persons.

3.   Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiff Nick King, Jr. is hereby appointed as the Class Representative for the ARL Settlement Class and Deena Fischer and Elena Weinberger are hereby appointed as the Class Representatives for the DSL Settlement Class. The following are hereby appointed as Class Counsel for the Settlement Classes:

> David C. Parisi, Esq.
> Suzanne Havens Beckman, Esq.
> PARISI & HAVENS LLP
> 100 Pine Street, Suite 1250
> San Francisco, CA 94111
>
> Yitzchak Lieberman, Esq.
> Grace E. Parasmo, Esq.
> PARASMO LIEBERMAN LAW
> 7400 Hollywood Boulevard, #505
> Los Angeles, CA 90046

4.   The Court preliminarily finds that the proposed Settlement Classes meet all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Classes for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Settlement Agreement, that:

(a) <u>Numerosity</u>: The Settlement Classes satisfy the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b) <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Classes.

(c) <u>Typicality</u>: The claims of the Class Representatives are typical of the claims of the Settlement Classes they seek to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

(d) <u>Adequate Representation</u>: The Class Representatives' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Class Representatives will fairly and adequately represent the interests of the Settlement Classes. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Classes has been fully met.

(e) <u>Predominance of Common Issues</u>: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f) <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue

4

Order Granting Preliminary Approval of Class Action Settlement

by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6.   The Class Representative for the ARL Settlement Class is Nick King, Jr. and the Class Representatives for the DSL Settlement Class are Deena Fischer and Elena Weinberger. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Edward A. Infante (Ret.), the Court preliminarily finds that these designated Class Representatives are appropriate for settlement purposes. The Court finds that Nick King, Jr. is a member of the ARL Settlement Class and Deena Fischer and Elena Weinberger are members of the DSL Settlement Class.

7.   If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Classes shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## II.   THE SETTLEMENT FUND

8.   Bumble shall establish a Settlement Fund totaling twenty-two million, five hundred thousand dollars ($22,500,000.00), as per the terms of the Settlement Agreement. The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Classes. Bumble shall make deposits into the Settlement Fund in accordance with the following schedule:

a.   Within thirty (30) days of the entry of the Preliminary Approval Order, Bumble will disburse to the Settlement Administrator the Notice and Administrative Cost Estimate portion of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Notice, establish and maintain the Settlement Website, establish and maintain a toll-free telephone number for questions by Settlement Class Members, as well as any other initial administration costs to the Parties. To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before deposit money into the Settlement Fund, the Settlement Administrator will bill, and Bumble shall pay, such additional costs. For any additional costs of settlement administration that are paid

by Bumble, Bumble shall receive a credit against the amounts required to be paid into the Settlement Fund.

      b.     All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Bumble (via its counsel) and Class Counsel.

      c.     Upon the Effective Date, Bumble will disburse to the Settlement Administrator the remainder of the Settlement Fund necessary to make all payments in accordance with Sections 2.2, 2.3, 2.4, 2.5, 8.4 and 9.4 of the Settlement Agreement.

9. The Settlement Fund will constitute Bumble's exclusive payment obligation under the Settlement Agreement and will be used to satisfy: (a) Settlement Payments to Settlement Class Members, as prescribed by the Settlement Agreement; (b) any Fee and Expense Award ordered by the Court; (c) any Service Award to Nick King, Jr., Deena Fischer, and Elena Weinberger; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment(s) pursuant to the procedures described in sections 2.4 and 2.6 of the Settlement Agreement. No portion of the Settlement Fund will be returned to Bumble, except as provided in section 7.5 of the Settlement Agreement, Effect if Settlement Not Approved.

10. Any distribution of the Settlement Fund to the Settlement Class Members or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date.

11. If the Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

12. The Court has considered the proposed Exhibits A through F attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and

entities entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects, including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith. The costs of disseminating the Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

13. All costs of providing the Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or disseminating the Notice, shall be paid for out of the Settlement Fund, subject to the terms hereof. In the event that the Settlement Agreement is terminated pursuant to its terms, Bumble shall bear any costs of providing Notice already incurred.

14. The Court hereby approves the form, content and requirements of the Notices annexed to the Settlement Agreement as Exhibits A through F and the procedure for notice set forth under section 4 in the Settlement Agreement.

15. The Court hereby finds that compliance with the procedures in Section 4 of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to members of the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

16. The Court finds that it will be necessary for Bumble to provide the Settlement Administrator with contact information for members of the ARL Settlement Class and DSL Settlement Class so as to effectuate Notice and the Settlement and orders Bumble to do so.

## IV. **CONFIDENTIALITY**

17. Any information received by the Settlement Administrator in connection with the Settlement Classes that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the person requesting

exclusion), shall not be disclosed to any other person other than Class Counsel, Defendants' Counsel, and the Court, or as otherwise provided in the Settlement Agreement.

