David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

*Attorneys for Plaintiffs Nick King Jr,*
*Deena Fischer and Elena Weinberger, individually*
*And on behalf of all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, ELENA WEINBERGER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE TRADING, INC. AND BUMBLE HOLDING LTD.,<br><br>Defendants. | No. 5:18-cv-06868-NC<br><br>Hon. Nathanael Cousins<br><br>**DECLARATION OF SUZANNE HAVENS BECKMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:      December 16, 2020<br>Time:     2:00 p.m.<br>Location: Courtroom 5 *via Zoom Video*<br>               280 South 1st St.<br>               San Jose, CA  95113 |

Havens Beckman Decl. ISO Final Approval                                     No. 5:18-cv-06868-NC

I, Suzanne Havens Beckman, declare as follows:

1. I am a partner in the law firm of Parisi & Havens LLP and am one of the attorneys in the firm responsible for the handling of this litigation. I am counsel of record for Plaintiffs Nick King, Jr., Deena Fischer, and Elena Weinberger. I am a member of the Bar of the State of California and licensed to practice before this Court. I make this declaration based upon my own personal knowledge. If called to testify, I could and would testify to the facts contained herein.

2. The Settlement was the result of difficult and extensive arm's-length negotiation that focused solely on achieving the optimum relief for the Settlement Classes. The Parties did not negotiate or reach any agreements on Class Counsel's attorney fees or costs, nor did the parties negotiate or reach an agreement on service awards to the Class Representatives.

3. I believe that the Settlement is fair, reasonable, and adequate, is in the best interests of the Settlement Class Members and will result in prompt financial benefit to participating Settlement Class Members along with robust injunctive relief. My belief that this settlement warrants approval is supported by my 20 plus years of experience litigating consumer class actions and the extensive discovery and investigation that we and our co-counsel conducted. As a result, we entered settlement negotiations fully informed of the strengths and weaknesses of Plaintiffs' claims. Accordingly, we are confident that we were in the best position to negotiate a favorable resolution on behalf of the Settlement Classes.

4. We gained a comprehensive and thorough understanding of the information necessary to evaluate the merits and defenses of the claims as well as the size and composition of the Settlement Classes through formal discovery and our own independent investigations. These sources included thousands of pages of documents and data produced by Bumble; thousands of pages of documents obtained through our investigation; and hundreds of pages of documents secured through third-party subpoenas.

5. Specifically, Plaintiffs obtained formal discovery from Bumble related not only to its Terms & Conditions and the Boost purchase and subscription flows, but also Bumble's internal complaint processes, the size of the proposed classes, Bumble's refund policies, the amounts paid by Settlement Class Members for Boost, and other information necessary to

identify the Settlement Class Members. Plaintiffs also obtained hundreds of pages of documents, including certain class data and internal refund policies, through subpoenas to third parties. We interviewed dozens of Bumble users and located and reviewed documents about Bumble's finances and corporate structure and other documents not produced in the litigation. This work was conducted well before the mediation and allowed our mediation briefing and discussions to include detailed and careful analysis of the expected motion for class certification, motion for summary judgment, and trial.

6. During, and prior to the claims process, I and my co-counsel spoke with a number of Settlement Class Members who asked about the claims process and the case. The reaction to the Settlement by the Settlement Class Members has been overwhelmingly positive, as reflected in our communications with them, the significant claims rate, and the low opt-out rate.

7. Further, no governmental agencies objected or raised any issue with the Settlement. That there was only one objection, by an individual who apparently believes that the case should be dismissed, and Bumble should pay nothing to Settlement Class Members, supports final approval. As explained in the Motion for Final Approval, this objection is inappropriately centered on Bumble's interests and is thus not relevant to the Court's duty to absent class members at final approval.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 2, 2020, at Orinda, California.

/s/Suzenne Havens Beckman
Suzanne Havens Beckman