**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No.  5:18-cv-06868-NC<br><br>**[Proposed] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Courtroom:** 5<br>**Judge:** Nathanael Cousins<br>**Trial Set:** Not Yet<br>**Complaint Filed:** November 13, 2018 |

1  WHEREAS, the Court has reviewed and considered the Class Action Settlement Agreement
2  (the "Settlement Agreement") entered into by and among plaintiffs Nick King, Jr., Deena Fischer,
3  and Elena Weinberger ("Plaintiffs") and defendants Bumble Trading Inc. and Bumble Holding Ltd.
4  ("Bumble" or "Defendants"), together will all exhibits thereto (Dkt. No. 108-1, Ex. 1), the record in
5  this consolidated putative class action, and the submissions of counsel;

6  This matter coming before the Court upon Plaintiffs' Motion for Final Approval of Class
7  Action Settlement, and GOOD CAUSE being shown, IT IS HEREBY ORDERED, DECREED,
8  AND ADJUDGED AS FOLLOWS:

9  1.  Capitalized terms not defined herein shall have the meanings set forth in the
10  Settlement Agreement.

11  2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and has
12  personal jurisdiction over the Parties and all members of the "Settlement Classes" (defined below).
13  Venue is proper in this District.

14  3.  The "Settlement Classes" for purposes of this Order (and as set forth in the
15  Settlement Agreement, §§ 1.5, 1.19 and 1.49) shall mean the ARL Settlement Class and the DSL
16  Settlement Class.

17  4.  The ARL Settlement Class means "all persons who purchased, within California,
18  during the Settlement Class Period, Bumble Boost and had their credit card, debit card, and/or a
19  third-party payment account charged as part of Bumble's automatic renewal program or continuous
20  service program."

21  5.  The DSL Settlement Class means "all persons nationwide who purchased Bumble
22  Boost during the Settlement Class Period."

23  6.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies, for
24  settlement purposes only, the Settlement Classes, which it provisionally certified in connection with
25  the settlement approval process (Dkt. No. 115). With respect to the Settlement Classes – and for
26  purposes of approving this Settlement Agreement only – the Court finds and concludes that: (a) the
27  Settlement Classes are so numerous that joinder of all members is impracticable; (b) there are
28  questions of law and fact common to the Settlement Classes; (c) the Class Representatives' claims

1  are typical of the claims of Settlement Class Members; (d) the Class Representatives and Class
2  Counsel have adequately represented (and will continue to adequately represent) and protect the
3  interests of the Settlement Classes and are free of conflicts of interest with Settlement Class
4  Members; (e) common questions of law and fact in this Action predominate over any questions
5  affecting individual Settlement Class Members; and (f) class-wide treatment of the disputes and
6  issues raised in this Action is superior to other available methods for adjudicating the controversies
7  before the Court.

8      7.    The Court finds that the notice provisions set forth under the Class Action Fairness
9  Act, 28 U.S.C. § 1715, were satisfied in this Action.

10      8.    The forms of notice to the Settlement Classes and the methods of dissemination to
11  Settlement Class Members (i.e., the "Notice Plan") fully and accurately informed Settlement Class
12  Members of all material elements of the proposed Settlement and of their opportunity to submit
13  Claims, object thereto, or exclude themselves from the Settlement Classes. The Court further finds
14  that the Notice Plan constituted the best notice practicable under the circumstances and was valid,
15  due, and sufficient notice to all Settlement Class Members. The Notice Plan complied fully with the
16  laws of the State of California, the Federal Rules of Civil Procedure, the U.S. Constitution, due
17  process, and other applicable laws.

18      9.    A full opportunity has been afforded to Settlement Class Members to participate in
19  the settlement approval process and hearing, and all Settlement Class Members and other persons
20  wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class
21  Members – except those who properly requested to be excluded from the Settlement Agreement
22  (attached as Exhibit A to the accompanying Judgment) – are bound by this Order and the Judgment.

23      10.    The Court has reviewed the Settlement Agreement and expressly finds it to be fair,
24  adequate, and reasonable when balanced against the possible outcome of further litigation relating
25  to class certification, liability, and damages under the framework set forth in Rule 23(e)(2) and the
26  factors discussed in *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) and other
27  relevant precedent. The Court further finds that extensive investigation, formal discovery, motion
28  practice, and research have been conducted such that counsel for all Parties were able to reasonably

evaluate their respective positions. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

11. The Court finds that the Settlement Agreement – reached with the assistance of a well-respected mediator – is the result of informed, serious, and non-collusive, arm's-length negotiations.

12. The Court is further satisfied that the Settlement Agreement exhibits none of the "subtle signs of collusion" cautioned by the Ninth Circuit under *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), such as: (i) "when counsel receive a disproportionate distribution of the settlement," (ii) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds," and (iii) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." 654 F.3d at 947. The fees awarded to Class Counsel set forth in the Court's separate Order Granting Plaintiffs' Motion for (1) Award of Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Service Awards are reasonable and proportionate in relation to the relief obtained by the Settlement Class Members. Further, the Settlement Agreement does not include any "clear sailing" provision whereby Bumble agreed not to challenge Class Counsel's fee request up to a specified amount, and Class Counsel did not seek fees separate and apart from class funds. Finally, any amounts sought by Class Counsel not awarded by the Court were to be redistributed to class members and/or *cy pres* recipient, rather than reverting to Bumble.

13. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval to the Settlement Agreement and finds it fair, reasonable, adequate, and in the best interest of the Settlement Classes. Accordingly, the Court hereby directs that the settlement be effected in accordance with the terms of the Settlement Agreement.

14. The terms of the Settlement Agreement and of this Order shall be forever binding on all members of the ARL Settlement Class (except those listed on Exhibit A to the Judgment who have opted out). The members of the ARL Settlement Class have released and forever discharged

the Releasees, including Bumble, from the Released ARL Claims, as that term is defined in the Settlement Agreement, § 1.40.

15. The terms of the Settlement Agreement and of this Order shall be forever binding on all members of the DSL Settlement Class (except those listed on Exhibit A to the Judgment who have opted out). The members of the DSL Settlement Class have released and forever discharged the Releasees, including Bumble, from the Released DSL Claims, as that term is defined in the Settlement Agreement, § 1.41.

16. The Settlement Agreement is not an admission by Bumble or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Bumble or any other released party. Neither this Order, the Settlement Agreement, nor any action take to carry out the Settlement may be construed as an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Bumble or any other released party.

17. Except as set forth in the separate Order with respect to Plaintiffs' Motion for (1) Award of Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Service Awards, each Party shall bear its own costs and fees.

18. The Parties and Settlement Administrator are hereby directed to implement this Order and the Settlement Agreement in accordance with the terms and provisions thereof, including the processing and payment of Claims.

19. Without affecting the finality of this Order in any way, the Court hereby retains continuing jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED, DECREED, AND ADJUDGED.

DATED:_____

Nathanael Cousins
United States District Court Magistrate Judge