COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
MAX A. BERNSTEIN (305722) (mbernstein@cooley.com)
KELSEY R. SPECTOR (321488) (kspector@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendants
Bumble Trading Inc. and Bumble Holding Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No. 5:18-cv-06868-NC<br><br>**DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING LTD.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL SUPPLEMENTAL DECLARATION OF JENNIFER M. KEOUGH REGARDING NOTICE AND CLAIMS ADMINISTRATION**<br><br>**LOCAL RULES 7-11 AND 79-5**<br><br>Date: December 16, 2020<br>Time: 2:00 PM<br><br>Complaint Filed: November 13, 2018<br>Hon. Nathanael M. Cousins |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)

Pursuant to Civil Local Rules 7-11 and 79-5(e), Defendants Bumble Trading Inc. and Bumble Holding LLC (collectively, "Bumble") file this Response to Plaintiffs' Administrative Motion ("Bumble's Response") to redact certain, very limited portions of the Supplemental Declaration of Jennifer M. Keough Regarding Notice and Claims Administration ("Supplemental Keough Declaration") and Exhibit A thereto ("Exhibit A").

As set forth below and in the accompanying Declaration of Tariq Shaukat ("Shaukat Declaration" or "Shaukat Decl."), the Supplemental Keough Declaration and Exhibit A contain highly sensitive, non-public, confidential, and proprietary information that Bumble designated Highly Confidential pursuant to the Protective Order in this case, *see* ECF No. 68, and that this Court has previously sealed, *see* ECF No. 114. Accordingly, Bumble hereby requests that the Court enter an order sealing this information.

Pursuant to Rule 79-5(d)(1)(A), Bumble's Administration Motion is supported by the Shaukat Declaration, filed herewith. In accordance with Rule 79-5(d)(1)(B), Bumble has also filed herewith a Proposed Order that is "narrowly tailored to seal only the sealable material" and "lists in table format" the sealing and redactions sought.

## I.   LEGAL STANDARD

It is well-settled that the public's "general right to inspect and copy public records and documents" is "not absolute" and must "bow[] before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). A party may seek to avoid disclosure of confidential, proprietary, or otherwise protected documents by moving to file those documents under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted). This court has applied the compelling reasons standard when considering motions to seal filed in connection with motions for final approval of a class action settlement. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)

02617-LHK, 2018 WL 3092256, at *2 (N.D. Cal. Mar. 16, 2018) (motion for final approval "is 'more than tangentially related to the underlying causes of action'" (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099)); *see also Harvey v. Morgan Stanley Smith Barney LLC*, No. 18-cv-02835-WHO, 2020 WL 1031801, at *23 (N.D. Cal. Mar. 3, 2020) (similar).

Under the compelling reasons standard, documents can be sealed if they contain "business information that might harm a litigant's competitive standing." *See In re Anthem, Inc. Data Breach. Litig.*, 2018 WL 3092256, at *2 (quoting *Nixon*, 435 U.S. at 598); *see also id.* (finding compelling reasons existed to seal "funding levels" as disclosure of this information "could allow Anthem's competitors to have an advantage over Anthem"); *Network Appliance Inc. v. Sun MicroSystems, Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons to seal "in light of the confidential nature of the information" and "the competitive harm" that would likely result "if the confidential information were disclosed").

The portions of the documents described below and in the Shaukat Declaration contain sensitive business information relating to the number of Bumble's users who purchase Boost subscriptions, the public disclosure of which would harm Bumble's competitive position in the marketplace. *See* Shaukat Decl. ¶¶ 3-7. As such, compelling reasons exists to seal this information. *See Keirsey v. eBay, Inc*, No. 12-cv-01200-JST, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (considering motion to seal in connection with preliminary approval and finding "compelling reasons" to seal "the specific numbers of users and the amounts of optional fees they paid"); *City of Birmingham Relief & Retirement Sys. v. Hastings*, No. 18-cv-0207-BLF, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019) (compelling reasons existed to seal figures reflecting Netflix's streaming revenues); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (finding compelling reasons to seal document containing "sales data"); *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB (DAB), 2014 WL 690410, at *3-4 (S.D. Cal. Feb. 21, 2014) (compelling reasons existed to seal "nationwide, regional, and segmented sales data").

