COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
MAX A. BERNSTEIN (305722) (mbernstein@cooley.com)
KELSEY R. SPECTOR (321488) (kspector@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendants
Bumble Trading Inc. and Bumble Holding Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, and ELENA WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING INC., and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No.  5:18-cv-06868-NC<br><br>**DECLARATION OF TARIQ SHAUKAT IN SUPPORT OF DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING LTD.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL SUPPLEMENTAL DECLARATION OF JENNIFER M. KEOUGH REGARDING NOTICE AND CLAIMS ADMINISTRATION**<br><br>Date:      December 16, 2020<br>Time:      2:00 PM<br>Courtroom:  5<br><br>Complaint Filed: November 13, 2018<br>Hon. Nathanael M. Cousins |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DECL. OF TARIQ SHAUKAT
ISO MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)

I, Tariq Shaukat, declare:

1. I am the President of Bumble Trading Inc. (with Bumble Holding Ltd., "Bumble"), where I oversee core strategy, international growth, marketing initiatives, and business operations. I have direct knowledge regarding Bumble's revenues, Boost sales, and monetization strategies sufficient to identify what information could cause competitive harm to Bumble should it be disclosed publicly. I submit this declaration in support of Bumble's Response to Plaintiffs' Administrative Motion to File Under Seal Pursuant to Local Rules 7-11 and 79-5(e), filed on December 14, 2020 ("Bumble's Response"), in connection with the Supplemental Declaration of Jennifer M. Keough Regarding Notice and Claims Administration ("Supplemental Keough Declaration").

2. Bumble's success is due in large part to its ability to monetize its product. The revenues from Boost sales are a critical component of that strategy. Bumble faces significant competition from other companies in the social networking space. Bumble accordingly strives to keep information relating to its revenues, sales, and user base confidential.

3. The information referenced in the Supplemental Keough Declaration and Exhibit A thereto ("Exhibit A") that Bumble seeks to seal contain valuable and sensitive business information related to, among other things, specific data about the size of Bumble's paying user base and the willingness of Bumble's users to purchase a paid subscription. Simply put, Bumble's competitors would love to have insight on these numbers. For example, competitors could piggyback off the confidential business information contained in the aforementioned documents to determine whether it would be profitable for them to offer similar features to their users. Moreover, a competitor could use information regarding Bumble's nationwide sales and revenues and the number of users willing to purchase a paid subscription to determine whether it could expect sufficient returns to cover its sunk and fixed costs and whether it could undercut Bumble's pricing. Accordingly, public disclosure of the identified information concerning Bumble's paying user base, Boost sales, and associated revenues would cause Bumble significant competitive injury, as competitors could use this information to gain an unfair advantage against Bumble. Bumble therefore requests that the following information be sealed in the Supplemental Keough Declaration and Exhibit A.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DECL. OF TARIQ SHAUKAT
ISO MOTION TO SEAL
(CASE NO. 5:18-CV-06868-NC)

**Supplemental Declaration of Jennifer M. Keough Regarding Notice and Claims Administration**

4. The Supplemental Keough Declaration contains highly sensitive, confidential commercial information related to the number of Bumble's paying users. Bumble and its affiliates go to great lengths to secure this information, and the public disclosure of this information could cause competitive harm to Bumble for the reasons described above. To summarize, public disclosure of this information would provide competitors with insight that they could use to unfairly compete with Bumble by, for example, unfairly learning from Bumble's investments and attempting to undercut Bumble's pricing. Information in this document is Highly Confidential and subject to the Protective Order.

5. Bumble has proposed narrow and tailored redactions at pages 3:4, 3:8, 3:13, 3:22, 4:1, 4:8, 4:9, 4:10, 4:23, 5:4, 5:5, 5:6, 6:1, 6:2, 6:3, 8:21, and 8:22. Specifically, pages 3:4, 3:8, 3:13, and 3:22 explicitly reveal the number of paying Bumble users in the United States. Similarly, pages 4:1, 4:8, 4:9, 4:10, 4:23, 5:4, 5:5, 5:6, 6:1, 6:2, 6:3, 8:21, and 8:22 reveal information that a reader could use to calculate the number of paying users in the United States and in California. These redactions are accordingly appropriate to protect Bumble's non-public, confidential, proprietary business information, the public disclosure of which could cause significant harm to Bumble.

**Exhibit A to the Supplemental Declaration of Jennifer M. Keough Regarding Notice and Claims Administration**

6. Exhibit A to the Supplemental Keough Declaration contains highly sensitive, confidential commercial information related to the number of Bumble's paying users across the United States and in each state, as well as the comparative size of each state's market. Bumble and its affiliates go to great lengths to secure this information, and the public disclosure of this information could cause competitive harm to Bumble for the reasons described above. To summarize, public disclosure of this information would provide competitors with insight that they could use to unfairly compete with Bumble by, for example, unfairly learning from Bumble's investments and attempting to undercut

Cooley LLP
Attorneys At Law
San Francisco

3.

Decl. of Tariq Shaukat
iso Motion to Seal
(Case No. 5:18-cv-06868-NC)

Bumble's pricing in particular markets. Information in this document is Highly Confidential and subject to the Protective Order.

7. Bumble has proposed narrow and tailored redactions to the last two pages of Exhibit A (ECF No. 125-4 at pp. 17-18), which include estimated numbers of paying Bumble users in each state and the estimated percentage of Boost subscribers in each state compared to the broader United States Boost subscriber-base. These redactions are accordingly appropriate to protect Bumble's non-public, confidential, proprietary business information, the public disclosure of which could cause significant harm to Bumble.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 11, 2020 in Austin, Texas.

/s/ *Tariq Shaukat*
Tariq Shaukat

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Kyle C. Wong, attest that permission to file this document has been obtained from the signatory. Executed on December 14, 2020, in San Francisco, California.

/s/ *Kyle C. Wong*
Kyle C. Wong

239681385

Cooley LLP
Attorneys At Law
San Francisco

4.

Decl. of Tariq Shaukat
iso Motion to Seal
(Case No. 5:18-cv-06868-NC)