COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
MAX A. BERNSTEIN (305722) (mbernstein@cooley.com)
KELSEY R. SPECTOR (321488) (kspector@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendants
Bumble Trading, Inc. and Bumble Holding Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICK KING, JR., DEENA FISCHER, ELENA WEINBERGER, and BRIAN WESS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE TRADING, INC. and BUMBLE HOLDING LTD.,<br><br>Defendants. | Case No. 5:18-cv-06868-NC<br><br>**DEFENDANTS BUMBLE TRADING INC. AND BUMBLE HOLDING LTD.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 136)** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

DEFS' RESPONSE TO PLFS' MOTION TO CONSIDER
SEALING ANOTHER PARTY'S MATERIAL
(CASE NO. 5:18-CV-06868-NC)

Pursuant to Civil Local Rules 7-11 and 79-5(e), Defendants Bumble Trading Inc. and Bumble Holding LLC (collectively, "Bumble") file this Response to Plaintiffs' Administrative Motion ("Bumble's Response") to redact certain, limited portions of the Post Distribution Accounting filed by Plaintiffs in this case on February 24, 2023. *See* ECF Nos. 136 & 136-3.

As set forth below and in the accompanying Declaration of Tariq Shaukat ("Shaukat Declaration" or "Shaukat Decl."), the Post Distribution Accounting contains highly sensitive, non-public, confidential, and proprietary information that Bumble designated Highly Confidential pursuant to the Protective Order in this case, *see* ECF No. 68, and that this Court has previously sealed, *see* ECF Nos. 114, 128, & 129. Accordingly, Bumble hereby requests that the Court enter an order sealing this information.

Pursuant to Rule 79-5(f)(3), Bumble's Response is supported by the Shaukat Declaration, filed herewith.

## I.   LEGAL STANDARD

It is well-settled that the public's "general right to inspect and copy public records and documents" is "not absolute" and must "bow[] before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). A party may seek to avoid disclosure of confidential, proprietary, or otherwise protected documents by moving to file those documents under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal: a "compelling reasons" test for dispositive motions and a "good cause" test for motions "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016) (citations omitted). This court has applied the compelling reasons standard when considering motions to seal filed in connection with motions for final approval of a class action settlement. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3092256, at *2 (N.D. Cal. Mar. 16, 2018) (motion for final approval "is 'more than tangentially related to the underlying causes of action'" (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099)).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFS' RESPONSE TO PLFS' MOTION TO CONSIDER
SEALING ANOTHER PARTY'S MATERIAL
(CASE NO. 5:18-CV-06868-NC)

Under the compelling reasons standard, documents can be sealed if they contain "business information that might harm a litigant's competitive standing." *See In re Anthem, Inc. Data Breach. Litig.*, 2018 WL 3092256, at *2 (quoting *Nixon*, 435 U.S. at 598); *see also id.* (finding compelling reasons existed to seal "funding levels" as disclosure of this information "could allow Anthem's competitors to have an advantage over Anthem"); *Network Appliance Inc. v. Sun MicroSystems, Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons to seal "in light of the confidential nature of the information" and "the competitive harm" that would likely result "if the confidential information were disclosed").

The portions of the documents described below and in the Shaukat Declaration contain sensitive business information relating to the number of Bumble's users who purchase Boost subscriptions, the public disclosure of which would harm Bumble's competitive position in the marketplace. *See* Shaukat Decl. ¶¶ 3-4. As such, compelling reasons exists to seal this information. *See Keirsey v. eBay, Inc*, No. 12-cv-01200-JST, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (considering motion to seal in connection with preliminary approval and finding "compelling reasons" to seal "the specific numbers of users and the amounts of optional fees they paid"); *City of Birmingham Relief & Retirement Sys. v. Hastings*, No. 18-cv-0207-BLF, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019) (compelling reasons existed to seal figures reflecting Netflix's streaming revenues); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (finding compelling reasons to seal document containing "sales data"); *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB (DAB), 2014 WL 690410, at *3-4 (S.D. Cal. Feb. 21, 2014) (compelling reasons existed to seal "nationwide, regional, and segmented sales data").