**V.     REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASSES**

18.     Settlement Class Members who wish to be excluded from Settlement Classes must timely submit a completed Opt-Out Form or other written request for exclusion from the Settlement. This Opt-Out Form, which will be available on the Settlement Website, may be completed electronically on the Settlement Website or timely sent by U.S. mail to the Settlement Administrator. If the Settlement Class Member chooses to request exclusion from the Settlement without an Opt-Out Form, such request must be timely sent by U.S. mail to the Settlement Administrator, request exclusion, providing their name, address, a signature, the name and number of the Action, and a clear and explicit statement that they wish to be excluded from the Settlement.  All requests for exclusion whether using the Opt-Out Form or not must be submitted to the Settlement Administrator or postmarked no later than sixty (60) days after the entry of the Notice Date (the "Objection and Exclusion Deadline").  If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted no later than 11:59 p.m. PST on or before the Objection and Exclusion Deadline.  If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written request to opt-out shall be the exclusive means used to determine whether a request to opt-out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt-out of the Settlement.  The Settlement Class Member must pay for Postage.

**VI.     OBJECTIONS TO THE SETTLEMENT CLASSES**

19.     Settlement Class Members who intend to be object to the Settlement Agreement and/or the request for a Fee and Expense Award, and/or Service Awards, must present the objection in writing only to the Court, which must be personally signed by the objector, and (a) clearly identify

the case name and number; (b) include the objector's full name, address, telephone number, and email address; and the email address and telephone number associated with the Bumble account through which the objector purchased Bumble Boost; (c) include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel); and (d) state whether it applies only to the Objector, to a specific subset of the Settlement Classes, or to the entire Settlement, and also state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the objection. Any comments or objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing, to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, or by filing them in person at any location of the United States District Court for the Northern District of California, and be filed or postmarked on or before the Objection and Exclusion Deadline. If a Settlement Class Member does not submit a timely written Objection, or if the Settlement Class Member does not request participation in the Final Fairness Hearing, the Settlement Class Member will not be able to participate in the Final Fairness Hearing. If submitted through the Settlement Website, objections must be submitted on this date by 11:59 p.m. PST. If submitted by U.S. mail, objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Class Action Clerk Settlement Administrator received a copy of the Objection. The Settlement Class Member must pay for Postage.

**VII.  APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

20.   The Court appoints JND Legal Administration as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Notice to the Settlement Classes as provided in Section 4 of the Settlement Agreement; (b) where applicable pursuant to the Settlement Agreement, obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail or email;

(c) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Notices, the Website Notices, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Settlement Class Members and the Parties; (g) directing the mailing and/or otherwise processing of payments to Settlement Class Members; (h) providing copies of any objections and/or requests for exclusion that are received to Defendants' and Class Counsel as they are received; (i) preparing and providing a declaration to Defendants' and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of the Settlement Agreement related to Notice and list each Settlement Class Member who timely and validly opted out of the Settlement; and (j) performing any other tasks reasonably required to effectuate the Settlement.

## VIII. FINAL APPROVAL HEARING AND SCHEDULE

21. A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court no earlier than one hundred fifty (150) days from the date of entry of the Preliminary Approval Order.

22. The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court for the following purposes:

   (a) to determine whether the applicable prerequisites for settlement of a class action under Fed. R. Civ. P. 23(a) and (b) are met;

   (b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

   (c) to determine whether any objections to the Settlement should be overruled;

   (d) to determine whether the fee Cost and Expense Award requested by Class Counsel and Service Awards to the Class Representatives should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e)     to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(f)     to rule upon such other matters as the Court may deem appropriate.

23.     Class Counsel shall respond to any objections to the Settlement no later than fourteen (14) days before the Final Approval Hearing.  Class Counsel shall file a Motion for Final Approval no later than fourteen days (14) before the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Classes.  After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

24.     No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve both Class Counsel and Defendants' Counsel a declaration stating that the Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

25.     On or before thirty-five (35) days prior to the Claim Deadline, Class Counsel shall file and serve: (i) a motion for Attorneys' Fees and Expenses; and (ii) any application for any Service Awards to the Class Representatives.  For clarity, the deadlines the parties shall adhere to are as follows:

Class Notice mailed and emailed by: _____, 2020 (the "Notice Date") (*within 60 days after entry of Preliminary Approval Order*)

Class Counsels' Fee and Expense Application by _____, 2020 (*at least 35 days prior to the Claims Deadline*)

Objection and Exclusion Deadline: _____, 2020 (60 *days after the Notice Date*)

Final Approval Submissions: _____, 2020 (*14 days prior to Final Approval Hearing*)

Final Approval Hearing: _____, 2020 (*at least 150 days after Preliminary Approval*)

26. Pending final determination of whether the Settlement should be approved, the Plaintiffs and/or Defendants shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action that asserts Released ARL Claims and/or Released DSL Claims against the Defendants or other Releasees.

## IX.   OTHER PROVISIONS

27. If the Settlement does not become effective, the order certifying the Settlement Classes and all preliminary and/or final findings or stipulations regarding certification of the Settlement Classes shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

28. The Court finds that Defendants have made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the operative Complaint.  Defendants have made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein will constitute an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  The Court further finds that the Settlement of the Action, the negotiation and execution of this Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

29. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED:_____

                               Nathanael Cousins
                               United States District Court Magistrate Judge