## II. SEALING OF DOCUMENTS CONTAINING BUMBLE'S CONFIDENTIAL INFORMATION

As described in the Shaukat Declaration, Bumble has proposed narrowly tailored and extremely limited redactions (portions of only seventeen lines from the nine-page Supplemental

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)

Keough Declaration and limited information from two pages of Exhibit A), and asks this Court to seal only those portions of those documents that contain Bumble's confidential, commercial information, the disclosure of which would cause Bumble competitive harm. The Court has already sealed identical or substantially similar information in connection with Plaintiffs' Motion for Preliminary Approval, *see* ECF No. 114, and the Court should accordingly grant Bumble's Response here.

The Court should seal the portions of the Supplemental Keough Declaration and Exhibit A described in the Shaukat Declaration because those documents contain confidential information, the public disclosure of which would cause Bumble significant competitive harm. *See Oracle USA, Inc. v. SAP AG*, No. 07-cv-1658 PJH (EDL), 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 13, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice . . .") (citation omitted). As detailed in the Shaukat Declaration, the Supplemental Keough Declaration and Exhibit A (ECF No. 125-4) contain highly sensitive, confidential, non-public information regarding Bumble's user base and revenues. *See* Shaukat Decl. ¶¶ 3-7. The public disclosure of this information could harm Bumble because it would provide competitors with insight into, among other things, specific data about the willingness of Bumble's users to purchase a paid subscription and Bumble's ability to monetize its product. *See id.* ¶¶ 3-7. Bumble's competitors could use this information to unfairly compete with Bumble by, for example, using this information "to determine whether it would be profitable to provide similar features to its own consumers, essentially using [Bumble's] own business investments and experience for its own benefit." *Keirsey*, 2013 WL 5609318, at *3; *see also* Shaukat Decl. ¶¶ 3-7. Indeed, a competitor could use information regarding Bumble's nationwide sales and the number of users willing to purchase a paid subscription to determine whether it could expect sufficient returns to cover its sunk and fixed costs and whether it could undercut Bumble's pricing. *See* Shaukat Decl. ¶¶ 3-7.

The fact that this information was submitted in connection with a motion for final approval of a class action settlement does not cause the public interest to outweigh Bumble's interest in the confidentiality of this information. As Bumble explained in its papers seeking to seal documents filed

Cooley LLP
Attorneys At Law
San Francisco

4.

Defendants' Response to
Plaintiffs' Motion to Seal
(Case No. 5:18-cv-06868-NC)

in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, *see* ECF No. 111, this weighting would not change even at the preliminary approval stage when class members are assessing the fairness of the settlement. *Cf., e.g.*, *Keirsey*, 2013 WL 5609318, at *3; *Johnson*, 2016 WL 4472993, at *2 (granting request to seal sensitive commercial information "that, if made public, could harm Defendant's business interests" in connection with a "motion for preliminary approval of a class action settlement"). Bumble is settling this case without admitting any liability, and there is no reason that Bumble should be forced to have its highly sensitive and competitive business information accessible to the general public. Because Bumble's previous and current requests are narrowly tailored to seek to seal only those very small portions of the Supplemental Keough Declaration and Exhibit A that contain sensitive commercial information, *see* Shaukat Decl. ¶¶ 5, 7, settlement class members are still able to understand the substance of Plaintiffs' arguments as it relates to the risk of continued litigation, the value achieved by the settlement agreement, and their expected individual recovery. The only thing that would be hidden from public disclosure is information relating to the size of Bumble's paying user base and Bumble's Boost sales. Moreover, to accommodate class members' interest in this information, Bumble previously noted that should a settlement class member request access to the sealed information, the parties could provide that information upon request and pursuant to a protective order, as opposed to having the Court deny Bumble's sealing request. Bumble is not aware of any such requests that were made, suggesting that the sealing requests Bumble has made have not affected any class members ability to judge the fairness of the settlement. And in any event, any interest in the sealed information would not outweigh the harm that would be caused to Bumble if the aforementioned information was revealed to the general public. *See Keirsey*, 2013 WL 5609318, at *3. Accordingly, this information should be sealed.

### III. CONCLUSION

For all the reasons set forth herein and in the Shaukat Declaration, Bumble respectfully requests that the Court grant Bumble's Response and seal designated portions of the Supplemental Keough Declaration and Exhibit A (ECF No. 125-4), the public disclosure of which would cause significant competitive harm to Bumble.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)

| | |
|---|---|
| Dated: December 14, 2020 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>KYLE C. WONG (224021)<br>MAX A. BERNSTEIN (305722)<br>KELSEY R. SPECTOR (321488)<br><br>/s/ *Kyle C. Wong*<br>Kyle C. Wong (224021)<br><br>Attorneys for Defendants<br>Bumble Trading, Inc. and Bumble Holding Ltd. |

239685206

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)