## II. SEALING OF DOCUMENTS CONTAINING BUMBLE'S CONFIDENTIAL INFORMATION

As described in the Shaukat Declaration, Bumble has proposed narrowly tailored and extremely limited redactions (portions of only twelve lines) and asks this Court to seal only those portions of those documents that contain Bumble's confidential, commercial information, the disclosure of which would cause Bumble competitive harm. The Court has already sealed identical or substantially similar information in connection with Plaintiffs' Motions for Preliminary and Final

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFS' RESPONSE TO PLFS' MOTION TO CONSIDER
SEALING ANOTHER PARTY'S MATERIAL
(CASE NO. 5:18-CV-06868-NC)

1  Approval, *see* ECF Nos. 114, 128, & 129, and the Court should accordingly grant Bumble's Response
2  here.
3        The Court should seal the portions of the Post Distribution Accounting identified in the
4  Shaukat Declaration because that document contains confidential information, the public disclosure
5  of which would cause Bumble significant competitive harm.  *See Oracle USA, Inc. v. SAP AG*, No.
6  07-cv-1658 PJH (EDL), 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 13, 2009) (granting
7  motion to seal where moving party "considered and treated the information contained in the subject
8  documents as confidential, commercially sensitive and proprietary" and where "public disclosure of
9  such information would create a risk of significant competitive injury and particularized harm and
10 prejudice . . .") (citation omitted).  As detailed in the Shaukat Declaration, the Post Distribution
11 Account (ECF No. 136-3) contains highly sensitive, confidential, non-public information regarding
12 Bumble's user base and associated revenues.  *See* Shaukat Decl. ¶¶ 3-4.  The public disclosure of this
13 information could harm Bumble because it would provide competitors with insight into, among other
14 things, specific data about the willingness of Bumble's users to purchase a paid subscription and
15 Bumble's ability to monetize its product.  *See id.* ¶¶ 3-4.  Bumble's competitors could use this
16 information to unfairly compete with Bumble by, for example, using this information "to determine
17 whether it would be profitable to provide similar features to its own consumers, essentially using
18 [Bumble's] own business investments and experience for its own benefit."  *Keirsey*, 2013 WL
19 5609318, at *3; *see also* Shaukat Decl. ¶¶ 3-4.  Indeed, a competitor could use information regarding
20 Bumble's nationwide sales and the number of users willing to purchase a paid subscription to
21 determine whether it could expect sufficient returns to cover its sunk and fixed costs and whether it
22 could undercut Bumble's pricing.  *See* Shaukat Decl. ¶¶ 3-4.
23       The fact that this information was submitted in connection with a motion for final approval of
24 a class action settlement does not cause the public interest to outweigh Bumble's interest in the
25 confidentiality of this information.  As Bumble explained in its papers seeking to seal documents filed
26 in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, *see* ECF
27 No. 111, this weighting would not change even at the preliminary approval stage when class members
28 are assessing the fairness of the settlement.  *Cf., e.g.*, *Keirsey*, 2013 WL 5609318, at *3; *Johnson*, 2016

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFS' RESPONSE TO PLFS' MOTION TO CONSIDER
SEALING ANOTHER PARTY'S MATERIAL
(CASE NO. 5:18-CV-06868-NC)

WL 4472993, at *2 (granting request to seal sensitive commercial information "that, if made public, could harm Defendant's business interests" in connection with a "motion for preliminary approval of a class action settlement"). Bumble is settling this case without admitting any liability, and there is no reason that Bumble should be forced to have its highly sensitive and competitive business information accessible to the general public. Because Bumble's previous and current requests are narrowly tailored to seek to seal only those very small portions of the Post Distribution Accounting, *see* Shaukat Decl. ¶ 4, settlement class members and the public are still able to understand final distributions to settlement class members and the value achieved by the settlement agreement. The only thing that would be hidden from public disclosure is information relating to the size of Bumble's paying user base. In any event, any interest in the sealed information would not outweigh the harm that would be caused to Bumble if the aforementioned information was revealed to the general public. *See Keirsey*, 2013 WL 5609318, at *3. Accordingly, this information should be sealed.

### III.  CONCLUSION

For all the reasons set forth herein and in the Shaukat Declaration, Bumble respectfully requests that the Court grant Bumble's Response and seal designated portions of the Post Distribution Accounting (ECF No. 136-3), the public disclosure of which would cause significant competitive harm to Bumble.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFS' RESPONSE TO PLFS' MOTION TO CONSIDER
SEALING ANOTHER PARTY'S MATERIAL
(CASE NO. 5:18-CV-06868-NC)

| | |
|---|---|
| Dated: March 3, 2023 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>KYLE C. WONG (224021)<br>MAX A. BERNSTEIN (305722)<br>KELSEY R. SPECTOR (321488)<br><br>/s/ *Kyle C. Wong*<br>Kyle C. Wong<br><br>Attorneys for Defendants<br>Bumble Trading, Inc. and Bumble Holding Ltd. |

282376723